IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLHA BUDYLINA, MARINA SNOPOVA, and DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, | Case No.: 1:16-cv-03373 |
| Plaintiffs, | Honorable Manish S. Shah |
| v. | |
| FRONTIER AIRLINES | |
| Defendant. | |

**FRONTIER AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED COMPLAINT**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), erroneously named as Frontier Airlines, by and through its undersigned counsel, respectfully requests that (1) all claims of non-economic damages alleged by Plaintiffs be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, (2) Counts Two, Three and Four be dismissed for being duplicative of Count One, and (3) Counts Six, Seven and Eight be dismissed for being duplicative of Count Five. In support of its motion, Frontier states as follows:

**I.     INTRODUCTION**

On January 21, 2016, Plaintiffs traveled from Chicago, Illinois to Punta Cana, Dominican Republic for vacation. (*See* Complaint at ¶ 192, attached as Ex. A)  *Id.* Plaintiffs' return flight, Frontier flight 81, was scheduled to depart Punta Cana on January 28, 2016 at 3:50 p.m. (hereinafter "Frontier flight 81"). *Id.* at ¶ 195. The return flight, however, was delayed due to mechanical issues. *Id.* at ¶ 202. According to the Complaint, Plaintiffs ultimately arrived in

1

Chicago approximately six hours later than originally scheduled. *Id.* at ¶ 199. Plaintiffs bring individual and class action claims against Frontier pursuant to Article 19 of the Montreal Convention related to the alleged delay of Frontier flight 81. Plaintiffs seek damages for out-of-pocket expenses and lost wages in the amount of $650. *Id.* at ¶¶ 210, 211. Plaintiffs also seek non-economic damages for, among other things, inconvenience, discomfort, exhaustion, anxiety, frustration, uncertainty, spoliation of their memorable trip and loss of time. *Id.* at ¶¶ 73, 120, 125, 129, 207, 212, 214.

Frontier seeks dismissal of Plaintiffs' claims for non-economic damages, because such damages are not recoverable under Article 19 of the Montreal Convention. Frontier also seeks dismissal of Counts Two, Three, Four, Six, Seven and Eight, because those counts are duplicative of Counts One (class action claim) and Five (individual claim).

## II. LEGAL STANDARD

**A.     Failure to State a Claim upon Which Relief May Be Granted**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. FOP*, 570 F.3d 811, 820 (7th Cir. 2009). A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim. *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012). In order to survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544, 570 (2007). The "general rule that the court must accept as true all allegations in the complaint 'is inapplicable to legal conclusions'" such that "conclusory recitals of the elements of a claim, including legal conclusions couched as factual allegations, 'do not suffice.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint is dismissed for failure to state a claim upon which

2

relief can be granted, leave to amend may be denied if the amendment would be futile. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991).

**B.     Duplicative Claims**

It is well-settled that duplicative counts in a complaint may be properly dismissed. *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010). A "count may be dismissed as duplicative of another where the parties, claims, facts and requested relief are substantially the same." *Lansing v. Carroll*, 2012 U.S. Dist. LEXIS 144250, at *2-5 (N.D. Ill. 2012). The relevant inquiry is not whether the allegations are the same, but whether the claims are based on the same operative facts and the same injury. *FDIC v. Chi. Title Ins. Co.,* 2013 U.S. Dist. LEXIS 29816, *4 (N.D. Ill. 2013).

## III.     ARGUMENT

**A.     Non-Economic Damages Not Recoverable under Montreal Convention**

The Montreal Convention, signed in 1999 and entered into force in November 2003, is an international treaty governing airline liability for the "international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, Art. 1(1); *see Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780-81 (7th Cir. 2008). Like its predecessor, the Warsaw Convention, the Montreal Convention's purpose is to promote uniformity in the laws governing airline liability. *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 169 (1999)[1]. The Convention allows for three avenues of recovery: (1) death or bodily injury suffered by a passenger or the destruction, loss of or damage to her baggage (Article 17); (2) loss or destruction of cargo sustained during carriage by air (Article 18); and (3)

---

[1] Although the Montreal Convention replaced the Warsaw Convention, courts interpreting the Montreal Convention rely on cases interpreting similar provisions of the Warsaw Convention." *Onwuteaka v. Northwest Airlines, Inc*., 2007 U.S. Dist. LEXIS 34273, *3 (S.D. Tex. 2007).

3

delay in the carriage of passengers, baggage or cargo (Article 19). Relevant to this matter is Article 19, which provides that "[t]he carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, Art. 19.

While the Montreal Convention is silent on the issue of non-economic damages, federal courts have held that inconvenience damages and purely emotional distress damages are not recoverable under the Convention. *Ratnaswamy v. Air Afrique*, 1998 U.S. Dist. LEXIS 2683, *19 (N.D. Ill. 1998); *Hansen v. Delta Airlines*, 2004 U.S. Dist. LEXIS 4150, *7 (N.D. Ill. 2004) (explaining that purely mental injuries, unaccompanied by physical injuries, are not compensable under the Convention.); *Rubin v. Air China Ltd.*, 2011 U.S. Dist. LEXIS 65618, *9 (N.D. Cal. 2011) (finding that purely emotional injuries under Article 19 are not available under Montreal); *Lee v. Am. Airlines, Inc.*, 355 F.3d 386, 387 (5th Cir. 2004) (holding that plaintiff's claims of inconvenience and mental anguish resulting from the delay of her flight were not compensable under Article 19); *Vumbaca v. Terminal One Grp. Ass'n L.P.*, 859 F.Supp.2d 343, 367-68 (E.D. N.Y. 2012) (stating that "[m]ere inconvenience does not support a claim under Article 19. Since plaintiff's only timely claims are for non-economic harms, she cannot recover under Article 19."); *Fields v. BWIA Intern. Airways Ltd.*, 2000 U.S. Dist. LEXIS 9397, *19 (E.D. N.Y. 2000) (Damages for emotional injuries are not available under Article 19); *Bassam v. Am. Airlines*, 287 Fed. Appx. 309, 316, n. 8, 317-18 (5th Cir. 2008) (emotional distress damages cannot be recovered under Article 19); *Sobol v. Cont'l Airlines*, 2006 U.S. Dist. LEXIS 71096, *15 (S.D.N.Y. 2006) (Article 19 only applies to "economic loss occasioned by delay in transportation.").

In *Rubin,* for example, the plaintiff alleged that he experienced pain and suffering due to a delay of his flight from Beijing to San Francisco. *Rubin*, 2011 U.S. Dist. LEXIS 65618, *2.

4

Similar to our facts, Rubin claimed that he suffered discomfort, inconvenience and other non-economic injuries as a result of languishing in the airport. *Id*. at *5. The *Rubin* court held that "to the extent that Plaintiff seeks to recover for 'pain and suffering' independent of any physical injuries or illness, such damages are not recoverable." *Id.* at *8. Specifically, the court held that "[p]laintiff [could not] recover for being 'trapped' in the Beijing airport, as damages for pain and suffering or other purely emotional injuries are not cognizable under Article 19." *Id*. at *13.

The court further explained that in order to recover for inconvenience damages, such damages must truly encompass economic damages, and cannot simply be based upon "discomfort, annoyance, and irritation." *Id*. at *14 (internal citations omitted). If a plaintiff has not alleged any damages arising from inconvenience associated with a delay that have an economic component separate from and not redundant to other claimed economic injuries, the plaintiff cannot recover for such alleged inconvenience. *See Id*.; *see also Lee*, 355 F.3d at 387 (holding that plaintiff's claims of inconvenience and mental anguish resulting from the delay of her flight were not compensable under Article 19); *Vumbaca,* 859 F.Supp.2d at 367-68 (stating that mere inconvenience does not support a claim under Article 19.).

Here, Plaintiffs allege that the delay of their flight caused them, among other non-economic damages, inconvenience, anxiety, physical discomfort, exhaustion, frustration, uncertainty, "spoliation of their memorable vacations" and "loss of time." (Complaint at ¶¶ 73, 120, 125, 129, 207, 212, 214) None of these alleged injuries, however, constitute economic injuries. Rather, all of these allegations pertain to non-economic damages, which are not recoverable under Article 19. *Rubin*, 2011 U.S. Dist. LEXIS 65618, *9; *Vumbaca*, 859 F.Supp.2d at 367-68. Accordingly, Plaintiffs' claims seeking damages for non-economic

5

injuries, including "inconvenience," should be dismissed with prejudice for failing to state a claim upon which relief can be granted.

**B.     Duplicative Claims**

In Count One of the Complaint, Plaintiffs bring a class action claim against Frontier seeking damages under Article 19 of the Montreal Convention related to the delay of Frontier flight 81. Ex. A at ¶¶ 106-133. Counts Two, Three and Four are also class action claims against Frontier seeking damages pursuant to Article 19 of the Montreal Convention related to a delay of Frontier flight 81. *Id.* at ¶¶ 134-190.  The only difference between the four counts is the description. Specifically, Plaintiffs entitle Count One and Three as Article 19 claims and Count Two and Four as Breach of Contract claims. In reality, however, all four class action counts pertain to the same parties and facts, and each seeks relief pursuant to Article 19. As such, Counts Two, Three and Four are duplicative of Count One and should be dismissed. *Lansing*, 2012 U.S. Dist. LEXIS 144250, at *2-5 (A "count may be dismissed as duplicative of another where the parties, claims, facts and requested relief are substantially the same.") (internal citations omitted).

In regard to Plaintiffs' individual claims in Counts Five, Six, Seven and Eight, Plaintiffs seek damages from Frontier pursuant to Article 19 of the Montreal Convention related to the delay of Frontier flight 81 *Id.* at ¶¶ 134-190.  All four counts pertain to the same parties, facts and relief requested. Accordingly, Counts Six, Seven and Eight are duplicative and should be dismissed. *Lansing*, 2012 U.S. Dist. LEXIS 144250, at *2-5.

## IV. CONCLUSION

For the foregoing reasons, claims of inconvenience damages, emotional distress damages and other non-economic damages should be dismissed along with Counts Two, Three, Four, Six, Seven and Eight.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing with prejudice all non-economic injury claims, as well as Counts Two Three, Four, Six, Seven and Eight, and for such further relief as this Court deems just and reasonable.

Dated: May 13, 2016                                    Respectfully submitted,

/s/ Matthew S. Dowling

Brian T. Maye
Matthew S. Dowling
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
mdowling@amm-law.com
bmaye@amm-law.com

Attorneys for Frontier Airlines, Inc.

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on May 13, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Matthew S. Dowling