**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VOLHA BUDYLINA, MARINA SNOPOVA, and DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, | ) ) ) ) ) | Case No.: 1:16-cv-03373 |
| Plaintiffs, | ) ) | Honorable Manish S. Shah |
| v. | ) ) | |
| FRONTIER AIRLINES | ) ) | |
| Defendant. | ) | |

_____

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED COMPLAINT AT LAW

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, ADLER MURPHY & McQUILLEN LLP, answers Plaintiffs' Fourth Amended Complaint at Law ("Complaint") as follows[1]:

### I.    NATURE OF THIS ACTION

1.    The allegations set forth in Paragraph 1 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 1 is deemed required, Frontier admits that this civil action falls under the jurisdiction of the Montreal Convention for the Unification of Certain Rules Relating to International  Transportation by Air, May  28, 1999 (entered into force on Nov. 4, 2003) ("Montreal Convention"), which is

---

[1] Frontier filed contemporaneously with this answer a motion to dismiss Plaintiffs' alleged inconvenience damages, purely emotional damages and other non-economic damages, which are not recoverable under the Montreal Convention. Frontier responds to all allegations in Plaintiffs' Complaint pertaining to inconvenience damages, purely emotional injuries, purely physical injuries and other non-economic damages through its Motion to Dismiss. Frontier's motion also seeks dismissal of Counts Two, Three, Four, Six, Seven and Eight for being duplicative of other counts.

Plaintiffs' sole remedy at law for their alleged damages subject to all terms, conditions, limitations, paragraphs, and the subject case law interpreting it.

2.    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint and therefore denies them.

3.    Frontier admits that the United States and the Dominican Republic are signatories to the Montreal Convention.

4.    The allegations set forth in Paragraph 4 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 4 is deemed required, Frontier denies the allegations set forth in Paragraph 4.

5.    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and therefore denies them.

6.    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and therefore denies them.

7.    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Complaint and therefore denies them.

8.    Frontier denies that the departure area of the Punta Cana Airport was operated by Frontier. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of Plaintiffs' Complaint and therefore denies them.

9.    The allegations set forth in Paragraph 9 of Plaintiffs' Complaint constitute

conclusions of law to which no response is required. To the extent that a response to Paragraph 9 is deemed required, Frontier denies the allegations set forth in Paragraph 9.

10. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint and therefore denies them.

11. Frontier denies the allegations set forth in Paragraph 11.

12. Frontier denies the allegations set forth in Paragraph 12.

13. Frontier denies the allegations set forth in Paragraph 13.

14. Frontier denies the allegations set forth in Paragraph 14.

15. Frontier denies the allegations set forth in Paragraph 15.

16. Frontier denies the allegations set forth in Paragraph 16.

17. Frontier denies the allegations set forth in Paragraph 17.

18. Frontier denies the allegations set forth in Paragraph 18.

19. Frontier denies the allegations set forth in Paragraph 19.

20. The allegations set forth in Paragraph 20 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Frontier denies that any delay alleged in Paragraph 20 was not caused by extraordinary circumstances. Frontier admits that it took all measures that could reasonably be required to avoid the alleged delay and/or that it was impossible for it to take such measures. Frontier denies the remaining allegations in Paragraph 20.

21. Frontier denies the allegations set forth in Paragraph 21.

22. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and therefore denies

them.

23.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and therefore denies them.

24.     Frontier denies the allegations set forth in Paragraph 24.

25.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and therefore denies them.

## II.      JURISDICTION AND VENUE

26.     Frontier realleges and incorporates its responses to Paragraphs 1 through 25 of Plaintiffs' Complaint as though fully set forth herein.

27.     The allegations set forth in Paragraph 27 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 27 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and therefore denies them.

29.     The allegations set forth in Paragraph 29 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 29 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiffs' Complaint and therefore denies them[2].

30.     The allegations set forth in Paragraph 30 of Plaintiffs' Complaint constitute

---

[2] Plaintiffs failed to include a paragraph identified as no. 28. Frontier's answers reflect that there is no paragraph no. 28 to which to respond.

conclusions of law to which no response is required. To the extent that a response to Paragraph 30 is deemed required, Frontier denies that Plaintiffs are entitled to relief under Article 19 of the Montreal Convention or any other theory of liability.

31. The allegations set forth in Paragraph 31 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 31 is deemed required, Frontier admits that the United States is a signatory to the Montreal Convention.

32. The allegations set forth in Paragraph 32 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 32 is deemed required, Frontier admits that the Dominican Republic is a signatory to the Montreal Convention.

33. The allegations set forth in Paragraph 33 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 33 is deemed required, Frontier denies the allegations set forth in Paragraph 33.

34. The allegations set forth in Paragraph 34 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 34 is deemed required, Frontier admits that this Court has jurisdiction under the Montreal Convention, but denies this Court has jurisdiction under the Warsaw Convention. Further, Frontier denies that the doctrine of supplemental jurisdiction is applicable.

35. Frontier denies the allegations set forth in Paragraph 35 of Plaintiffs' Complaint.

36. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiffs' Complaint and therefore denies them.

37.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiffs' Complaint and therefore denies them.

38.     Frontier admits that it conducts business within the state of Illinois.

39.     Frontier admits that it conducts business within the jurisdiction of the United States District Court for the Northern District of Illinois.

40.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiffs' Complaint and therefore denies them.

41.     Frontier denies the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42.     The allegations set forth in Paragraph 42 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 42 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiffs' Complaint and therefore denies them.

43.     The allegations set forth in Paragraph 43 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 43 is deemed required, Frontier denies the allegations set forth in Paragraph 43, including its subparagraphs.

44.     The allegations set forth in Paragraph 44 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 44 is deemed required, Frontier denies the allegations set forth in Paragraph 44, including its subparagraphs.

45.     The allegations set forth in Paragraph 45 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.   To the extent that a response to Paragraph 45 is deemed required, Frontier admits that it conducts business within the state of Illinois and that the Court possesses personal jurisdiction over Frontier. Frontier denies the remaining allegations in Paragraph 45.

46.     The allegations set forth in Paragraph 46 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.   To the extent that a response to Paragraph 46 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiffs' Complaint and therefore denies them.

### III.   PARTIES:

47.     Frontier realleges and incorporates its responses to Paragraphs 1 through 46 of Plaintiffs' Complaint, as though fully set forth herein.

48.     Frontier realleges and incorporates its responses to Plaintiffs' jurisdictional allegations, as though fully set forth herein.

49.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 49 of Plaintiffs' Complaint and therefore denies them.

50.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 50 of Plaintiffs' Complaint and therefore denies them.

51.     Frontier admits that it is a commercial air carrier with its principal place of business located in Denver, Colorado.

52.     The allegations set forth in Paragraph 52 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.   To the extent that a response to

Paragraph 52 is deemed required, Frontier admits that this Court has subject matter jurisdiction related to this action. Frontier denies any remaining allegations in paragraph 52.

53. The allegations set forth in Paragraph 53 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 53 is deemed required, Frontier admits that this Court has subject matter jurisdiction related to this action.

54. The allegations set forth in Paragraph 54 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 54 is deemed required, Frontier admits that it conducts business within the jurisdiction of the United States District Court for the Northern District of Illinois.

55. The allegations set forth in Paragraph 55 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 55 is deemed required, Frontier denies the allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56. The allegations set forth in Paragraph 56 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 56 is deemed required, Frontier denies the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

### IV. STATEMENT OF CLAIM AND PLAINTIFF'S (*sic*) FACTUAL ALLEGATIONSAS TO (*sic*) RELEVANT TO INDIVIDUAL AND CLASS ACTION CLAIMS

57. Frontier realleges and incorporates its responses to Paragraphs 1 through 56 of Plaintiffs' Complaint as though fully set forth herein.

58. Frontier denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59.     Frontier denies the allegations set forth in Paragraph 59 of Plaintiffs' Complaint.

60.     Frontier denies the allegations set forth in Paragraph 60 of Plaintiffs' Complaint.

61.     Frontier denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62.     Frontier denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63.     Frontier denies the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

64.     Frontier denies the allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

65.     Frontier denies the allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

66.     Frontier denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

67.     Frontier denies the allegations set forth in Paragraph 67 of Plaintiffs' Complaint.

68.     Frontier admits that Plaintiffs arrived in Chicago later than their scheduled arrival time.  Frontier denies the remaining allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

69.     Frontier denies the allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

70.     Frontier denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

71.     Frontier denies the allegations set forth in Paragraph 71 of Plaintiffs' Complaint.

72.     Frontier denies the allegations set forth in Paragraph 72 of Plaintiffs' Complaint.

73.     Frontier denies the allegations set forth in Paragraph 73 of Plaintiffs' Complaint.

74.     Frontier denies the allegations set forth in Paragraph 74 of Plaintiffs' Complaint.

75.     Frontier denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

76.     Frontier denies the allegations set forth in Paragraph 76 of Plaintiffs' Complaint.

77.     Frontier denies the allegations set forth in Paragraph 77 of Plaintiffs' Complaint.

78.     Frontier denies the allegations set forth in Paragraph 78 of Plaintiffs' Complaint.

79.     The allegations set forth in Paragraph 79 of Plaintiffs' Complaint constitute

conclusions of law to which no response is required. To the extent that a response to Paragraph 79 is deemed required, Frontier denies such allegations.

## V. CLASS ACTION ALLEGATIONS

80. Frontier realleges and incorporates its responses to Paragraphs 1 through 79 of Plaintiffs' Complaint as though fully set forth herein.

81. Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

82. Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

83. Frontier denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint.

84. Plaintiffs do not make accusations of law or fact in Paragraph 84 requiring a response from Frontier. To the extent that a response to Paragraph 84 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

85. Plaintiffs do not make accusations of law or fact in Paragraph 85 requiring a response from Frontier. To the extent that a response to Paragraph 85 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

86. Plaintiffs do not make accusations of law or fact in Paragraph 86 requiring a response from Frontier. To the extent that a response to Paragraph 86 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

87. Frontier denies the allegations set forth in Paragraph 87 of Plaintiffs' Complaint.

88.     Frontier denies the allegations set forth in Paragraph 88 of Plaintiffs' Complaint.

89.     Frontier denies the allegations set forth in Paragraph 89 of Plaintiffs' Complaint.

90.     Frontier denies the allegations set forth in Paragraph 90 of Plaintiffs' Complaint.

91.     Frontier denies the allegations set forth in Paragraph 91 of Plaintiffs' Complaint.

92.     Frontier denies the allegations set forth in Paragraph 92 of Plaintiffs' Complaint.

93.     Frontier denies the allegations set forth in Paragraph 93 of Plaintiffs' Complaint, including its sub-paragraphs.

94.     Frontier denies the allegations set forth in Paragraph 94 of Plaintiffs' Complaint.

95.     Frontier denies the allegations set forth in Paragraph 95 of Plaintiffs' Complaint.

96.     Frontier denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint.

97.     Frontier denies the allegations set forth in Paragraph 97 of Plaintiffs' Complaint.

98.     Frontier denies the allegations set forth in Paragraph 98 of Plaintiffs' Complaint.

99.     Frontier denies the allegations set forth in Paragraph 99 of Plaintiffs' Complaint.

100.    Frontier denies the allegations set forth in Paragraph 100 of Plaintiffs' Complaint.

101.    Frontier denies the allegations set forth in Paragraph 101 of Plaintiffs' Complaint.

102.    Frontier denies the allegations set forth in Paragraph 102 of Plaintiffs' Complaint.

103.    Frontier denies the allegations set forth in Paragraph 103 of Plaintiffs' Complaint[3].

104.    Frontier denies the allegations set forth in Paragraph 104 of Plaintiffs' Complaint.

105.    Frontier denies the allegations set forth in Paragraph 105 of Plaintiffs' Complaint.

---

[3] Plaintiffs' allegations in Paragraph 103 refer to United Airlines rather than Frontier. Frontier responds to Paragraph 103 as if the allegations refer to Frontier.

## VI.  CLASS CLAIMS

## CLASS ACTION COUNT ONE

Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19 of the Montreal Convention

106.    Frontier realleges and incorporates its responses to Paragraphs 1 through 105 of Plaintiffs' Complaint, as though fully set forth herein.

107.    Frontier denies the allegations set forth in Paragraph 107 of Plaintiffs' Complaint.

108.    Frontier denies the allegations set forth in Paragraph 108 of Plaintiffs' Complaint.

109.    Frontier admits the allegations set forth in Paragraph 109 of Plaintiffs' Complaint.

110.    Frontier admits the allegations set forth in Paragraph 110 of Plaintiffs' Complaint.

111.    Frontier denies the allegations set forth in Paragraph 111 of Plaintiffs' Complaint.

112.    Frontier denies the allegations set forth in Paragraph 112 of Plaintiffs' Complaint.

113.    Frontier admits that Plaintiffs were allowed to exit the plane. Frontier denies the remaining allegations set forth in Paragraph 113 of Plaintiffs' Complaint.

114.    Frontier denies the allegations set forth in Paragraph 114 of Plaintiffs' Complaint[4].

115.    Frontier admits the allegations set forth in Paragraph 115 of Plaintiffs' Complaint.

116.    Frontier denies the allegations set forth in Paragraph 116 of Plaintiffs' Complaint.

117.    Frontier denies the allegations set forth in Paragraph 117 of Plaintiffs' Complaint.

118.    Frontier denies the allegations set forth in Paragraph 118 of Plaintiffs' Complaint.

119.    Frontier denies the allegations set forth in Paragraph 119 of Plaintiffs' Complaint.

120.    Frontier denies the allegations set forth in Paragraph 120 of Plaintiffs' Complaint.

---

[4] Plaintiffs' allegations in Paragraph 114 refer to flight 41 rather than flight 81. Frontier responds to Paragraph 114 as if the allegations refer to flight 81.

121.    Frontier denies the allegations set forth in Paragraph 121 of Plaintiffs' Complaint.

122.    Frontier denies the allegations set forth in Paragraph 122 of Plaintiffs' Complaint.

123.    Frontier denies the allegations set forth in Paragraph 123 of Plaintiffs' Complaint.

124.    Frontier denies the allegations set forth in Paragraph 124 of Plaintiffs' Complaint.

125.    Frontier denies the allegations set forth in Paragraph 125 of Plaintiffs' Complaint.

126.    Frontier denies the allegations set forth in Paragraph 126 of Plaintiffs' Complaint.

127.    Frontier admits that the Montreal Convention is incorporated into its Contract of Carriage.  Frontier further admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages subject to all its terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 127 of Plaintiffs' Complaint.

128.    Frontier admits that the Montreal Convention is incorporated into its Contract of Carriage.  Frontier further admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages subject to all its terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 128 of Plaintiffs' Complaint.

129.    Frontier denies the allegations set forth in Paragraph 129 of Plaintiffs' Complaint.

130.    Frontier denies the allegations set forth in Paragraph 130 of Plaintiffs' Complaint.

131.    Frontier denies the allegations set forth in Paragraph 131 of Plaintiffs' Complaint.

132.    Frontier denies the allegations set forth in Paragraph 132 of Plaintiffs' Complaint.

133.    Frontier denies the allegations set forth in Paragraph 133 of Plaintiffs' Complaint.

## CLASS ACTION COUNT TWO

<u>Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty</u>

Frontier responds to Class Action Count Two through its motion to dismiss, which was filed contemporaneously herewith.

## CLASS ACTION COUNT THREE

<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Art. 19 of the Montreal Convention</u>

Frontier responds to Class Action Count Three through its motion to dismiss, which was filed contemporaneously herewith.

## CLASS ACTION COUNT FOUR

<u>Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty</u>

Frontier responds to Class Action Count Four through its motion to dismiss, which was filed contemporaneously herewith.

## VIII. <u>INDIVIDUAL CLAIMS</u> (*Sic*)

## COUNT FIVE

<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19 of the Montreal Convention</u>

191 (134).    Frontier realleges and incorporates its responses to Paragraphs 1 through 133 of Plaintiffs' Complaint, as well as its answers to Paragraphs 134-190 in the form of its motion to dismiss, as though fully set forth herein[5].

191 (135).    Frontier denies the allegations set forth in Paragraph 135 of Plaintiffs' Complaint.

---

[5] Frontier only answers Paragraphs 134 through 190 to the extent they are realleged and incorporated in Count V. For all other purposes, Frontier answers Paragraphs 134 through 190 in Counts Two through Four through its motion to dismiss filed contemporaneously herewith.

191 (136).    Frontier denies the allegations set forth in Paragraph 136 of Plaintiffs' Complaint.

191 (137).    Frontier denies the allegations set forth in Paragraph 137 of Plaintiffs' Complaint.

191 (138).    Frontier denies the allegations set forth in Paragraph 138 of Plaintiffs' Complaint.

191 (139).    Frontier denies the allegations set forth in Paragraph 139 of Plaintiffs' Complaint.

191 (140).    Frontier denies the allegations set forth in Paragraph 140 of Plaintiffs' Complaint.

191 (141).    Frontier denies the allegations set forth in Paragraph 141 of Plaintiffs' Complaint.

191 (142).    Frontier denies the allegations set forth in Paragraph 142 of Plaintiffs' Complaint.

191 (143).    Frontier denies the allegations set forth in Paragraph 143 of Plaintiffs' Complaint.

191 (144).    Frontier denies the allegations set forth in Paragraph 144 of Plaintiffs' Complaint.

191 (145).    Frontier denies the allegations set forth in Paragraph 145 of Plaintiffs' Complaint.

191 (146).    Frontier denies the allegations set forth in Paragraph 146 of Plaintiffs' Complaint.

191 (147).    Frontier denies the allegations set forth in Paragraph 147 of Plaintiffs'

Complaint.

191 (148).    Frontier denies the allegations set forth in Paragraph 148 of Plaintiffs' Complaint.

191 (149).    Frontier realleges and incorporates its responses to Paragraphs 1 through 148 of Plaintiffs' Complaint, as though fully set forth herein.

191 (150).    Frontier denies the allegations set forth in Paragraph 150 of Plaintiffs' Complaint.

191 (151).    Frontier denies the allegations set forth in Paragraph 151 of Plaintiffs' Complaint.

191 (152).    Frontier admits that the United States and the Dominican Republic are signatories to the Montreal Convention.

191 (153).    Frontier denies that Plaintiffs filed any attachments to the Complaint.

191 (154).    Frontier admits the allegations set forth in Paragraph 154 of Plaintiffs' Complaint.

191 (155).    Frontier admits the allegations set forth in Paragraph 155 of Plaintiffs' Complaint.

191 (155). (*sic*). Frontier admits that flight 81 was delayed on its departure. Frontier denies any remaining allegations in Paragraph 155.

191 (156).    Frontier denies the allegations set forth in Paragraph 156 of Plaintiffs' Complaint.

191 (157).    Frontier denies the allegations set forth in Paragraph 157 of Plaintiffs' Complaint.

191 (158).    Frontier denies the allegations set forth in Paragraph 158 of Plaintiffs'
Complaint.

191 (159).    Frontier admits that flight 81 arrived in Chicago later than originally
scheduled. Frontier denies any remaining allegations in Paragraph 159.

191 (160).    Frontier denies the allegations set forth in Paragraph 160 of Plaintiffs'
Complaint.

191 (161).    The allegations set forth in Paragraph 161 of Plaintiffs' Complaint
constitute conclusions of law to which no response is required. To the extent that a response is
deemed required, Frontier denies that the delay alleged in Paragraph 161 was not caused by
extraordinary circumstances. Frontier admits that it took all measures that could reasonably be
required to avoid the alleged delay and/or that it was impossible for it to take such measures.
Frontier denies the remaining allegations in Paragraph 161.

191 (162).    Frontier denies the allegations set forth in Paragraph 162 of Plaintiffs'
Complaint.

191 (163).    Frontier denies the allegations set forth in Paragraph 163 of Plaintiffs'
Complaint.

191 (164).    Frontier denies the allegations set forth in Paragraph 164 of Plaintiffs'
Complaint.

191 (165).    Frontier denies the allegations set forth in Paragraph 165 of Plaintiffs'
Complaint.

191 (166).    Frontier denies the allegations set forth in Paragraph 166 of Plaintiffs'
Complaint.

191 (167).     Frontier denies the allegations set forth in Paragraph 167 of Plaintiffs' Complaint.

191 (168).     Frontier denies the allegations set forth in Paragraph 168 of Plaintiffs' Complaint.

191 (169).     Frontier denies the allegations set forth in Paragraph 169 of Plaintiffs' Complaint.

191 (170).     Frontier denies the allegations set forth in Paragraph 170 of Plaintiffs' Complaint.

191 (171).     Frontier denies the allegations set forth in Paragraph 171 of Plaintiffs' Complaint.

191 (172).     Frontier denies the allegations set forth in Paragraph 172 of Plaintiffs' Complaint.

191 (173).     Frontier denies the allegations set forth in Paragraph 173 of Plaintiffs' Complaint.

191 (174).     Frontier denies the allegations set forth in Paragraph 174 of Plaintiffs' Complaint.

191 (175).     Frontier denies the allegations set forth in Paragraph 175 of Plaintiffs' Complaint.

191 (176).     Frontier realleges and incorporates its responses to Paragraphs 1 through 175 of Plaintiffs' Complaint, as though fully set forth herein.

191 (177).     Frontier denies the allegations set forth in Paragraph 177 of Plaintiffs' Complaint.

191 (178).     Frontier denies the allegations set forth in Paragraph 178 of Plaintiffs'

Complaint.

191 (179).    Frontier denies the allegations set forth in Paragraph 179 of Plaintiffs' Complaint.

191 (180).    Frontier denies the allegations set forth in Paragraph 180 of Plaintiffs' Complaint.

191 (181).    Frontier denies the allegations set forth in Paragraph 181 of Plaintiffs' Complaint.

191 (182).    Frontier denies the allegations set forth in Paragraph 182 of Plaintiffs' Complaint.

191 (183).    Frontier denies the allegations set forth in Paragraph 183 of Plaintiffs' Complaint.

191 (184).    Frontier denies the allegations set forth in Paragraph 184 of Plaintiffs' Complaint.

191 (185).    Frontier denies the allegations set forth in Paragraph 185 of Plaintiffs' Complaint.

191 (186).    Frontier denies the allegations set forth in Paragraph 186 of Plaintiffs' Complaint.

191 (187).    Frontier denies the allegations set forth in Paragraph 187 of Plaintiffs' Complaint.

191 (188).    Frontier denies the allegations set forth in Paragraph 188 of Plaintiffs' Complaint.

191 (189).    Frontier denies the allegations set forth in Paragraph 189 of Plaintiffs' Complaint.

191 (190).    Frontier denies the allegations set forth in Paragraph 190 of Plaintiffs' Complaint.

192.    Frontier denies the allegations set forth in Paragraph 192 of Plaintiffs' Complaint.

193.    Frontier denies the allegations set forth in Paragraph 193 of Plaintiffs' Complaint.

194.    Frontier admits that Plaintiffs were scheduled to depart Punta Cana, Dominican Republic and arrive in Chicago, Illinois on January 28, 2016 on a flight operated by Frontier. Frontier denies the remaining allegations set forth in Paragraph 194 of Plaintiffs' Complaint.

195.    Frontier admits that on January 28, 2016, Frontier flight 81 was scheduled to depart Punta Cana at 3:50 p.m. and arrive in Chicago at 9:36 p.m. Frontier denies the remaining allegations set forth in Paragraph 195 of Plaintiffs' Complaint.

196.    Frontier admits that on January 28, 2016, Frontier flight 81 was delayed on its departure from Punta Cana. Frontier denies the remaining allegations set forth in Paragraph 196 of Plaintiffs' Complaint.

197.    Frontier denies the allegations set forth in Paragraph 197 of Plaintiffs' Complaint.

198.    Frontier denies the allegations set forth in Paragraph 198 of Plaintiffs' Complaint.

199.    Frontier admits that on January 28, 2016, Frontier flight 81 was delayed on its departure from Punta Cana. Frontier denies the remaining allegations set forth in Paragraph 199 of Plaintiffs' Complaint.

200.    Frontier admits the allegations set forth in Paragraph 200 of Plaintiffs' Complaint.

201.    Frontier denies the allegations set forth in Paragraph 201 of Plaintiffs' Complaint.

202.    Frontier denies the allegations set forth in Paragraph 202 of Plaintiffs' Complaint.

203.    Frontier denies the allegations set forth in Paragraph 203 of Plaintiffs' Complaint.

204.    Frontier denies the allegations set forth in Paragraph 204 of Plaintiffs' Complaint.

205.    Frontier denies the allegations set forth in Paragraph 205 of Plaintiffs' Complaint.

206.    Frontier denies the allegations set forth in Paragraph 206 of Plaintiffs' Complaint.

207.    Frontier denies the allegations set forth in Paragraph 207 of Plaintiffs' Complaint.

208.    Frontier denies the allegations set forth in Paragraph 208 of Plaintiffs' Complaint.

209.    Frontier denies the allegations set forth in Paragraph 209 of Plaintiffs' Complaint.

210.    Frontier denies the allegations set forth in Paragraph 210 of Plaintiffs' Complaint.

211.    Frontier denies the allegations set forth in Paragraph 211 of Plaintiffs' Complaint.

212.    Frontier denies the allegations set forth in Paragraph 212 of Plaintiffs' Complaint.

213.    Frontier denies the allegations set forth in Paragraph 213 of Plaintiffs' Complaint.

214.    Frontier denies the allegations set forth in Paragraph 214 of Plaintiffs' Complaint.

215.    Frontier denies the allegations set forth in Paragraph 215 of Plaintiffs' Complaint.

216.    Frontier denies the allegations set forth in Paragraph 216 of Plaintiffs' Complaint.

217.    Frontier denies the allegations set forth in Paragraph 217 of Plaintiffs' Complaint.

218.    Frontier denies the allegations set forth in Paragraph 218 of Plaintiffs' Complaint.

**COUNT SIX**

Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed
Contractual Duty

Frontier responds to Count Six through its motion to dismiss, which was filed contemporaneously herewith.

**COUNT SEVEN**

Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed
Contractual Duty to Compensate for Damages Caused by Delayed Departure of International
Airfare

Frontier responds to Count Seven through its motion to dismiss, which was filed contemporaneously herewith.

## COUNT EIGHT

<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19 of the Montreal Convention</u>

Frontier responds to Count Eight through its motion to dismiss, which was filed contemporaneously herewith.

## XX. INDIVIDUAL CLAIMS RELEIF (*Sic*)

A.      Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

B.      Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

C.      Frontier denies that Plaintiffs are due attorney's fees, or any other damages, pursuant to Federal Rule of Civil Procedure 54(d)(2), Article 22(4) of the Hague Protocol, or Article 22(6) of the Montreal Convention as alleged in Paragraph C of Plaintiffs' Complaint.

D.      Frontier denies that Plaintiffs are due attorney's fees, disbursements, or any other damages pursuant to Federal Rule of Civil Procedure 54(d)(2).

E.      Frontier denies that Plaintiffs are due attorney's fees or any other damages.

F.      Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

## XXI. CLASS ACTION RELEIF (*Sic*)

G.      Frontier realleges and incorporates its responses to Paragraphs 1 through 218 and A-F of Plaintiffs' Complaint as though fully set forth herein. For purposes of responding to Paragraph G only, Frontier denies the realleged and incorporated allegations in Paragraphs 219 through 268.

H.      Frontier denies that Plaintiffs have alleged or proven the existence of a cognizable class required for certifying a class action.  Frontier further denies that Plaintiffs are proper class

representatives for any perceived, purported or putative class. In that there is no cognizable class of Plaintiffs, Frontier denies any notice of this action to any perceived, purported or putative class is warranted.

I.      Frontier denies any judgment is warranted against it and prays this case be dismissed on the merits with prejudice denying Plaintiffs' claims for relief.

J.      Frontier denies that Plaintiffs are entitled to any compensation, interest, costs, and/or attorney's fees as alleged in Paragraph J of Plaintiffs' Complaint.

K.      Frontier denies that Plaintiffs are due compensation for any other damages sought as alleged in Paragraph K of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs fail to state a claim for which relief can be granted.

2.      Any and all damages sustained by the Plaintiffs, if any, were the result of an intervening and/or superseding cause or a new or unanticipated event which were a proximate and/or producing cause and/or the sole proximate cause of Plaintiffs' alleged damages, and, therefore, no act or omission on the part of Frontier was the proximate cause of the alleged damages.

3.      The alleged delay in air travel was unexpected and unavoidable.

4.      Frontier took all measures that could reasonably be required to avoid the alleged damage and/or that it was impossible for it to take such measures.

5.      Plaintiffs failed to mitigate their damages.

6.      Plaintiffs' damages, if any, were caused by third parties not presently parties to this action over whom Frontier had no control.

7. Plaintiffs' damages, if any, lack a causal relationship with any action or inaction of Frontier's.

8. Plaintiffs' damages, if any, were the result of unrelated, pre-existing, or subsequent conditions unrelated to Frontier's conduct.

9. Any and all state or federal claims are preempted by the Montreal Convention.

10. To the extent that any of Plaintiffs' claims may not fall under the purview of the Montreal Convention, they may be preempted by the Airline Deregulation Act.

11. Plaintiffs have failed to state a cognizable class required to certify this case as a class action as the purported class is not so numerous that joinder would be impracticable, questions of fact and/or law are not common among the purported class members, the claims of the proposed representative are not typical of the class, and the representative parties will not fairly and adequately represent the interests of the purported class.

12. Purported class members may have waived their ability to recover damages, if any were due.

13. The prosecution of separate causes of action by any purported class members would not create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or inconsistent or varying adjudications with respect to individual members of the class which would be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest.

14. Any questions of law or fact common to the purported class members do not predominate over any questions affecting only individual members.

15. A class action adjudication is not superior to other available methods for the fair and efficient adjudication of the alleged controversy.

16. Plaintiffs' claims may be barred in whole or in part by *res judicata*, collateral estoppel, laches, and/or waiver.

17. An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source as a result of the alleged delay.

18. Some or all of Plaintiffs' claims and available damages may be barred by virtue of prior settlements with respect to Plaintiffs.

19. Some or all of Plaintiffs' claims may be barred in whole or in part because they may have already received full satisfaction and/or compensation for the injuries and damages, if any, and their claims may be barred by Plaintiffs' prior release of claims and/or accord and satisfaction.

20. Frontier reserves the right to add additional or amend these Affirmative Defense which arise during the course of litigation and/or discovery in this matter.

WHEREFORE, Frontier Airlines, Inc. demands judgment dismissing Plaintiffs' Complaint at Law, together with costs, disbursements and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Frontier demands trial by jury.

Dated: May 13, 2016                      Respectfully submitted,

                                          /s/ Matthew S. Dowling

                                          Brian T. Maye
                                          Matthew S. Dowling
                                          Adler Murphy & McQuillen LLP
                                          20 S. Clark Street, Suite 2500
                                          Chicago, Illinois 60603
                                          Telephone: (312) 422-5778
                                          bmaye@amm-law.com
                                          mdowling@amm-law.com

                                          Attorneys for Defendant Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on May 13, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Matthew S. Dowling