LT

## IN THE UNITED STATES FEDERAL COURT
## OF NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VOLHA BUDYLINA, | } | **Case No. <u>2016-CV-3373</u>** |
| MARINA SNOPOVA, | } | |
| DMITRI PRIGORENKO, | } | |
| on their own behalf and on behalf of | } | |
| their minor children | } | |
| MATHEW PRIGORENKO and | } | |
| ANGELIKA PRIGORENKO; | } | |
| and | } | |
| NERINGA JOKUBAVICIENA, | } | |
| VYTAUTAS JOKUBAVICIUS, | } | Hom. Kim |
| on their own behalf and on behalf of | } | |
| their minor child | } | |
| EMILIA JOKIBAVICIUTE | } | |
| Plaintiffs, | } | **FILED** |
| | } | |
| vs. | } | JUN 1 6 2016 |
| | } | |
| FRONTIER AIRLINES INC | } | THOMAS G. BRUTON |
| 7001 Tower Road | } | CLERK, U.S. DISTRICT COURT |
| Denver, Colorado 80249 | } | |
| a foreign corporation | } | |
| Defendant. | } | |
| | } | **JURY DEMAND ON ALL COUNTS** |

---

## FIRST AMENDED CLASS ACTION COMPLAINT AT LAW

---

**NOW COMES** the above-named Plaintiffs, VOLHA BUDYLINA, MARINA

SNOPOVA DMITRIY PRIGORENKO on their own behalf and on behalf of their minor

children MATTHEW PRIGIRENKO and ANGELIKA PRIGORENKO; NERINGA

JOKUBAVICIENA, VYTAUTAS JOKUBAVICIUS on their own behalf and on behalf

of their minor child EMILIA JOKIBAVICIUTE, individually and on behalf of all other

similarly situated members of proposed Classes of passengers, by their counsel of record,

Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices LLC, and as their

FIRST AMENDED CLASS ACTION COMPLAINT AT LAW pursuant to the Articles

19 and 22(6) of the Montreal Convention for the Unification of Certain Rules for

International Carriage by Air, May 28, 1999 for compensable economic actual, general,

punitive, statutory, incidental and consequential damages for violation of the Article 19

of said Montreal Convention for the Unification of Certain Rules for International

Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003)(Montreal

Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49

USCA § 40105, *et. seq.*), against the above-named defendant, FRONTIER AIRLINES

INC, jointly and severally, alleges as follows:

## I. NATURE OF THIS ACTION:

1.      That this civil action arises under the Treaty of the United States known as

the Convention for the Unification of Certain Rules Relating to International

Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw

Convention"), 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in note

following 49 U.S.C. § 1502 (1976) or in alternative under Article 19 of Montreal

Convention for the Unification of Certain Rules for International Carriage by Air, May

28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S.

Treaty Doc. No. 106-45, which is the supreme law of this land.[1]

2.      That at all times material hereto the Plaintiffs purchased international

airfare transportation from Chicago to and from PuntaCana, Dominican Republic.

3.      That the United States and Dominican Republic are signatories to the

Montreal Convention.[2]

---

[1] http://www.state.gov/e/eb/rls/othr/ata/114157.htm
[2] http://legacy.icao.int/icao/en/leb/mtl99.pdf

4.      That by procuring this international airfare from the place of their residence located within Cook County, Illinois the above-named Plaintiffs entered into binding legal contract with the above-named defendant for international transportation by air from the place of their domicile at Chicago, Illinois to Punta Cana, Dominican Republic and back to Chicago, Illinois.

5.      That at all times material hereto the above-named Plaintiffs were scheduled to fly from Punta Cana, Dominican Republic to Chicago.

6.      That at all times material hereto defendant's flights were delayed for more than three hours and were canceled.

7.      That at all times material hereto the below-identified flights were delayed on departure from Punta Cana in excess of six (6) hours.

8.      That at all times material hereto for entire duration in excess of six (6) hours the above-named Plaintiffs were confined at departure area of Punta Cana Airport operated by Frontier Airline without access to food, refreshments and lavatories.

9.      That upon information and believe, such delay on departure of defendant's flights at all times material hereto were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

10.     That while being estranged at various airports the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

11.     That at all times material hereto while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any

care for estranged passengers and who were not advising their passengers as to cause, nature, extent, duration of delay of departing flights operated by Frontier Airlines.

12.     That subsequently, more than 12 to 24 hours later the above-named Plaintiffs arrived to their destination being more than 12 to 24 hours late of their preplanned arrival and missed several days of their work

13.     That consequently the Plaintiffs also incurred compensable economic Per Diem, local accommodation, food and transportation expenses.

14.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights operated by Frontier Airlines is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

15.     That as a direct and proximate cause of said delayed departure of international air flights operated by Frontier, the Plaintiffs incurred similar actual out-of-pocket economic expenses in approximate sum of $650 or in the sum to be proven at trial.

16.     That, at all times material hereto, as a direct and proximate cause of the above-identified willful indifference by Frontier and its employees, and delay of international airfare in excess of many hours the Plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages, including but not limited to per diem expenses, in the sum to be proven at trial.

17.     That as a direct and proximate cause of delayed departure of flights operated by the above-named defendants, the Plaintiffs were needlessly subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, physical exhaustion, financial injury of loss of time and loss of benefit of their bargain; as well out-of pocket and additional Pier Diem expences, loss of use of money and other legally cognizable economic damages.

18.     That as a direct and proximate cause of delayed departure of international air flights operated by the above-named defendants, the above-named Plaintiffs were subjected to additional lodging and Per Diem expenses, spoliation of their memorable trip, physical inconvenience, financial injury, physical discomfort, financial injury of loss of time with nexus to loss of use of their monies and benefit of bargain, and was subjected to various compensable economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

19.     That, at all times material hereto, the above-named defendant was recklessly indifferent to travel-related needs of the above-named plaintiffs and to its own voluntarily assumed contractual obligations.

20.     That, upon information and believe, delay of the above-referenced defendant's flights were not caused by extraordinary circumstances, which could not have been avoided in due exercise of due diligence and pertinent legal standard of care owed to the plaintiffs by the above-named defendant.

21.     That, upon information and believe, Frontier Airlines did not pursue all meaningful actions required to avoid or mitigate impact of extraordinary circumstances.

22.     That therefore the above-named plaintiffs are now seeking, among other relief, to recover actual, general and special damages in aggregate sum of $32,439.00; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from Frontier Airlines for delay in international air transportation as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

23.     That, additionally, pursuant to the Article 22(5) of the Montreal Convention, the Plaintiffs are also asserting claim for economic compensatory damages in the excess of the above-referenced cap on damages imposed by the Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from defendant on the theory of "reckless indifference" of defendant's employees while acting in the scope of their employment and for benefit of their employer.

24.     That pursuant to Article 19 of the Montreal Convention, the defendant is liable for damages caused by delays of international air carriage of its passengers.

25.     That the above-named Plaintiffs, on their own behalf and on behalf of all similarly situated members of Class of Passengers of delayed air flights are bringing this action for compensation for damages caused by delays of international flights.

## II. JURISDICTION AND VENUE:

26.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-25 of preceding sections of this entire First Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

27.     That the court's subject matter jurisdiction is invoked under 28 U.S.C. §

1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, and doctrine of pendent jurisdiction.

29.     That, additionally the United States District Court for the Northern

District of Illinois shall exercise jurisdiction over the cause of action set forth in this

complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of

Certain Rules for International Carriage by Air, May 28, 1999.[3]

30.     That Art. 19 of the Montreal Convention set forth the private cause of

action for money damages caused by delay or cancellation of international airfare

transportation against the above-named defendant.[4]

31.     That the United States is signatory to Montreal Convention for the

Unification of Certain Rules for International Carriage by Air, May 28, 1999.[5]

32.     That Dominican Republic is signatory to the Montreal Convention.

33.     That this class action also arises under  28 U.S.C. § 1331, 28 U.S.C. §

1332, 28 U.S.C. § 1337, as well as the Class Action Fairness Act, 28 U.S.C. § 1332(d); as

well as under the doctrine of pending jurisdiction.

34.     That the court's jurisdiction is also invoked under Art 33 of the Montreal

Convention and the doctrine of pendent jurisdiction.

---

[3] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.
[4] See, Article 19 of the Montreal Convention, The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.
[5] http://legacy.icao.int/icao/en/leb/mtl99.pdf

35.     That the matter in controversy, exclusive of interest and costs, far exceeds the sum or value of $1,950,000.00 and is a class action in which some of the members of the Class of plaintiffs, whose number exceeds 100, are citizens of states different from the above-named defendant.

36.     That further, greater than two-thirds of the class members reside in states other than the states in which Defendants are a citizen.

37.     That venue is proper in this Court under 28 U.S.C. § 1391 because all the above and below alleged actions of defendant took place, in whole or in part, within O'Hare International Airport located within this district.

38.     That the above-named defendant FRONTIER AIRLINES is doing business and are soliciting airline passengers by selling airfare tickets and are conducting its business of air transportation within the State of Illinois.

39.     That Frontier Airline is domiciled at the State of Colorado and / or are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

40.     That the above-named Plaintiffs, on their own behalf and on behalf of all Class Members, is seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,487.40 per passenger in aggregated sum to be determined at trial; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the defendant for delay of international air flights in a course of international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

41.     That, upon information and believe, the matter in controversy exceeds

$1,950,00.00 exclusive of interest and costs, in that the above-named plaintiff is alleging actual damages in the sum of $6,487.40 per passenger and member of purported Class, as well as compensatory, actual, general, special, incidental and consequential damages in the sum not yet certain but to be ascertained and proven at trial.

42.     That, additionally, pursuant to Article 22(5) of Montreal Convention, the above-named Plaintiffs on their own behalf and on behalf of all other Class Members is also asserting claim for compensatory, additional, general, special, incidental and consequential damages in the excess of the above-referenced cap on damages imposed by Warsaw Convention and or by Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from the defendant on the theory of "reckless indifference" by the defendant to plaintiff's travel-related ordeal allegedly perpetrated by certain employees of Frontier Airlines while acting in the scope of their employment and for benefit of their employer.

43.     That additionally this Court has jurisdiction over this class action matter pursuant to 28 U.S.C. § 1337 as well as the Class Action Fairness Act, 28 U.S.C. § 1332 (d), in that:

    (a)   This is a class action involving 100 or more class members; and

    (b)   Plaintiffs, permanent residents of Illinois, are diverse in citizenship to defendant United Airlines, which are incorporated in the State of Delaware, USA.

44.     This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

    (a)   The Class is so numerous that joinder of all members is impractical;

    (b)    There are substantial questions of law and fact common to the Class including those set forth in greater particularity below;

    (c)    This case is properly maintainable as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

        i.    Questions of law and fact enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

        ii.    A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

        iii.    The relief sought in this class action will effectively and efficiently provide relief to all members of the class; and

        iv.    There are no unusual difficulties foreseen in the management of this class action.

45.    That this Court has personal jurisdiction over the above-named defendant, Frontier Airlines, who is maintaining at least minimum contacts with the State of Illinois through a conduct of air transportation business within State of Illinois and by otherwise availing themselves of Illinois' markets through their air travel operations, offices, logistical services, sales, and marketing efforts.

46.    That as to their individual claims the above-named plaintiffs are seeking, among other relief, to recover their actual, general and special damages in aggregate sum exceeding $6,897.82 per passenger; as well as their incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the defendant for delay in international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

### III.  PARTIES:

47.        That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-46 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

48.        That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-6 of Jurisdiction Section as set forth fully herein and incorporates them by reference:

49.        That at all times material hereto the above-named Plaintiffs, VOLHA BUDYLINA, MARINA SNOPOVA DMITRIY PRIGORENKO were an adult citizens of the USA residing at: 5105 Madison Street, Apt 306, Buffalo Grove, Illinois 60630 together with their minor children  MATTHEW PRIGIRENKO and ANGELIKA PRIGORENKO.

50.        That at all times material hereto the above-named Plaintiff, MATTHEW PRIGIRENKO and ANGELIKA PRIGORENKO were a minor children residing with their the above-named parents at: 5105 Madison Street, Apt 306, Buffalo Grove, Illinois 60630.

51.        That at all times material hereto the above-named Plaintiffs, NERINGA JOKUBAVICIENA, VYTAUTAS JOKUBAVICIUS were an adult citizens of the USA residing at: 6170 N Winchester Ave, Unit 2, Chicago, IL 60660 together with their minor child  EMILIA JOKIBAVICIUTE.

52.        That at all times material hereto the above-named Plaintiff, EMILIA JOKIBAVICIUTE was a minor child residing with their the above-named parents at: 6170 N Winchester Ave, Unit 2, Chicago, IL 60660.

53.     That the above-named Defendant, FRONTIER AIRLINES is believed to be domestic U.S. air transportation carrier with principal place of business at: 7001 TOWER ROAD, Denver, Colorado 80249.

54.     That the defendant is domiciliary of the country –signatory to the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.

55.     That the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, and pursuant to 28 U.S.C. § 1337.

56.     That the defendant is doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

57.     That the matter in controversy exceeds $1,950,000.00 exclusive of interest and costs, in that the above-named plaintiffs are alleging actual damages to the class of passengers of canceled flights operated by the above-named defendant; as well as their similar damages in the sum not yet certain but to be ascertained and proven at trial.

58.     That the above-cited federal treaties provide for the private cause of action against the above-named defendant.

## IV. STATEMENT OF CLAIM AND PLAINTIFF'S FACTUAL ALLEGATIONS AS TO RELEVANT TO INDIVIDUAL AND CLASS ACTION CLAIMS.:

59.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-58 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

60.     That at all times material hereto the above-named Plaintiffs purchased airfare transportation from and to Chicago to Punta Cana, Dominican Republic, thereby entering into binding legal contract with the above-named defendant for international transportation by airfare transportation.

61.     That on January 28, 2016 the flight No. 81 operated by Frontier Airlines from Punta Cana to Chicago was delayed on departure for more than 6 hours.

62.     That at all times material hereto the above-named Plaintiffs were confined at departure area of various airports by Frontier Airline Inc without access to food, refreshments and lavatories.

63.     That upon information and believe such delayed departure of the above-identified flight  were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

64.     That at all times material hereto the defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or cancellations.

65.     That at all times material hereto the defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or cancellations which could not have been avoided even if all reasonable measures had been taken.

66.     That while being estranged at Punta Cana International Airport the above-named Plaintiffs were not provided with any care by the above-named defendant.

67.     That while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and

who were not advising a passengers as to cause, nature, extent, duration of delay of their the above-identified departing flights.

68.     That at all times material hereto the above-named Plaintiffs arrived to their international destinations more than 6 hours late of their preplanned arrival and missed one day of their employment.

69.     That at all times material hereto the Plaintiffs also incurred compensable economic damages in the sum to be proven at trial.

70.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights is actionable pursuant to Article 19 of Montreal Convention.

71.     That as a direct and proximate cause of said delayed and or cancelled departures of the above-identified international airfare flights, the plaintiffs incurred substantially similar actual out-of-pocket expenses in the sum to be proven at trial.

72.     That, as a direct and proximate cause of the above-identified willful indifference by the defendant, and delays of the above-identified international airfare flights in excess of 6 hours the plaintiffs incurred economic actual, general, special, incidental and consequential damages including but not limited to per diem expenses in the sum to be proven at trial.

73.     That as a direct and proximate cause of delayed and or cancelled departures of the above-identified airfare flights, the above-named Plaintiffs were needlessly subjected to similar economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of wages, loss of benefit of their bargain, per diem and lodging expenses,

indifferent treatment, physical inconvenience, physical discomfort, physical exhaustion, loss of time, delay, out-of-pocket expenses, loss of use of money and other legally cognizable damages.

74.    That, at all times material hereto, subsequently upon plaintiff's late arrival to their international destinations the above-named Plaintiffs submitted to local office of the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

75.    That due to refusal of pre-suit settlement demand by defendant, the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of Montreal Convention.

76.    That, upon information and believe, the above-named passengers of the above-referenced delayed and or cancelled international airfare flights submitted to the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

77.    That such pre-suit claims and demands for settlement were rejected by the defendant.

78.    That due to rejection of pre-suit settlement claim by the above-named defendant, the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to Article 22(6) of Montreal Convention, [6] incorporating so-called "settlement inducement provision" contained in Article 22(4) of Hague Protocol amendments.

---

[6] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments. To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:

"The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law [6], in addition, the whole or part of the court costs and of the other

79.     That Hague Protocol as ratified by the U.S. Senate on July 31, 2002 is supreme law of this land, thereby establishing procedure for award of attorney's fees in the matter *sub judice*.[7]

## V.     CLASS ACTION ALLEGATIONS:

80.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-79 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

81.     That the above-named Plaintiffs are bringing this action on her own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

82.     That the Plaintiffs are bringing this action as class representatives to recover compensation required to be paid under Art 19 of the Montreal Convention and under pendent theory of breach contract.

83.     That this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a) and (b).

84.     That the Plaintiffs seek certification of the following class:

(a) All persons residing in the United States who meet the following requirements:

---

expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

[7] http://www.gpo.gov/fdsys/pkg/CDOC-107tdoc14/html/CDOC-107tdoc14.htm

(1) Such person had a confirmed reservation on flight No. 81 operated by Frontier Airlines on January 28, 2016 from PuntaCana, Dominican Republic to Chicago;

(2) Such person had a confirmed reservation on flight No. 81 operated as operated by Frontier Airlines on January 28, 2016 from PuntaCana, Dominican Republic to Chicago;

(3) Such flight was delayed or cancelled for a reason other than extraordinary circumstances;

(4) Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(5) Such person affected by said delay or cancellation for at least three hours; and

(6) Such person incurred compensable economic damages.

(b) All persons residing in the United States who meet the following requirements:

(1) Such person submitted to Frontier Airlines his or her pre-suit notice of claim and settlement demand pursuant to Art. 22(6) of the Montreal Convention, which was denied or rejected by Frontier Airlines.

(c) All persons residing in the United States who meet the following requirements:

(1) Such person who had submitted to Frontier Airlines his or her pre-suit notice of claim and settlement demand pursuant to Art. 22(6) of the Montreal Convention, but instead of receiving pecuniary compensation was offered by Frontier Airlines of electronic voucher of 500 or less miles credit applicable only to next purchase of airfare from Frontier Airlines.

85.    That excluded from the above-identified Classes are:

(1) Defendant and any entities in which Defendant has a controlling interest;

(2) Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendant;

(3) The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

(4) All persons or entities that properly execute and timely file a request for exclusion from the Class;

(5) Any attorneys representing the Plaintiff or the Class; and

(6) All governmental entities.

86.     That the Plaintiff reserves the right to modify or amend the definition of all Classes before the Court determines whether certification is appropriate.

87.     That the Class and or both Classes are numerously comprised of over 100 people and most likely over ten thousand people who were passengers on flights operated by Frontier Airlines Inc, the joinder of which in one action would be impracticable.

88.     That the exact number or identification of the Class members is presently unknown, but identity of the Class members is ascertainable.

89.     That in addition to manifests, databases and rolls maintained by defendant and its agents, the Class members may be located and informed of the pendency of this action by a combination of electronic bulletins, e-mail, direct mail and public notice, or other means.

90.     That the disposition of the claims of the proposed class members through this class action will benefit both the parties and the Court.

91.     That common questions of law and fact predominate over individual issues.

92.    That there is a well-defined community of interest in the questions of law and fact involved affecting members of the Class.

93.    That the questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

a)    Whether FRONTIER AIRLINES is required to pay compensation to the members of both Classes pursuant to art 19 of the Montreal Convention;

b)    Whether FRONTIER AIRLINES is continually engaged in sabotaging of remedies available to members of both Classes in accordance with Art. 19 of the Montreal Convention;

c)    Whether the "extraordinary circumstances" exception only applies in certain circumstances where the airline can prove that the cancellation or delay was caused by (i) political instability, (ii) meteorological conditions incompatible with the operation of the flight concerned, (ii) security risks, (iii) technical or mechanical problems where it was "revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to aircraft caused by acts of sabotage" or (v) strikes that affect the operation of an operating aircraft;

d)    Whether FRONTIER AIRLINES failed to compensate members of both Classes by erroneously raising defenses of extraordinary circumstances";

e)    Whether defense of extraordinary circumstances is a valid defense in an action for breach of contract of voluntary undertaking;

f)    Whether FRONTIER AIRLINES failed to compensate the Class Members in the amounts specified in Art. 19 and 22 of Montreal Convention.

g)    Whether FRONTIER AIRLINES routinely rejects or refuses to review and consider pre-suit notices of claim and demands for compensation submitted by its passengers pursuant to Art. 22(6) of the Montreal Convention.

94.    That the Plaintiffs are asserting a claims that are typical of all Classes, having all been entitled to receive financial compensation pursuant to the Art 19 of Montreal Convention and having not received such compensation.

95.    That the Plaintiffs and the Classes members have similarly suffered harm arising from defendant's failure to pay compensation as alleged in this Complaint.

96.    That the Plaintiffs are adequate representatives of the Classes because they fit within the class definition and their interests do not conflict with the interests of the members of the Classes they seek to represent.

97.    That the Plaintiffs will prosecute this action vigorously for the benefit of the entire Class.

98.    That the above-named Plaintiffs are represented by experienced and able attorneys from law firm, which will serve as class counsel.

99.    That the undersigned Class counsel has litigated several class actions, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of all Classes.

100.    That the Plaintiffs and class counsel can and will fairly and adequately protect the interests of all of the members of the Class.

101.    That a class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts.

102.    That due to the size of each individual Class member's claims, it would not be practicable for Class members to individually seek legal redress for the wrongs

identified in this Complaint.

103.    That without the class action vehicle, the Classes would have no reasonable remedy and would continue to suffer losses, as United Airlines Inc continues to fail to compensate passengers as required under Art. 19, 22 of Montreal Convention.

104.    That further, individual litigation has the potential to result in inconsistent or contradictory judgments.

105.    That a class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## VI. CLASS AND INDIVIDUAL CLAIMS:

### CLASS ACTION AND INDIVIDUAL COUNT ONE:
Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19 of the Montreal Convention

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES INC, the above-named Plaintiffs, VOLHA BUDYLINA, MARINA SNOPOVA DMITRIY PRIGORENKO on their own behalf and on behalf of their minor children MATTHEW PRIGIRENKO and ANGELIKA PRIGORENKO; as well as NERINGA JOKUBAVICIENA, VYTAUTAS JOKUBAVICIUS on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE; individually and on behalf of the Class of passengers of flight 81 operated by defendant on January 28, 2016 are alleging as follows:

106.    That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-105 of preceding sections of this entire First Amended Class Complaint at Law as set forth fully herein and incorporates them by reference:

107.     That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 81 operated as operated by Frontier Airlines on January 28, 2016 from PuntaCana, Dominican Republic Chicago, Illinois, which were delayed and canceled, causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,487.40 per class member from the above-named defendant for damages caused by delay or cancellation of international airfare pursuant Art. 19 of Montreal Convention.

108.     That at all times material hereto the above-named Plaintiffs purchased airfare transportation to be performed by Frontier Airlines on January 21, 2016 from Chicago to PuntaCana, Dominican Republic, and on January 28, 2016 flying back from Punta Cana to Chicago on the board of Frontier's flight 81.

109.     That on January 28, 2016, the above-named Plaintiffs were scheduled to depart from PuntaCana, Dominican Republic to Chicago on Frontier Airlines Flight 81.

110.     That the above-referenced flight was scheduled to depart from Punta Cana to Chicago at 3:50 P.M and to arrive to Chicago at 09:36PM.

111.     That the above-identified flight was delayed on departure from Chicago to Punta Cana to Chicago for six (6) hours.

112.     That during delayed departure of flight 81 the above-named plaintiffs were confined within the plane for several hours without any access to food, water, refreshments and lavatories.

113.     That within three hours of the-above-referenced delay the plaintiffs were allowed to exit the plane.

114.    That during said delay of departure of flight 41 on January 28, 2016 the above-named Plaintiffs were not provided with any travel related assistance by the above-named defendant.

115.    That finally the above-named Plaintiffs were able to depart from PuntaCana at 9:50PM on January 28, 2016.

116.    That upon their arrival to Chicago at almost 2:05AM the above-named Plaintiffs were kept in the plane for additional one hour.

117.    That, upon information and believe, such delay on departure of defendant's flight No. 81 on January 28, 2016 in excess of 6 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

118.    That while being estranged at PuntaCana International Airport the above-named Plaintiffs were not provided with any meaningful care by Frontier Airlines.

119.    That while being estranged at PuntaCana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 81 on January 28, 2016.

120.    That due to cancellation of departing flight No. 81 on January 28, 2016 the above-named Plaintiffs were subjected to severe physical inconvenience resulting in financial injury at the sum to be determined at trial.

121.    That due to entire duration of delayed departure for 6 hours the above-named Plaintiffs and subsequent late arrival to Chicago at 12:05AM on January 29, 2016

the above-named Plaintiffs lost one day of their employment, whereby incurring actual economic damages in the sum to be proven at trial.

122.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 81 on January 28, 2016 is actionable pursuant to Article 19 of the Montreal Convention.

123.     That as a direct and proximate cause of said delayed departure of international air flight No. 81 on January 28, 2016, and while being confined within a departure area of Punta Cana International Airport, the Plaintiffs incurred similar actual out-of-pocket economic expenses in the sum to be proven at trial.

124.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of their employment, thereby incurring actual economic pecuniary damages in the sum to be proven at trial.

125.     That as a direct and proximate cause of delayed departure of flight No 81 on January 28, 2016, the Plaintiffs were subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to loss of wages, additional transportation expenses incurred at the port of arrival, loss of benefit of their bargain, per diem and local foodstuffs / refreshment expenses, medicine procurement expenses, as well as economic inconvenience damages with nexuses to financial injury; damages related to indifferent treatment, physical inconvenience, physical discomfort, physical exhaustion, loss of time, delay, out-of-pocket expenses and additional Pier Diem expenses, loss of use of money and other legally cognizable economic damages, losses and injuries.

126.      That under the Article 36 of the Montreal Convention, FRONTIER

AIRLINES is liable for damages caused by delay of international airfare carriage of its

passengers.

127.      That the Contract of International Airfare Carriage and Tariff[8] filed by

FRONTIER incorporates liability pursuant o Art 19 of the Montreal Convention under

the paragraph 16(B) of "Limitation of Liability", which states in pertinent part that:

> "International Transportation – With respect to international
> transportation, as defined in the following referenced conventions, as
> applicable, Frontier's liability will be limited as specified in, as and if
> applicable,
>
> (i) the Convention for the Unification of Certain Rules Relating to
> International Carriage by Air signed at Warsaw, October 12, 1929, as
> amended ("Warsaw Convention"), but subject to the Agreement
> entered into by Frontier pursuant to 14 C.F.R. Part 203 or
>
> (ii) the Convention for the Unification of Certain Rules for International
> Carriage by Air, signed at Montreal, May 28, 1999 ("Montreal
> Convention").

128.      That furthermore pursuant to par 16(B) titled 'Additional Liability

Limitations," the above-named defendant voluntarily assumed the above-cited self-

imposed contractual liability.

129.      That as a direct and proximate cause of delayed departure of international

air flight No. 81 on January 28, 2016, the above-named Plaintiffs were subjected to

additional lodging and per diem expenses, spoliation of their memorable trip,

inconvenience, financial injury, physical discomfort, loss of time, loss of use of their

monies, and was subjected to various economic actual, general, special, incidental and

consequential damages in the sum to be ascertained at trial.

---

[8] www.flyfrontier.com/customer-service/faqs/~/media/Files/docs/CS_COC.ashx

130. That, thereafter the above-named defendant was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention.

131. That said demand was unambiguously and willfully rejected by the above-named defendant prior to filing of this action.

132. That due to defendant's willful rejection of pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

133. That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

**WHEREFORE,** the above-named Plaintiffs, individually and on behalf of entire class of passengers of flight 81 on January 28, 2016 are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80; or in the sum to be proven at trial; and additional amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

**CLASS ACTION AND INDIVIDUAL COUNT TWO:**
**Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily**
**Assumed Contractual Duty to Provide Care and to Compensate for Economic**
**Damages Caused by Delay or Cancellation of International Airfare**

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES INC, jointly and severally, the above-named Plaintiffs, individually and on behalf of Class of Passengers are alleging as follows:

134.    That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-133 of preceding sections of this entire First Amended Class Action Complaint as set forth fully herein and incorporates them by reference:

135.    That the Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 81 operated as operated by Frontier Airlines on January 28, 2016, which were delayed on departure causing the Plaintiffs to incur compensable damages are seeking, among other relief, to recover compensable economic actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for economic damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

136.    That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on January 21, 2016 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois, USA to PuntaCana, Dominican Republic and thereafter on January 28, 2016 coming back to Chicago.

137.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

138.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide to estranged passengers with

care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

139.     That at all times material hereto the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay of international airfare per Art. 19 of Montreal Convention.

140.     That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

141.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

142.     That, at all times material hereto, on January 28, 2016 the defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 6 hours of their departing flight No. 81.

143.     That, at all times material hereto, on January 28, 2016 the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the Plaintiffs, while they have been subjected to delay of their departing flight No. 81 for excess of 6 hours and subsequent cancellation of said flight.

144.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by delay of departure of international flight No. 81 on January 28, 2016, thereby breaching its self-

imposed contractual obligation under Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

145.     That said breach of self-imposed voluntary assumed contractual duties by the defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

146.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

147.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

148.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant on January 28, 2016, the above-named plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages in the sum to be determined at trial.

**WHEREFORE,** the above-named Plaintiffs, individually and on behalf of all passengers of flight 81 on January 28, 2016, are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger member of the above-identified Class; or in the sum  to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at

trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

**CLASS ACTION AND INDIVIDUAL COUNT THREE**:
**Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty to Consider Pre-Suit Settlement Demand Submitted to Frontier Airlines by Plaintiffs Prio to Filling of This Civil Action**

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES INC, jointly and severally, the above-named Plaintiffs, individually and on behalf of Class of Passengers who submitted pre-suit settlement demands to Frontier, which were rejected or not meaningfully considered by Frontier are alleging as follows:

149.    That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-148 of preceding sections of this entire First Amended Class Action Complaint as set forth fully herein and incorporates them by reference:

150.    That the Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 81 operated as operated by Frontier Airlines on January 28, 2016, which were delayed on departure causing the Plaintiffs to incur compensable damages are seeking, among other relief, to recover compensable economic actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for economic damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

151.    That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on January 21, 2016 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois, USA to PuntaCana, Dominican Republic and thereafter on January 28, 2016 coming back to Chicago.

152.     That, prior to filing of this civil action the above-named defendant was duly served with plaintiff's notices of claims and demands for compensation of economic damages in accordance with Article 22(6) of the Montreal Convention for damages caused by delayed departure of flight 81 on January 28, 2016.

153.     That said demand was not considered by Frontier but rather was unambiguously and willfully rejected by the above-named defendant prior to filing of this action.

154.     That due to defendant's willful rejection of pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

155.     That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

156.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to review and consider pre-suit settlement demand for compensation submitted to Frontier by the above-named plaintiffs prior to filing of this action.

157.     That said legal duties were implicitly incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

158.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

159.     That, at all times material hereto, the defendant breached the above-referenced contractual duty to consider pre-suit settlement demand by refusing to consider said demand and by further refusing to provide to the above-named plaintiffs with compensation for their economic damages caused by delay in excess of 6 hours of their departing flight No. 81  on January 28, 2016.

160.     That said breach of self-imposed voluntary assumed contractual duties by the defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

161.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

162.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

163.     That as a direct and proximate cause of said material breach of contract perpetrated by refusal of the above-named defendant to consider plaintiff's pre-suit settlement demand submitted to Frontier prior to filing of this action, the above-named

plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages and attorneys fees in the sum to be determined at trial.

164.    That upon information and believe the above-named defendant continued to reject and to refuse of meaningful pre-suit consideration of pre-suit notices of claims and demands for compensation submitted to Frontier by thousands of its passengers pursuant to Art. 22(6) of the Montreal Convention.[9]

**WHEREFORE,** the above-named Plaintiffs, individually and on behalf of all similarly situated passengers, are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger member of the above-identified Class of Passengers whose pre-suit settlement demands were denied by Frontier; or in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees pursuant to Art. 22(6) of the Montreal Convention and pursuant to Art XI of the Hague Convention; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

## VIII.  INDIVIDUAL CLAIMS RELEIF

---

[9] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments. To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:

"The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

**WHEREFORE,** the above-named Plaintiffs, individually on their own behalf are hereby respectfully requesting this Honorable Court to award them with final order of judgment in the sum of $6,897.82 per plaintiff passenger against the above-named Defendant for all the above-stated causes of action as follows:

A.    The amount of compensatory economic actual and general damages in the sum of 4604 SDR (Special Drawing Rights) or in the sum of $6,487.50 per individual passenger, or in the sum to be proven at trial; and

B.    The amount of compensatory economic special, incidental, consequential and inconvenience damages or in the sum to be proven at trial; and

C.    Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention for defendant's rejection of written notice of claim and to pre-suit settlement demand; and

D.    Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of attorneys fees costs and disbursements of this action; and

E.    Plaintiffs are also moving this Court for scheduling of evidentiary hearing on the issue of award of attorney's fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

F.    Such other and further relief as the Court deems just and proper.

### XIIII. CLASS ACTION RELEIF:

G.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-282 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

H.      That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure; that the Plaintiffs are proper class representative; and that the best practicable notice of this action be given to members of the Class represented by the Plaintiffs;

I.      That the judgment be entered against FRONTIER AIRLINES and in favor of Plaintiffs and the Class on the Cause of Action in this Complaint, in an amount of compensable economic damages in the sum of $6,487.50 per member of the above-asserted Class; or in the sum to be determined at trial;

J.      That judgment be entered imposing interest on damages, litigation costs, and attorneys' fees against FRONTIER AIRLINES; and

K.      For all other and further relief as this Court may deem necessary and appropriate.

PLEASE TAKE NOTICE that the above-named Plaintiffs, on their own behalf and on behalf of all Class Members are hereby respectfully requesting the trial by jury on all counts asserted herein.

PLEASE TAKE FURTHER NOTICE that the undersigned counsel of record as member of trial bar of the United States District Court for Northern District of Illinois is hereby designated as lead trial counsel in the above-captioned matter.

Dated this 1st Amended Class Action Complaint at Law on this 12th day of June 2016.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, L.L.C.
Attorneys for Plaintiffs


BY: *Vladimir M. Gorokhovsky, Esq.*
        /S/ VLADIMIR M. GOROKHOVSKY, LL.M.
        ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 North Hedgewood Ln.,
Mequon, WI 53092
Telephone: (414)-581-1582
gorlawoffice@yahoo.com


## CERTIFICATE OF SERVICE:

I hereby certify that on June 16, 2016, I caused a copy of the foregoing to be
electronically filed with the Clerk of Court using CM/ECF, which will send electronic
notification to the parties and registered attorneys of record that the document has been
filed and is available for viewing and downloading.

BY:    **Vladimir Gorokhovsky, Esq.**

        /s/ VLADIMIR GOROKHOVSKY

## Exhibit I:

### BOOKING INVOICE

| Status | Departure Date | Destination & Hotel |
|---|---|---|
| Paid In Full | January 21, 2016 | GRAND BAHIA PRINCIPE TURQUESA, Punta Cana,Dominican Rep. GRAND BAHIA PRINCIPE TURQUESA, Punta Cana,Dominican Rep. GRAND BAHIA PRINCIPE TURQUESA, Punta Cana,Dominican Rep. |

To make changes to your booking or make special requests, please call your travel agent:
FOS 10% DISCOUNT
847-640-1150
businesstravel@applevac.com

### YOUR VACATION DETAILS

### YOUR VACATION CONFIRMATION NUMBER: 0053686652

The following travel documents will be required for each traveler:

A U.S. Government issued Passport for non U.S. destinations. See Travel Info for further details.

Travelers:

MRS MARINA SNOPOVA

MR DMITRIY PRIGORENKO
MISS ANGELIKA PRIGORENKO
MRS VOLHA BUDYLINA
MSTR MATTHEW PRIGORENKO
MRS NERINGA JOKUBAVICIENE
MR VYTAUTAS JOKUBAVICIUS
MISS EMILIA JOKUBAVICIUTE

Pre-Departure Services:
Passport:

Now that you've booked your Apple Vacation, please be sure that you have the appropriate travel documentation. To purchase a passport or visa for travel and receive expedited service click here.

Park-n-Fly:

To make your departure and return from your departure city as smooth as possible, Apple Vacations offers discounted parking at many cities nationwide. To prearrange the drop-off and pick-up of your vehicle for your vacations click here.

Notice:

Roundtrip transfers are included for passengers arriving to Punta Cana and La Romana airports, travelling on any charter airline, and staying in either the Punta Cana or LaRomana hotel areas. Reservation must be a charter air and hotel package. All other passengers (air, land, package) arriving in Punta Cana and staying in the LaRomana area (and vice versa) must purchase the roundtrip Punta Cana - LaRomana optional transfer. Transfers are not included for Air only passengers. Transfers are not included for scheduled air passengers (air, land, package) arriving in Punta Cana or La Romana and staying in either Puerto Plata, Santo Domingo, Santiago or Samana. Optional transfers are available for Santo Domingo Transfers are not available for Puerto Plata or Samana.

The U.S. State Department advises that as of January 23, 2007 all U.S. citizens will be required to hold a valid U.S. passport to enter the United States when returning from Canada, Mexico, Central and South America, the Caribbean and Bermuda.

The FAA has issued Hazardous Materials Restrictions- Federal law forbids the carriage of hazardous materials aboard aircraft in your luggage or on your person. A violation can result in five years' imprisonment and penalties of $250,000 or more (49 U.S.C. 5124). Hazardous materials include explosives, compressed gases, flammable liquids and solids, oxidizers, poisons, corrosives and radioactive materials. Examples: Paints, lighter fluid, fireworks, tear gases, oxygen bottle sand radio-pharmaceuticals. There are special exceptions for small quantities (up to 70 ounces total) of medicinal and toilet articles carried in your luggage and certain smoking materials carried on your person. For further information contact your airline representative. Please ensure your passengers are fully aware and understand these restrictions as a violation will result in imprisonment and financial penalties.

## YOUR ITINERARY

OUR FLIGHTS:

|  |  | Frontier Airlines Flight # 80 (Non-Stop) |
|---|---|---|
| Depart: | Jan 21, 8:00AM | Chicago, O'Hare International,IL |
| Arrive: | Jan 21, 2:45PM | Punta Cana,Dominican Rep. |

|  |  |  | Frontier Airlines Flight # 80 (Non-Stop) |
|---|---|---|---|
| EPARTING | Depart: | Jan 21, 8:00AM | Chicago, O'Hare International,IL |
| LIGHT(S): | Arrive: | Jan 21, 2:45PM | Punta Cana,Dominican Rep. |

|  |  | Frontier Airlines Flight # 80 (Non-Stop) |
|---|---|---|
| Depart: | Jan 21, 8:00AM | Chicago, O'Hare International,IL |
| Arrive: | Jan 21, 2:45PM | Punta Cana,Dominican Rep. |

                        Frontier Airlines Flight # 81
            Depart:  Jan 28, 3:50PM    Punta Cana,Dominican Rep.
            Arrive:  Jan 28, 7:10PM    Chicago, O'Hare International,IL

                        Frontier Airlines Flight # 81
ETURNING Depart:  Jan 28, 3:50PM    Punta Cana,Dominican Rep.
LIGHT(S):  Arrive:  Jan 28, 7:10PM    Chicago, O'Hare International,IL

                        Frontier Airlines Flight # 81
            Depart:  Jan 28, 3:50PM    Punta Cana,Dominican Rep.
            Arrive:  Jan 28, 7:10PM    Chicago, O'Hare International,IL


OUR HOTEL & ROOM TYPE:

Iotel Name: GRAND BAHIA PRINCIPE TURQUESA  -  ALL INCLUSIVE
Check-in: Thursday, January 21, 2016    Check Out: Thursday, January 28, 2016
**Room Type:**
UNIOR SUITE SUPERIOR

Iotel Name: GRAND BAHIA PRINCIPE TURQUESA  -  ALL INCLUSIVE
Check-in: Thursday, January 21, 2016    Check Out: Thursday, January 28, 2016
**Room Type:**
UNIOR SUITE SUPERIOR

Iotel Name: GRAND BAHIA PRINCIPE TURQUESA  -  ALL INCLUSIVE
Check-in: Thursday, January 21, 2016    Check Out: Thursday, January 28, 2016
**Room Type:**
UNIOR SUITE SUPERIOR


Number of          5 Adults
ravelers:          1 Children/Infants


            AVOK - TOTAL VACATION SECURITY:

            Basic Vacation Security

            AVOK - VACATION SECURITY

            MARINA SNOPOVA,DMITRIY PRIGORENKO,ANGELIKA
            PRIGORENKO,VOLHA BUDYLINA,MATTHEW PRIGORENKO,NERINGA
            JOKUBAVICIENE,VYTAUTAS JOKUBAVICIUS,EMILIA JOKUBAVICIUTE

            YOUR VACATION OPTIONS:

            Roundtrip Transfer

            MARINA SNOPOVA,DMITRIY PRIGORENKO

Roundtrip Transfer

VOLHA BUDYLINA,MATTHEW PRIGORENKO

Roundtrip Transfer

NERINGA JOKUBAVICIENE,VYTAUTAS JOKUBAVICIUS

YOUR PAYMENT:
Vacation Total:                                                    $6,239.18