**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VOLHA BUDYLINA, MARINA SNOPOVA, | ) | |
| and DMITRI PRIGORENKO, on their own behalf | ) | |
| and on behalf of their minor children MATHEW | ) | Case No.: 1:16-cv-03373 |
| PRIGORENKO and ANGELIKA PRIGORENKO, | ) | |
| NERINGA JOKUBAVICIENA, VYTAUTAS | ) | |
| JOKUBAVICIUS on their own behalf and on | ) | Honorable Manish S. Shah |
| behalf of their minor child EMILIA | ) | |
| JOKIBAVICIUTE | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES | ) | |
| | ) | |
| Defendant. | ) | |

_____

**FRONTIER AIRLINES, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), erroneously named as Frontier

Airlines, by and through its undersigned counsel, respectfully requests that (A) the putative class

action claims in Plaintiffs' First Amended Complaint ("Complaint") be dismissed pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, (B) all claims of non-

economic damages alleged by Plaintiffs be dismissed for failure to state a claim, (C) all claims

seeking reimbursement of the cost of airfare be dismissed for failure to state a claim, and (D)

Counts Two and Three be dismissed for being duplicative of Count One. In support of its

motion, Frontier states as follows:

## I. INTRODUCTION

On January 21, 2016, Plaintiffs traveled from Chicago, Illinois to Punta Cana, Dominican

Republic for vacation. (*See* Complaint at ¶ 108, attached as Ex. A)  Plaintiffs' return flight,

Frontier flight 81, was scheduled to depart Punta Cana on January 28, 2016 at 3:50 p.m.

(hereinafter "Frontier flight 81"). *Id.* at ¶ 108-110. The return flight, however, was delayed due to mechanical issues. *Id.* at ¶ 117. According to the Complaint, Plaintiffs ultimately arrived in Chicago approximately six hours later than originally scheduled. *Id.* at ¶ 121. Plaintiffs bring individual and class action claims against Frontier pursuant to Article 19 of the Montreal Convention related to the alleged delay of Frontier flight 81. Plaintiffs seek damages for out-of-pocket expenses and lost wages in the amount of $650 and for the cost of their airfare. *Id.* at ¶¶ 15, 17, 18, 73, 120, 121, 125, 129. Plaintiffs also seek non-economic damages for, among other things, indifferent treatment, inconvenience, discomfort, exhaustion, spoliation of their memorable trip and loss of time. *Id.*

Frontier seeks dismissal of: (A) the putative class action claims because Article 19 cannot provide the basis for class action claims, (B) Plaintiffs' claims for non-economic damages because such damages are not recoverable under Article 19 of the Montreal Convention, (C) claims seeking reimbursement of the cost of Plaintiffs' airfare because they were successfully transported to their destination, and (D) Counts Two and Three because those counts are duplicative of Count One.

## II.  LEGAL STANDARD

### A.  Failure to State a Claim upon Which Relief May Be Granted

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. FOP*, 570 F.3d 811, 820 (7th Cir. 2009). A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim. *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012). In order to survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544, 570 (2007).

The "general rule that the court must accept as true all allegations in the complaint 'is inapplicable to legal conclusions'" such that "conclusory recitals of the elements of a claim, including legal conclusions couched as factual allegations, 'do not suffice.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied if the amendment would be futile. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991).

**B.** **Duplicative Claims**

It is well-settled that duplicative counts in a complaint may be properly dismissed. *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010). A "count may be dismissed as duplicative of another where the parties, claims, facts and requested relief are substantially the same." *Lansing v. Carroll*, 2012 U.S. Dist. LEXIS 144250, at *2-5 (N.D. Ill. 2012). The relevant inquiry is not whether the allegations are the same, but whether the claims are based on the same operative facts and the same injury. *FDIC v. Chi. Title Ins. Co.,* 2013 U.S. Dist. LEXIS 29816, *4 (N.D. Ill. 2013).

**C.** **Montreal Convention**

The Montreal Convention, signed in 1999 and entered into force in November 2003, is an international treaty governing airline liability for the "international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, Art. 1(1); *see Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780-81 (7th Cir. 2008). Like its predecessor, the Warsaw Convention, the Montreal Convention's purpose is to promote uniformity in the laws governing airline liability. *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S.

155, 169 (1999)[1].   The Convention allows for three avenues of recovery: (1) death or bodily injury suffered by a passenger or the destruction, loss of or damage to her baggage (Article 17); (2) loss or destruction of cargo sustained during carriage by air (Article 18); and (3) delay in the carriage of passengers, baggage or cargo (Article 19).   Relevant to this matter is Article 19, which provides that "[t]he carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, Art. 19.

### III.   ARGUMENT

**A.**   **Class Action Claims Not Proper under Montreal**

Plaintiffs bring putative class actions claims pursuant to Article 19 (flight delay) of the Montreal Convention on behalf of passengers on Frontier flight 81. Putative class action claims under Article 19, however, cannot satisfy class certification requirements, because the liability determination for each passenger under the Montreal Convention is fraught with individualized issues. *Rambarran v. Dynamic Airways,* LLC, 2015 U.S. Dist. LEXIS 97651, *29 (S.D.N.Y. 2015) (noting that common delay is a needle in a haystack of issues requiring individualized proof). Specifically, the liability determination under Article 19 "requires, *inter alia*, a passenger-specific inquiry into the reasonableness of [an airline's] accommodations in light of each passenger's individual circumstances and needs." *Id.; see Cohen v. Delta Air Lines, Inc.,* 751 F. Supp. 2d 677, 678–80 (S.D.N.Y.2010) (examining the reasonability of Delta's actions in light of delay caused by air traffic control); *Helge Mgmt., Inc. v. Delta Air Lines, Inc.,* No. CIV.A. 11–10299– RBC, 2012 WL 2990728, at *4–6 (D. Mass. 2012) (finding that Delta acted reasonably in attempting to re-book the passengers on alternate flights).

---

1 Although the Montreal Convention replaced the Warsaw Convention, courts interpreting the Montreal Convention rely on cases interpreting similar provisions of the Warsaw Convention." *Onwuteaka v. Northwest Airlines, Inc*., 2007 U.S. Dist. LEXIS 34273, *3 (S.D. Tex. 2007).

Additionally, individual inquiries into whether passengers suffered an economic injury are necessary. *Rambarran*, 2015 U.S. Dist. LEXIS 97651 at *27 (observing that the proposed class likely includes passengers who, unlike the named plaintiffs, received accommodations from the carrier).

Here, Plaintiffs allege that they incurred expenses of $650 during their delayed flight relating to travel cancellation expenses, loss of vacation time, lodging expenses, loss of one day of their employment, refreshment expenses, medicine procurement expenses and food expenses. (Complaint at ¶¶ 15, 17, 18, 73, 120, 121, 125, 129) It is highly likely, however, that the six (6) hour delay of their return flight to Chicago affected the other passengers on Frontier flight 81 differently than Plaintiffs. *Rambarran*, 2015 U.S. Dist. LEXIS 97651 at *29 (Assessing damages requires individualized proof as to each passenger's delay-caused expenses). As such, Plaintiffs do not possess the same interest as the proposed class members in Plaintiffs' Complaint. *Id.* at *31 (Plaintiffs failed to present evidence indicating that the class action would not disintegrate into a series of mini-trials regarding the reasonableness of the carrier's accommodations vis-à-vis each passenger and each passenger's individual damages).

Accordingly, because liability and damages related to Article 19 claims must be litigated on an individual basis, Plaintiffs' putative class action claims are not plausible on their face, and, therefore, should be dismissed for "failing to state a claim upon which relief can be granted." *Twombly*, 550 U. S. at 570.

**B.    Non-Economic Damages Not Recoverable under Montreal Convention**

While the Montreal Convention is silent on the issue of non-economic damages, federal courts have held that inconvenience damages and purely emotional distress damages are not recoverable under the Convention. *Ratnaswamy v. Air Afrique*, 1998 U.S. Dist. LEXIS 2683, *19

(N.D. Ill. 1998); *Hansen v. Delta Airlines*, 2004 U.S. Dist. LEXIS 4150, *7 (N.D. Ill. 2004) (explaining that purely mental injuries, unaccompanied by physical injuries, are not compensable under the Convention.); *Rubin v. Air China Ltd*., 2011 U.S. Dist. LEXIS 65618, *9 (N.D. Cal. 2011) (finding that purely emotional injuries under Article 19 are not available under Montreal); *Lee v. Am. Airlines, Inc*., 355 F.3d 386, 387 (5th Cir. 2004) (holding that plaintiff's claims of inconvenience and mental anguish resulting from the delay of her flight were not compensable under Article 19); *Vumbaca v. Terminal One Grp. Ass'n L.P*., 859 F.Supp.2d 343, 367-68 (E.D. N.Y. 2012) (stating that "[m]ere inconvenience does not support a claim under Article 19. Since plaintiff's only timely claims are for non-economic harms, she cannot recover under Article 19."); *Fields v. BWIA Intern. Airways Ltd*., 2000 U.S. Dist. LEXIS 9397, *19 (E.D. N.Y. 2000) (Damages for emotional injuries are not available under Article 19); *Bassam v. Am. Airlines*, 287 Fed. Appx. 309, 316, n. 8, 317-18 (5th Cir. 2008) (emotional distress damages cannot be recovered under Article 19); *Sobol v. Cont'l Airlines*, 2006 U.S. Dist. LEXIS 71096, *15 (S.D.N.Y. 2006) (Article 19 only applies to "economic loss occasioned by delay in transportation.").

In *Rubin,* for example, the plaintiff alleged that he experienced pain and suffering due to a delay of his flight from Beijing to San Francisco. *Rubin*, 2011 U.S. Dist. LEXIS 65618, *2. Similar to our facts, Rubin claimed that he suffered discomfort, inconvenience and other non-economic injuries as a result of languishing in the airport. *Id*. at *5.  The *Rubin* court held that "to the extent that Plaintiff seeks to recover for 'pain and suffering' independent of any physical injuries or illness, such damages are not recoverable." *Id.* at *8. Specifically, the court held that "[p]laintiff [could not] recover for being 'trapped' in the Beijing airport, as damages for pain and suffering or other purely emotional injuries are not cognizable under Article 19." *Id*. at *13.

6

The court further explained that in order to recover for inconvenience damages, such damages must truly encompass economic damages, and cannot simply be based upon "discomfort, annoyance, and irritation." *Id*. at *14 (internal citations omitted). If a plaintiff has not alleged any damages arising from inconvenience associated with a delay that have an economic component separate from and not redundant to other claimed economic injuries, the plaintiff cannot recover for such alleged inconvenience. *See Id*.; *see also Lee*, 355 F.3d at 387 (holding that plaintiff's claims of inconvenience and mental anguish resulting from the delay of her flight were not compensable under Article 19); *Vumbaca,* 859 F.Supp.2d at 367-68 (stating that mere inconvenience does not support a claim under Article 19.).

Here, Plaintiffs allege that the delay of their flight caused them, among other non-economic damages, inconvenience, physical discomfort, exhaustion, "spoliation of their memorable vacations" and "loss of time." (Complaint at ¶¶ 15, 17, 18, 73, 120, 121, 125, 129) None of these alleged injuries, however, constitutes an economic injury. Rather, all of these allegations pertain to non-economic damages, which are not recoverable under Article 19. *Rubin*, 2011 U.S. Dist. LEXIS 65618, *9; *Vumbaca*, 859 F.Supp.2d at 367-68. Accordingly, Plaintiffs' claims seeking damages for non-economic injuries, including "inconvenience," should be dismissed with prejudice for failing to state a claim upon which relief can be granted.

## C.    Cost of Airfare Not Recoverable

Plaintiffs claim that they are entitled to reimbursement of the cost of their airfare because they were deprived of the benefit of their bargain. (Complaint at ¶¶ 17, 125) Such claims fail as a matter of law, however, because allegations of contractual non-performance are not cognizable under Article 19. *Wolgel v. Mexicana Airlines,* 821 F.2d 442, 444 (7th Cir. Ill. 1987) (stating that the drafters of the Convention did not intend the word "delay" in Article 19 to extend to claims

7

that arise from nonperformance of a contract); *Weiss v. El Al Isr. Airlines, Ltd.*, 433 F. Supp. 2d 361, 369 (S.D.N.Y. 2006) (holding that non-performance claims do not qualify as delay claims under Article 19). Rather, such claims can only be brought under a breach of contact theory.

To the extent the airfare claim has been properly pleaded as a breach of contract claim, Plaintiffs still cannot recover because they were ultimately transported to their destination, meaning that Frontier fulfilled its obligations under the terms of the contract of carriage. Complaint at ¶¶ 115, 121; *see* Frontier's Contract of Carriage at p. 17, attached as Ex. B; *see Fields v. BWIA Int'l Airways Ltd.*, 2000 U.S. Dist. LEXIS 9397, *15 (E.D.N.Y. 2000) ("[Plaintiff] actually flew to Barbados the following day. [The carrier], therefore, performed its obligations under the contract (albeit one day late) and [plaintiff] cannot claim non-performance."); *see also Rubin v. Air China Ltd.*, 2011 U.S. Dist. LEXIS 65618, *15 (N.D. Cal. 2011) (ruling that Plaintiff was *not* entitled to reimbursement of the cost of his ticket because Plaintiff actually used the ticket to complete his round-trip travels). Accordingly, as a matter of law, Plaintiffs' potential damages are limited to the $650 out-of-pocket expenses they allegedly incurred during the delay at the Punta Cana Airport. (Complaint at ¶ 15)

## D.    Duplicative Claims

In Count One of the Complaint, Plaintiffs bring claims against Frontier seeking damages under Article 19 of the Montreal Convention related to the delay of Frontier flight 81. (Complaint at ¶¶ 106-133) Counts Two and Three are also claims against Frontier seeking damages pursuant to Article 19 of the Montreal Convention related to a delay of Frontier flight 81. *Id.* at ¶¶ 134-164. The only difference between the three counts is the description. Specifically, Plaintiffs entitle Count One as Article 19 claims and Count Two and Three as Breach of Contract claims. In reality, however, all three counts pertain to the same parties and

8

facts, and each seeks relief pursuant to Article 19. Indeed, if there were a determination that Plaintiffs could not recover in Count One, Counts Two and Three would necessarily fail because they are contingent upon Plaintiffs recovering under Article 19 of Montreal. As such, Counts Two and Three are duplicative of Count One and should be dismissed. *Lansing*, 2012 U.S. Dist. LEXIS 144250, at *2-5 (A "count may be dismissed as duplicative of another where the parties, claims, facts and requested relief are substantially the same.") (internal citations omitted).

**IV.**     <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' putative class action claims, non-economic damages claims and cost of airfare claims should be dismissed for failure to state a claim upon which relief can be granted. Additionally, Counts Two and Three should be dismissed for being duplicative of Count One.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing with prejudice all putative class action claims, non-economic injury claims, airfare claims, as well as Counts Two and Three in their entirety, and for such further relief as this Court deems just and reasonable.

Dated: July 8, 2016            Respectfully submitted,

                         /s/ Brian T. Maye
                         _____

                         Brian T. Maye
                         Matthew S. Dowling
                         Adler Murphy & McQuillen LLP
                         20 S. Clark Street, Suite 2500
                         Chicago, Illinois 60603
                         Telephone: (312) 345-0700
                         bmaye@amm-law.com
                         mdowling@amm-law.com

                         Attorneys for Frontier Airlines, Inc.

9

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned attorney certifies that on July 8, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                        /s/ Brian T. Maye
                        _____