**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VOLHA BUDYLINA, MARINA SNOPOVA, and DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, NERINGA JOKUBAVICIENA, VYTAUTAS JOKUBAVICIUS on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE | ) ) ) ) ) ) ) ) ) | Case No.: 1:16-cv-03373  Honorable Manish S. Shah |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FRONTIER AIRLINES | ) ) | |
| Defendant. | ) | |

---

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT AT LAW

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, ADLER MURPHY & McQUILLEN LLP, answers Plaintiffs' First Amended Complaint at Law ("Complaint") as follows[1]:

### I. NATURE OF THIS ACTION

1. The allegations set forth in Paragraph 1 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 1 is deemed required, Frontier admits that this civil action falls under the jurisdiction of the Montreal Convention for the Unification of Certain Rules Relating to International Transportation by Air, May 28, 1999 (entered into force on Nov. 4, 2003) ("Montreal Convention"), which is

---

[1] Frontier filed contemporaneously with this answer a motion to dismiss Plaintiffs' class action claims, non-economic damages claims and airfare claims. Frontier responds to all allegations in Plaintiffs' Complaint pertaining to class action claims, non-economic damages claims and airfare claims through its Motion to Dismiss. Frontier's motion also seeks dismissal of Counts Two and Three for being duplicative of Count One.

Plaintiffs' sole remedy at law for their alleged damages subject to all terms, conditions, limitations, paragraphs, and the subject case law interpreting it.

2.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint and therefore denies them.

3.      Frontier admits that the United States and the Dominican Republic are signatories to the Montreal Convention.

4.      The allegations set forth in Paragraph 4 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 4 is deemed required, Frontier denies the allegations set forth in Paragraph 4.

5.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and therefore denies them.

6.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and therefore denies them.

7.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Complaint and therefore denies them.

8.      Frontier denies that the departure area of the Punta Cana Airport was operated by Frontier. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of Plaintiffs' Complaint and therefore denies them.

9.      The allegations set forth in Paragraph 9 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 9 is deemed required, Frontier denies the allegations set forth in Paragraph 9.

10.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint and therefore denies them.

11.     Frontier denies the allegations set forth in Paragraph 11.

12.     Frontier denies the allegations set forth in Paragraph 12.

13.     Frontier denies the allegations set forth in Paragraph 13.

14.     Frontier denies the allegations set forth in Paragraph 14.

15.     Frontier denies the allegations set forth in Paragraph 15.

16.     Frontier denies the allegations set forth in Paragraph 16.

17.     Frontier denies the allegations set forth in Paragraph 17.

18.     Frontier denies the allegations set forth in Paragraph 18.

19.     Frontier denies the allegations set forth in Paragraph 19.

20.     The allegations set forth in Paragraph 20 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Frontier denies that any delay alleged in Paragraph 20 was not caused by extraordinary circumstances. Frontier admits that it took all measures that could reasonably be required to avoid the alleged delay and/or that it was impossible for it to take such measures. Frontier denies the remaining allegations in Paragraph 20.

21.     Frontier denies the allegations set forth in Paragraph 21.

22.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and therefore denies them.

23.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and therefore denies them.

24.     Frontier denies the allegations set forth in Paragraph 24.

25.     Frontier lacks sufficient information or knowledge to form a belief as to the

truth of the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and therefore denies them.

## II.    JURISDICTION AND VENUE

26.    Frontier realleges and incorporates its responses to Paragraphs 1 through 25 of Plaintiffs' Complaint as though fully set forth herein.

27.    The allegations set forth in Paragraph 27 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 27 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and therefore denies them.

29.    The allegations set forth in Paragraph 29 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 29 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiffs' Complaint and therefore denies them[2].

30.    The allegations set forth in Paragraph 30 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 30 is deemed required, Frontier denies that Plaintiffs are entitled to relief under Article 19 of the Montreal Convention or any other theory of liability.

31.    The allegations set forth in Paragraph 31 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 31 is deemed required, Frontier admits that the United States is a signatory to the

---

[2] Plaintiffs failed to include a paragraph identified as no. 28. Frontier's answers reflect that there is no paragraph no. 28 to which to respond.

Montreal Convention.

32.     The allegations set forth in Paragraph 32 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.   To the extent that a response to Paragraph 32 is deemed required, Frontier admits that the Dominican Republic is a signatory to the Montreal Convention.

33.     The allegations set forth in Paragraph 33 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.   To the extent that a response to Paragraph 33 is deemed required, Frontier denies the allegations set forth in Paragraph 33.

34.     The allegations set forth in Paragraph 34 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 34 is deemed required, Frontier admits that this Court has jurisdiction under the Montreal Convention, but denies this Court has jurisdiction under the Warsaw Convention.  Further, Frontier denies that the doctrine of supplemental jurisdiction is applicable.

35.     Frontier denies the allegations set forth in Paragraph 35 of Plaintiffs' Complaint.

36.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiffs' Complaint and therefore denies them.

37.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiffs' Complaint and therefore denies them.

38.     Frontier admits that it conducts business within the state of Illinois.

39.     Frontier admits that it conducts business within the jurisdiction of the United States District Court for the Northern District of Illinois.

40.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiffs' Complaint and therefore denies them.

41.     Frontier denies the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42.     The allegations set forth in Paragraph 42 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.   To the extent that a response to Paragraph 42 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiffs' Complaint and therefore denies them.

43.     The allegations set forth in Paragraph 43 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.   To the extent that a response to Paragraph 43 is deemed required, Frontier denies the allegations set forth in Paragraph 43, including its subparagraphs.

44.     The allegations set forth in Paragraph 44 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.   To the extent that a response to Paragraph 44 is deemed required, Frontier denies the allegations set forth in Paragraph 44, including its subparagraphs.

45.     The allegations set forth in Paragraph 45 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.   To the extent that a response to Paragraph 45 is deemed required, Frontier admits that it conducts business within the state of Illinois and that the Court possesses personal jurisdiction over Frontier. Frontier denies the remaining allegations in Paragraph 45.

46.     The allegations set forth in Paragraph 46 of Plaintiffs' Complaint constitute

conclusions of law to which no response is required. To the extent that a response to Paragraph 46 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiffs' Complaint and therefore denies them.

### III. PARTIES:

47.     Frontier realleges and incorporates its responses to Paragraphs 1 through 46 of Plaintiffs' Complaint, as though fully set forth herein.

48.     Frontier realleges and incorporates its responses to Plaintiffs' jurisdictional allegations, as though fully set forth herein.

49.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 49 of Plaintiffs' Complaint and therefore denies them.

50.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 50 of Plaintiffs' Complaint and therefore denies them.

51.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 51 of Plaintiffs' Complaint and therefore denies them.

52.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 52 of Plaintiffs' Complaint and therefore denies them.

53.     Frontier admits that it is a commercial air carrier with its principal place of business located in Denver, Colorado.

54.     The allegations set forth in Paragraph 54 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 54 is deemed required, Frontier admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages

subject to all its terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 54 of Plaintiffs' Complaint.

55.     The allegations set forth in Paragraph 55 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 55 is deemed required, Frontier admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages subject to all its terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56.     The allegations set forth in Paragraph 56 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 56 is deemed required, Frontier admits that it conducts business within the jurisdiction of the United States District Court for the Northern District of Illinois.

57.     Frontier denies the allegations set forth in Paragraph 57 of Plaintiffs' Complaint.

58.     The allegations set forth in Paragraph 58 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 58 is deemed required, Frontier denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

## IV.    STATEMENT OF CLAIM AND PLAINTIFF'S (*sic*) FACTUAL ALLEGATIONS AS TO RELEVANT TO (*sic*) INDIVIDUAL AND CLASS ACTION CLAIMS

59.     Frontier realleges and incorporates its responses to Paragraphs 1 through 58 of Plaintiffs' Complaint as though fully set forth herein.

60.     Frontier denies the allegations set forth in Paragraph 60 of Plaintiffs' Complaint.

61.     Frontier denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62.     Frontier denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63.     Frontier denies the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

64.     Frontier denies the allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

65.     The allegations set forth in Paragraph 65 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Frontier denies that the delay alleged in Paragraph 65 was not caused by extraordinary circumstances. Frontier admits that it took all measures that could reasonably be required to avoid the alleged delay or that it was impossible for it to take such measures. Frontier denies the remaining allegations in Paragraph 65.

66.     Frontier denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

67.     Frontier denies the allegations set forth in Paragraph 67 of Plaintiffs' Complaint.

68.     Frontier denies the allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

69.     Frontier denies the allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

70.     Frontier denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

71.     Frontier denies the allegations set forth in Paragraph 71 of Plaintiffs' Complaint.

72.     Frontier denies the allegations set forth in Paragraph 72 of Plaintiffs' Complaint.

73.     Frontier denies the allegations set forth in Paragraph 73 of Plaintiffs' Complaint.

74.     Frontier denies the allegations set forth in Paragraph 74 of Plaintiffs' Complaint.

75.     Frontier denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

76.     Frontier denies the allegations set forth in Paragraph 76 of Plaintiffs' Complaint.

77.     Frontier denies the allegations set forth in Paragraph 77 of Plaintiffs' Complaint.

78.     Frontier denies the allegations set forth in Paragraph 78 of Plaintiffs' Complaint.

79.     The allegations set forth in Paragraph 79 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph

79 is deemed required, Frontier denies such allegations.

## V.    CLASS ACTION ALLEGATIONS

80.    Frontier realleges and incorporates its responses to Paragraphs 1 through 79 of Plaintiffs' Complaint as though fully set forth herein.

81.    Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

82.    Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

83.    Frontier denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint.

84.    Plaintiffs do not make accusations of law or fact in Paragraph 84 requiring a response from Frontier. To the extent that a response to Paragraph 84 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

85.    Plaintiffs do not make accusations of law or fact in Paragraph 85 requiring a response from Frontier. To the extent that a response to Paragraph 85 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

86.    Plaintiffs do not make accusations of law or fact in Paragraph 86 requiring a response from Frontier. To the extent that a response to Paragraph 86 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

87.    Frontier denies the allegations set forth in Paragraph 87 of Plaintiffs' Complaint.

88.    Frontier denies the allegations set forth in Paragraph 88 of Plaintiffs' Complaint.

89.     Frontier denies the allegations set forth in Paragraph 89 of Plaintiffs' Complaint.

90.     Frontier denies the allegations set forth in Paragraph 90 of Plaintiffs' Complaint.

91.     Frontier denies the allegations set forth in Paragraph 91 of Plaintiffs' Complaint.

92.     Frontier denies the allegations set forth in Paragraph 92 of Plaintiffs' Complaint.

93.     Frontier denies the allegations set forth in Paragraph 93 of Plaintiffs' Complaint, including its sub-paragraphs.

94.     Frontier denies the allegations set forth in Paragraph 94 of Plaintiffs' Complaint.

95.     Frontier denies the allegations set forth in Paragraph 95 of Plaintiffs' Complaint.

96.     Frontier denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint.

97.     Frontier denies the allegations set forth in Paragraph 97 of Plaintiffs' Complaint.

98.     Frontier denies the allegations set forth in Paragraph 98 of Plaintiffs' Complaint.

99.     Frontier denies the allegations set forth in Paragraph 99 of Plaintiffs' Complaint.

100.    Frontier denies the allegations set forth in Paragraph 100 of Plaintiffs' Complaint.

101.    Frontier denies the allegations set forth in Paragraph 101 of Plaintiffs' Complaint.

102.    Frontier denies the allegations set forth in Paragraph 102 of Plaintiffs' Complaint.

103.    Frontier denies the allegations set forth in Paragraph 103 of Plaintiffs' Complaint[3].

104.    Frontier denies the allegations set forth in Paragraph 104 of Plaintiffs' Complaint.

105.    Frontier denies the allegations set forth in Paragraph 105 of Plaintiffs' Complaint.

---

[3] Plaintiffs' allegations in Paragraph 103 refer to United Airlines rather than Frontier. Frontier responds to Paragraph 103 as if the allegations refer to Frontier.

## VI.  CLASS AND INDIVIDUAL CLAIMS

### CLASS ACTION AND INDIVIDUAL COUNT ONE

Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19 of the Montreal Convention

106.    Frontier realleges and incorporates its responses to Paragraphs 1 through 105 of Plaintiffs' Complaint, as though fully set forth herein.

107.    Frontier denies the allegations set forth in Paragraph 107 of Plaintiffs' Complaint.

108.    Frontier admits the allegations set forth in Paragraph 108 of Plaintiffs' Complaint.

109.    Frontier admits the allegations set forth in Paragraph 109 of Plaintiffs' Complaint.

110.    Frontier admits the allegations set forth in Paragraph 110 of Plaintiffs' Complaint.

111.    Frontier denies the allegations set forth in Paragraph 111 of Plaintiffs' Complaint.

112.    Frontier denies the allegations set forth in Paragraph 112 of Plaintiffs' Complaint.

113.    Frontier admits that Plaintiffs were allowed to exit the plane. Frontier denies the remaining allegations set forth in Paragraph 113 of Plaintiffs' Complaint.

114.    Frontier denies the allegations set forth in Paragraph 114 of Plaintiffs' Complaint[4].

115.    Frontier admits the allegations set forth in Paragraph 115 of Plaintiffs' Complaint.

116.    Frontier denies the allegations set forth in Paragraph 116 of Plaintiffs' Complaint.

117.    Frontier denies the allegations set forth in Paragraph 117 of Plaintiffs' Complaint.

118.    Frontier denies the allegations set forth in Paragraph 118 of Plaintiffs' Complaint.

119.    Frontier denies the allegations set forth in Paragraph 119 of Plaintiffs' Complaint.

120.    Frontier denies the allegations set forth in Paragraph 120 of Plaintiffs' Complaint.

---

[4] Plaintiffs' allegations in Paragraph 114 refer to flight 41 rather than flight 81. Frontier responds to Paragraph 114 as if the allegations refer to flight 81.

121.     Frontier denies the allegations set forth in Paragraph 121 of Plaintiffs' Complaint.

122.     Frontier denies the allegations set forth in Paragraph 122 of Plaintiffs' Complaint.

123.     Frontier denies the allegations set forth in Paragraph 123 of Plaintiffs' Complaint.

124.     Frontier denies the allegations set forth in Paragraph 124 of Plaintiffs' Complaint.

125.     Frontier denies the allegations set forth in Paragraph 125 of Plaintiffs' Complaint.

126.     Frontier denies the allegations set forth in Paragraph 126 of Plaintiffs' Complaint.

127.     Frontier admits that the Montreal Convention is incorporated into its Contract of Carriage. Frontier further admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages subject to all its terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 127 of Plaintiffs' Complaint.

128.     Frontier admits that the Montreal Convention is incorporated into its Contract of Carriage.  Frontier further admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages subject to all its terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 128 of Plaintiffs' Complaint.

129.     Frontier denies the allegations set forth in Paragraph 129 of Plaintiffs' Complaint.

130.     Frontier denies the allegations set forth in Paragraph 130 of Plaintiffs' Complaint.

131.     Frontier denies the allegations set forth in Paragraph 131 of Plaintiffs' Complaint.

132.     Frontier denies the allegations set forth in Paragraph 132 of Plaintiffs' Complaint.

133.     Frontier denies the allegations set forth in Paragraph 133 of Plaintiffs' Complaint.

## CLASS ACTION AND INDIVIDUAL COUNT TWO

Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed
Contractual Duty

Frontier responds to Count Two through its motion to dismiss, which was filed contemporaneously herewith.

## CLASS ACTION AND INDIVIDUAL COUNT THREE

Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed
Contractual Duty

Frontier responds to Count Three through its motion to dismiss, which was filed contemporaneously herewith.

## VIII. (*Sic*) INDIVIDUAL CLAIMS RELEIF (*Sic*)

A.      Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

B.      Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

C.      Frontier denies that Plaintiffs are due attorney's fees, or any other damages, pursuant to Federal Rule of Civil Procedure 54(d)(2), Article 22(4) of the Hague Protocol, or Article 22(6) of the Montreal Convention as alleged in Paragraph C of Plaintiffs' Complaint.

D.      Frontier denies that Plaintiffs are due attorney's fees, disbursements, or any other damages pursuant to Federal Rule of Civil Procedure 54(d)(2).

E.      Frontier denies that Plaintiffs are due attorney's fees or any other damages.

F.      Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

## XIIII. (*Sic*) CLASS ACTION RELEIF (*Sic*)

G.      Frontier realleges and incorporates its responses to Paragraphs 1 through 133 and A-F of Plaintiffs' Complaint as though fully set forth herein. For purposes of responding to Paragraph G only, Frontier denies the realleged and incorporated allegations in Paragraphs 134 through 164.

H.      Frontier denies that Plaintiffs have alleged or proven the existence of a cognizable class required for certifying a class action.  Frontier further denies that Plaintiffs are proper class representatives for any perceived, purported or putative class.  In that there is no cognizable class of Plaintiffs, Frontier denies any notice of this action to any perceived, purported or putative class is warranted.

I.      Frontier denies any judgment is warranted against it and prays this case be dismissed on the merits with prejudice denying Plaintiffs' claims for relief.

J.      Frontier denies that Plaintiffs are entitled to any compensation, interest, costs, and/or attorney's fees as alleged in Paragraph J of Plaintiffs' Complaint.

K.      Frontier denies that Plaintiffs are due compensation for any other damages sought as alleged in Paragraph K of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs fail to state a claim for which relief can be granted. Specifically, Article 19 of the Montreal Convention cannot provide the basis for class action claims. Further, Plaintiffs' breach of contract claims fail to state a cognizable claim per the terms of Frontier's Contract of Carriage. Additionally, under the terms of Frontier's Contract of Carriage, Frontier cannot be liable for any delay, missed connection or late arrival because Plaintiffs' travel was ultimately completed. Also, any claimed medical expenses, personal injuries and/or non-economic damages for which Plaintiffs are seeking damages are not compensable pursuant to Article 19 of the Montreal Convention.

2.      Any and all damages sustained by Plaintiffs, if any, were the result of an intervening and/or superseding cause or a new or unanticipated event which were a proximate and/or producing cause and/or the sole proximate cause of Plaintiffs' alleged

damages, and, therefore, no act or omission on the part of Frontier was the proximate cause of the alleged damages.

3.     To the extent that any of Plaintiffs' claims may not fall under the purview of the Montreal Convention, they are preempted by the Airline Deregulation Act, which prohibits states from enacting or enforcing a law, regulation or other provision that relates to a "price, route or service of an air carrier.  Here, Plaintiffs' claims relate to services provided by Frontier.

4.      Upon information and belief, Plaintiffs may have failed to mitigate their damages in one or more of the following ways: (a) by incurring unreasonable, excessive, and unnecessary expenses during their alleged flight delay; (b) by incurring unreasonable, excessive, and unnecessary out of pocket expenses after their flight delay; (c) by incurring unreasonable, excessive, and unnecessary medical expenses; and (d) by failing to take reasonable steps to limit their out of pocket expenses during their flight or after their flight delay, and/or their medical expenses.

5.     Pursuant to the Montreal Convention, a qualifying passenger has two years to bring a claim against an air carrier. Upon information and belief, other than the named Plaintiffs herein, no other passengers have made a claim against Frontier in connection with the subject flight or flights. Therefore, any purported class members whom Plaintiffs seek to represent in their putative class action claims relating to the subject flight will waive their ability to recover damages, if any, two years from the date of the subject flight.

6.     An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source as a result of the alleged delay. Specifically, Plaintiffs may have received compensation, refunds,

reimbursements, credits, vouchers and/or other benefits or accommodations from Frontier, Apple Vacations, the Punta Cana Airport or other third-parties.

7.     Some or all of Plaintiffs' claims may be barred in whole or in part because they may have already been offered or received full satisfaction and/or compensation for the injuries and damages, if any. Specifically, Frontier has offered Plaintiffs compensation that exceeds any damages they may have sustained.

WHEREFORE, Frontier Airlines, Inc. demands judgment dismissing Plaintiffs' Complaint at Law, together with costs, disbursements and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Frontier demands trial by jury.

Dated: July 8, 2016                                    Respectfully submitted,

                                                       /s/ Brian T. Maye
                                                       _____

                                                       Brian T. Maye
                                                       Matthew S. Dowling
                                                       Adler Murphy & McQuillen LLP
                                                       20 S. Clark Street, Suite 2500
                                                       Chicago, Illinois 60603
                                                       Telephone: (312) 422-5713
                                                       bmaye@amm-law.com
                                                       mdowling@amm-law.com

                                                       Attorneys for Defendant Frontier Airlines, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on July 8, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye
_____