IN THE UNITED STATES FEDERAL COURT
OF NORTHERN DISTRICT OF ILLINOIS

**MARINA SNOPOVA** *at., el.,*                                          Case No. 1:16-cv-3373
            **Plaintiffs**
      vs.                                                           HON. MANISH S. SHAH

**FRONTIER AIRLINES INC.**
            **Defendant**

**PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW AND FACTS IN OPPOSITION TO MOTION TO DISMISS OF FRONTIER AIRLINES**

### I. INTRODUCTION:

      This class action case resulted from numerous instances of cancellations and delays of international airfare flights perpetrated by FRONTIER AIRLINES INC, affecting thousands of flying American air passengers. In particular, as presently before this Court the claims for recovery of their economic damages asserted by the above-named plaintiffs. Their international airfare flights were canceled by Frontier Airlines and they were forced to dwell on flours of various airports for several days, incurring compensable economic damages. They brought this civil class action on their own behalf and on behalf of all other similarly situated plaintiffs to recover their compensable economic damages from Frontier Airlines.[1]

      Procedurally, on July 8, 2016 the above-named defendant filed its motion to dismiss 1st amended class action complaint at law. (Doc. 20) This Memorandum of Law and Facts is respectfully submitted in opposition to the above-referenced motion to dismiss filed by Frontier Airlines in this matter.

### II. LEGAL STANDARD:

---

[1] Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29.

**2.1. Legal Standard on the Motion to Dismiss Pursuant to Rule 12(b)(2) and (6) of Fed.R. Civ Procedure:**

The defendants are now moving to dismiss pursuant to Rule 12 (b) (2) and (6) of Federal Rules of Civil Procedure. It is well settled that purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits.[2] It is also well settled that a Rule 12(b)(6) motion to dismiss must be considered in light of the liberal pleading standard of Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. Importantly, "specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."[3] Equally important that determination of the sufficiency of a claim must be made "on the assumption that all allegations in the complaint are true (even if doubtful in fact)."[4] Furthermore, on a motion to dismiss under Fed. R.Civ.P. 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff.[5] Likewise, when considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor.[6] Nevertheless, the complaint must plead sufficient facts to suggest plausibly that the plaintiff is entitled to relief.[7] However, "a plaintiff need not put all of the essential facts in the complaint,"[8]; instead, the plaintiff

---

[2] Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990).
[3] Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).
[4] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[5] Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir.2000).
[6] McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir.2006).
[7] Twombly, 550 U.S. at 544, 127 S.Ct. at 1955.
[8] Hrubec v. Nat'l R.R. Passenger Corp., 981 F.2d 962, 963 (7th Cir.1992)

"may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint."[9] Importantly, while "detailed factual allegations" are not required, the plaintiff must allege facts that, when "accepted as true, ... state a claim to relief that is plausible on its face."[10] Finally, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563, 127 S.Ct. 1955.

### 2.2. Legal Standard for recovery of economic damages under Art. 19 of the Montreal Convention:

In the mater *sub judice* the Plaintiff's claim for compensation for damages caused by delay or cancellation of international airfare is governed by Art. 19 of the Montreal Convention known as International Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention)[11], *reprinted in* S. Treaty Doc. No. 106-45, is an international treaty, exclusively governing the rights and liabilities of passengers and carriers in international air transportation, which is the supreme law of this land, was ratified on November 4, 2003, by the Unites States Senate. *See, generally*, Multilateral Convention for International Carriage by Air, Montreal May 28, 1999., S. Treaty Doc. No. 106-45, reprinted in1999 WL 33292734 (2000). [12] The Montreal Convention provides remedy

---

[9] Help at Home Inc. v. Medical Capital, LLC, 260 F.3d 748, 752–53 (7th Cir.2001); *see* Cruz v. Cross, 2010 WL 3655992, at *2 (N.D.Ill.2010).
[10] Ashcroft v. Iqbal, 129 S.Ct. 1937 1949, 173 L.Ed.2d 868 (2009)(holding that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").
[11] Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, reprinted in S. TREATY DOC. NO. 106-45, 1999 WL 33292734 (2000).
[12] *See* Press Statement, United States Department of State, Ratification of the 1999 Montreal Convention (Sept. 5, 2003), *available at* http://www.state.gov/r/pa/prs/ps/2003/

for claims arising out of the carriage of international passengers by air. [13] The Montreal Convention [14] unified the law that had developed under the older Warsaw Convention [15] and superseded the Warsaw Convention. The Montreal Convention is the product of a United Nations effort to reform the Warsaw Convention so as to harmonize the hodgepodge of supplementary amendments and inter-carrier agreements of which the Warsaw Convention system of liability consists.[16] The Montreal Convention is not an amendment to the Warsaw Convention, but rather takes precedence over the Warsaw Convention and any of its amendments and related instruments, [17] unifying and replacing the system of liability that derives from the Warsaw Convention, explicitly recognizing the importance of ensuring protection of the interests of consumers in international carriage by air and the need for equitable compensation based on the principle of restitution.[18] Even though the Montreal Convention is directed more at consumers, it does not alter the original goal of the Warsaw Convention of maintaining limited and

---

*23851pf.htm;* Press Release, United States Department of Transportation, United States Ratifies 1999 Montreal Convention, Putting Treaty Into Effect (Sept. 5, 2003), *available at http://www.dot.gov/ affairs/dot10303.htm.*

[13] *See*, Montreal Convention Art. 29; *also see* El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 162, 174-75 (1999); Booker v. BWIA West Indies Airways, 2007 WL 1351927 at *2 (E.D.N.Y. May 08, 2007), aff'd, 307 Fed. Appx. 491 (2d Cir. Jan. 13, 2009) (construing Montreal Convention).

[14] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.

[15] *See*, Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934) [hereinafter Warsaw Convention],

[16] Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., 522 F.3d 776, 780 (7th Cir. 2008).

[17] Ehrlich v. American Airlines, Inc**.,** 360 F.3d 366, C.A.2 (N.Y.), 2004.

[18] Sompo, 522 F.3d at 780.

predictable damage amounts for airlines.[19] Pursuant to Article 1, the Montreal Convention applies to international airfare flights between countries – signatories to the Convention, [20] and applies to all international carriage of persons, baggage or cargo performed by aircraft for reward. [21] International carriage is defined as any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage.., are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.[22] The Montreal Convention provides for the cause of action for damages resulted from delays in international carriage of passengers, their baggage and of cargo. Specifically, the Article 19 provides:

> "The Carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

Article 19 of the Montreal Convention creates potential liability only for "damage occasioned by delay." [23] The carrier is not liable for the delay itself.[24] To set forth a viable claim under Article 19, a plaintiff must show that they suffered any type of "compensable damage occasioned by delay" that is recoverable under Article 19.

---

[19] Id. at 781.
[20] http://legacy.icao.int/icao/en/leb/mtl99.pdf
[21] Id. 1(1).
[22] Id., art. 1(2).
[23] Montreal Convention Art. 19.
[24] Paradis v. Ghana Airways, Ltd., 348 F. Supp. 2d 106, 114 (S.D.N.Y. 2004), aff'd, 194 Fed. Appx. 5 (2nd Cir. August 18, 2006).

As to damages, plaintiff can recover actual, general, special damages including economic damages. [25] Although "purely emotional damages" such as damages for frustration, anguish, physical or mental upset independent of any physical injury may not be recovered under the Montreal Convention, courts have allowed recovery for physical and financial injuries, and even inconvenience causing financial injury.[26]

### III. LEGAL ARGUMENT:

**Motion to Dismiss as filed by FRONTIER on 7-8-16 is without legal merit and as such must be denied by this Court for the following legal reasons**:

### 3.1. The Montreal Convention is an Appropriate Basis for Class Claims:

---

[25] Ikekpeazu v. Air France, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004)(Plaintiff can also recover loss of work damages resulting at financial injury as economic damages).

[26] See, Daniel v. Virgin Atl. Airways Ltd, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998) (denying recovery for emotional injuries, but permitting claims for physical injuries and economic damages, including inconvenience); Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4 (recognizing financial injury as a cognizable claim, but not emotional injury). Lee v. American Airlines, Inc., No. 3:01-CV-1179-P, 2002 U.S. Dist. LEXIS 12029 at *13 (N.D. Tex. July 2, 2002), aff'd, 355 F.3d 386, 387 (5th Cir. Tex. 2004)( Yet, some court are reluctant to allow recovery for inconvenience); Rubin v. Air China Ltd. (N.D. Cal., 2011)(holding that pain and suffering independent of any physical injuries or illness are not recoverable, but the economic damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay)(also holding that to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims)(also holding that "damages for inconvenience do not fall within the rubric of 'emotional distress' but "time is money, after all, and thus the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel"); Stone v. Continental Airlines, 2005 NY Slip Op 25481 (NY 11/10/2005), 2005 NY Slip Op 25481 (NY, 2005)(holding that "it is well settled that an award for inconvenience, delay and uncertainty is cognizable under New York law")**.**

In its 12(b)(6) motion, Frontier objects to the class certification for claims of violations of the Montreal Convention because Plaintiffs' claims contain insufficient common questions of law and fact. Frontier points out that determination of liability under Article 19 of the Montreal Convention depends on the individual facts of each Plaintiffs' delay, which Frontier claims causes Plaintiffs to fail the typicality requirement for a class action.[27] Plaintiffs are responding to that argument by pointing to this Court that Frontier's opposition to class certification should be raised in a Rule 56 motion for summary judgment and cannot be addressed at the pleading stage. Federal Rule of Civil Procedure 23 governs class action lawsuits. Frontier essentially argues that under Rule 23(b)(3), the Complaint fails to allege that there are "questions of law or fact common to class members[.]" Rule 23(c)(1) mandates class certification be resolved "[a]t an early practicable time after a person sues or is sued as a class representative." And generally, this Court shall address a 12(b)(6) motion before certifying a putative class under Rule 23.[28] But "whether a plaintiff has satisfied the requirements under Rule 23 for a class action is not an appropriate inquiry at the motion to dismiss stage." Iryna Dochak v. Lot Polish Airlines, NDIL Case No. 1:15-cv-4344 (Memorandum and Order of Judge Kendall, May 27, 16, 2016: Dct. 54). Frontier should instead move under Rule 23(c)(1)(A) to argue that class action is unwarranted as it requires determination of class certification as an early practicable time. Id.[29] Accordingly, this Court shall decline to

---

[27] Cf., Dkt. 20: Frontier's Motion to Dismiss, 8-8-16, par. B, pp. 5-7 with Iryna Dochak v. Lot Polish Airlines, NDIL Case No. 1:15-cv-4344 (Memorandum and Order of Judge Kendall, May 27, 16, 2016: Dct. 54).
[28] See McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 879 n.4 (7th Cir. 2012); Larson v.United Healthcare Ins. Co., 723 F.3d 905, 910 n.3 (7th Cir. 2013).
[29] See, e.g., Mednick v. Precor, Inc., Case No. 14 C 3624 Consolidated with Case No. 14 C 4231, 2014 WL 6474915 at *7 (N.D.Ill. Nov. 13, 2014) (deferring consideration of

consider Frontier's arguments with respect to class certification because they are improper for the motion to dismiss phase. Id.

### 3.2. Plaintiffs are not seeking recovery for none-economical damages:

First, this Court is mindful that in resolving defendants motion to dismiss this Court must accept all well-pled facts in Plaintiff's' complaint as true.[30] Furthermore, this Court must view the allegations in the light most favorable to this Plaintiffs.[31] In the case at bar the above-named defendant Frontier is now moving to dismiss pertinent counts of 1st Amended Complaint, alleging that "the plaintiffs are seeing to recover their none-economic damages which are according to the defendant are not recoverable.[32] This argument is not legally viable and is not supported by the record and as such shall be rejected by this Court due to defendant's argument being misleading in painting of plaintiffs claim for compensation for their economic damages as claims for none-economic damages.[33] In fact, all asserted allegations as set forth in plaintiff's amended complaint are only seeking recovery for their economic damages.[34]

### 3.3. The above-named plaintiffs adequately alleged inconvenience

---

class certification arguments to certification stage instead of pleadings stage); Dominguez v. Micro Ctr. Sales Corp., No. 11 C 8203, 2012 WL 1719793 at *2 (N.D.Ill. May 15, 2012) ("As a general rule, whether a suit can be maintained as a class or collective action is determined not on a Rule 12(b)(6) motion, but on a motion to certify a class action under Rule 23 or a motion to certify a collective action under 29 U.S.C. § 216(b)."); *Howard v. Renal Life Link, Inc.*, No. 10 C 3225, 2010 WL 4483323 at *2 (N.D.Ill. Nov. 1, 2010) (collection of cases; finding 12(b)(6) motion for failure to define putative class premature and "best left for class certification stage").
[30] Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir.2002).
[31] Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987).
[32] Dkt. 20: Frontier Motion to Dismiss, 7-8-16, par. B, p. 5-7.
[33] Cf., Dkt. 20: Frontier's Motion to Dismiss, 8-8-16, par. B, pp. 5-7 *with* Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29.
[34] Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29.

**damages with nexus to financial injury recoverable as economic damages under Art. 19 of the Montreal Convention:**

Next, Frontier is now moving to dismiss pertinent counts of 1st Amended Complaint alleging that "the above-named plaintiffs are seeing to recover their inconvenience damages which are according to the defendant are not recoverable.[35] This argument is not viable and is not supported by the record, and as such shall be rejected by this Court for the following legal reasons.

First, this Court shall notice that defendant's argument is misleading in painting of plaintiffs claim for compensation as claims for none-economic damages.[36] In fact, the allegations set forth in plaintiff's 1st amended class action complaint are seeking recovery for their economic damages. [37] Importantly, in its attempt to persuade this Court to dismiss pertinent counts of 1st Amended Class Action Complaint at Law, Frontier is misinterpreting *Rubin* doctrine and its progeny. Rubin v. Air China Ltd., 2011 U.S. Dist. LEXIS 65618 (N.D. Cal., 2011). Contrary to defendant's erroneous interpretation, the *Rubin* doctrine establishes the concept of nexus between inconvenience damages and financial injury. Id. The *Rubin* also holds that; "although pain and suffering independent of any physical injuries or illness are not recoverable, but the economic damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay." Id. In particular, analyzing issues of "inconvenience damages with nexuses to finical injury" the *Rubin* Court specifically elaborated that:

---

[35] Dkt. 20: Frontier's Motion to Dismiss, 7-8-16, par. B, p. 5-7.
[36] Cf., Dkt. 20: Frontier's Motion to Dismiss, 8-8-16, par. B, p. 5-7 *with* Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29.
[37] Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29.

> "to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims" further noticing that "damages for inconvenience do not fall within the rubric of 'emotional distress' but "time is money, after all, and thus the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel." Id.

This Court shall also notice that *Rubin* is not standing alone in its analysis of recoverable economic damages with nexus to financial injury. Id. Other courts, while examining this issue, also permitted claims for economic damages, including inconvenience.[38] Noticeably, the Ikekpeazu Court similarly recognized financial injury as a cognizable claim, but not emotional injury.[39] Although some courts in other circuits were reluctant to recognize recovery for inconvenience as part of economic damages with nexus to financial injury,[40] yet other courts recognized that: "it is well settled that an award for inconvenience, delay and uncertainty is cognizable under New York law." Stone, 2005 NY Slip Op at 25481. To that extent this Court shall note the language used by *Kupferman* Court whereby the Court uttered that: "Plaintiffs are entitled to fair and just compensation for physical discomfort, inconvenience, humiliation, embarrassment and loss of a refreshing, memorable vacation."[41] Clearly, the above-cited legal postulates are supporting plaintiffs' claims for compensation of their compensable economic damages as alleged in their 1st amended complaint.[42] Based on the above-cited

---

[38] See, Daniel v. Virgin Atl. Airways Ltd, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998).
[39] Ikekpeazu v. Air France, 2004 U.S. Dist. LEXIS 24580 at *4.
[40] Lee v. American Airlines, Inc., No. 3:01-CV-1179-P, 2002 U.S. Dist. LEXIS 12029 at *13 (N.D. Tex. July 2, 2002), aff'd, 355 F.3d 386, 387 (5th Cir. Tex. 2004),
[41] Kupferman v. Pakistan International Airlines, 108 Misc. 2d 485, 438 N.Y.S.2d 189.
[42] Cf., Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29 with Daniel, 59 F. Supp. 2d

persuasive legal authority, the Plaintiffs are respectfully urging this Court to adopt *Kupferman* , *Rubin*, *Daniel*, *Ikekpeazu* and *Stone* analysis of permitting recovery for inconvenience damages as compensable economic damages with nexus to financial injury. Id.

### 3.4. Because Plaintiffs' "inconvenience damages" are with nexus to their financial injury of deprivation of bargained for contractual benefit which was supported by paid consideration of air fare purchasing price, thus they are valid economical damages recoverable under Art. 19 of the Montreal Convention:

Next, Frontier is arguing that "cost of airfare is not recoverable."[43] However this position is contrary to well settled legal postulate promulgated by Article 19[44] of the Montreal Convention, which specifically states the following:

> "The Carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

Furthermore, Article 19 creates potential liability only for "damage occasioned by delay."[45] Although carrier is not liable for the delay itself, nevertheless carrier is liable for proven economic damages.[46] To set forth a viable claim under Article 19, a plaintiff must show that they suffered any type of "compensable damage occasioned by delay" that is recoverable under Article 19. Id. Subsequently, plaintiff can recover actual,

---

at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[43] Dct. 20: Frontier's Motion to Dismiss, 7-8-16, par. C, p.7.

[44] Id. Art. 19 ("The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo.").

[45] Montreal Convention Art. 19
[46] Paradis., 348 F. Supp. 2d at 106.

general, special damages including economic damages. [47] Although "purely emotional damages" such as damages for frustration, anguish, physical or mental upset independent of any physical injury may not be recovered under the Montreal Convention, courts have allowed recovery for physical and financial injuries, and even inconvenience causing financial injury.[48] In the case at bar the above-named plaintiffs alleged inconvenience damages with nexus to financial injury.[49] Specifically, in par. 8 on page 6 of their 1st Amended Class Action Complaint at Law the above-named plaintiffs alleged that:

> 8. That at all times material hereto for entire duration in excess of six (6) hours the above-named Plaintiffs were confined at departure area of Punta Cana Airport operated by Frontier Airline without access to food, refreshments and lavatories *Id. at* par. 8, p. 3.

It can be logically discerned from the above-cited allegations of facts that, while being confined to departure area for excess of six hours without any meaningful support from

---

[47] Ikekpeazu, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004)(Plaintiff can also recover loss of work damages resulting at financial injury as economic damages).

[48] See, Daniel, 59 F. Supp. 2d at 986 (denying recovery for emotional injuries, but permitting claims for physical injuries and economic damages, including inconvenience); Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4 (recognizing financial injury as a cognizable claim, but not emotional injury); Rubin, (N.D. Cal., 2011) (holding that pain and suffering independent of any physical injuries or illness are
not recoverable, but the economic damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay)(also holding that to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims)(also holding that "damages for inconvenience do not fall within the rubric of 'emotional distress' but "time is money, after all, and thus the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel"); Stone, 2005 NY Slip Op at 25481 (holding that "it is well settled that an award for inconvenience, delay and uncertainty is cognizable under New York law").

[49] Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29.

United", that the Plaintiffs were subjected to compensable economic damages, which are properly alleged in plaintiff's pleadings. [50] Noticeably that being involved in substantially similar factual analysis, the *Kupferman* Court held that: "the law has evolved a liberal rule of damages where a customer has been subjected to humiliating indifference and has been accorded treatment inferior to the class of treatment that he had bargained for."[51] Undoubtedly, cancellation of airfare flight is a material breach of transportation contract. [52]

  Applying the above - cited legal framework to the case *sub judice* its is obvious that financial injury here as sustained by the above-named plaintiffs is with nexus to deprivation of usage of bargained for contractual benefit and tendered consideration in the sum of air fare purchasing price "in the sum to be determined at trial."[53] Such nexus between inconvenience and financial injury is the gist of *Rubin* analysis of recoverable economic damages. Rubin, 2011 U.S. Dist. LEXIS 65618. To that extent alleged fact of "being forced to dwell on airports flours for several days" resulting in deprivation of bargained for contractual benefit and consideration of purchasing price paid for air fare transportation is sufficient legal nexus required by *Rubin* to be between "inconvenience damages" and resulting financial injury of deprivation of said contractual benefit of tendered purchasing price for said airfare. Id. In essence, compensable damages alleged

---

[50] Cf., Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29 *with* Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[51] Kupferman, 108 Misc. 2d at 485, 438 N.Y.S.2d at 189.
[52] Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[53] Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.

by the above-named plaintiffs are purely economic damages with nexus to financial injury. [54] This Court shall also notice that plaintiffs, being confined in deaprture area of Punta Cana International Airport for excess of six hours were in essence "left out in cold" by Frontier. Id. This alleged fact really supports characterization of Frontier acting in gross or reckless disregard of its passengers rights. Id. On substantially similar facts *Kupferman, Rubin*, *Daniel*, *Ikekpeazu* and *Stone* fashioned remedies for aggrieved plaintiffs. Id. This Court shall do the same.

*In toto*, consistent with the above-identified legal standard the plaintiffs adequately alleged and plead compensable economic damages in their 1st amended class action complaint at law.[55] Therefore, this Court must reject argument of Frontier Airlines on the contrary and shall deny its partial motion to dismiss. Id. Finally, this Court shall also notice that besides pleadings inconvenience damages arising of "being confined within departure area without any access to food, water and lavatories for excess of 6 hours", the Plaintiffs also plead and alleged a plethora and variety of actual compensable economic damages in the sum to be determined at trial. [56] The above-cited allegations are sufficiently stating a claim upon which relief can be granted under *Twombly* and *Iqbal* pleading standard, and as such shall survive defendant's partial motion to dismiss. [57]

---

[54] Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[55] Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29.
[56] Cf., Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29.
[57] Cf., Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 2-21, pp. 2-6; par. 60-79, pp. 13-16; par. 106 - 133, pp.21-26; par. 134-148, pp. 27-29 with Bell Atlantic Co. v. Twombly, 550 U.S. 544 (2007)(holding that complaints must state a claim to relief that is "plausible on its face.") and Ashcroft v. Iqbal, 556 U.S. 662 (2009) (holding that " labels

### 3.5. Plaintiffs claims asserted in Counts 2 and 3 are not duplicative.

Next, Frontier is unconvincingly arguing that "counts 2 and 3 of 1st amended complaint at law are duplicative.[58] This argument is without legal merit and shall be rejected by this Court as such. As reflected by plaintiff's amended pleadings, Count I is alleging the cause of action pursuant to Art. 19 of the Montreal Convention.[59] On the contrary, Count II is alleging a separate cause of action for breach of self-imposed contractual duty to compensate for damages caused by delayed departure of flight 81 on 1-28-16.[60] Furthermore, Count III is asserting the cause of action for breach of self-imposed and voluntarily assumed contractual duty to compensate arising from defendant's failure to resolve this matter via pre-suit settlement which was conducted prior to filing of this action pursuant to Art. 22(6) of the Montreal Convention.[61] Those are not duplicative but rather distinct and separate causes of actions asserting separate legal theories. Therefore, this Court shall reject Frontier's argument on contrary and shall deny its motion to dismiss on this issue.[62]

### IV. CONCLUSION:

Based on the foregoing the above-named Plaintiffs are hereby respectfully requesting this Court to deny motions to dismiss as filed by Frontier Airlines Inc on 7-8-2016; as well as for any other and further relief this Court deems fair, just and equitable.

---

and conclusions" are now insufficient, as are "naked assertions devoid of further factual enhancement" and "unadorned the-defendant-unlawfully-harmed-me accusation[s]").
[58] Dct. 20: Frontier's Motion to Dismiss, 7-8-16, par. D, pp. 7-8.
[59] Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 106-133, pp. 21-26.
[60] Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 134-148, pp. 27-29.
[61] Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 149-164, pp. 30-33.
[62] Cf. DeGeer v. Gillis, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010); Lansing v. Carroll, 2012 U.S. Dist. LEXIS 144250, at *2-5 (N.D. Ill. 2012) with Dkt. 19: 1st Amended Complaint at Law, 6-16-16, par. 106-133, pp. 21-26; par. 134-148, pp. 27-29; par. 149-164, pp. 30-33.

Dated this 14th day of July 2016.

                        Respectfully submitted by
                        GOROKHOVSKY LAW OFFICE, LLC
                        Counsel for Plaintiffs

                        *Vladimir M. Gorokhovsky, Esq.*
BY: _____
                        /s/ Vladimir M. Gorokhovsky, LL.M.
                           ILND TR. 10994

**P.O. Business Address**:
Gorokhovsky Law Office LLC
10919 N. Hedgewood Ln.
Mequon, WI 53092
(414)-581-1582

CERTIFICATE OF SERVICE:

I hereby certify that on June 27th, 2016 I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

                      *Vladimir M. Gorokhovsky, Esq.*
                   _____
                     /s/ VLADIMIR GOROKHOVSKY