IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLHA BUDYLINA, MARINA SNOPOVA, and DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, NERINGA JOKUBAVICIENA, VYTAUTAS JOKUBAVICIUS on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE<br><br>     Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES<br><br>     Defendant. | Case No.: 1:16-cv-03373<br><br>Honorable Manish S. Shah |

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

  Defendant, FRONTIER AIRLINES, INC. ("Frontier), by and through its undersigned counsel, respectfully submits this Reply in support of its partial motion to dismiss, and states as follows:

**I. ARGUMENT**

  Plaintiffs recast their non-economic claims as "inconvenience" claims in an attempt to prevent them from being dismissed. The law, however, is clear that under Article 19 of the Montreal Convention, "inconvenience" claims are *not* treated differently than other non-economic claims. It does not matter whether the alleged harm is characterized as discomfort, emotional suffering or "inconvenience." As set forth in Frontier's opening brief, if there is no financial or economic loss associated with the alleged harm, such claim fails under Article 19. *Rubin v. Air China Ltd.*, 2011 U.S. Dist. LEXIS 65618, *13 (N.D. Cal. 2011); *Sobol v. Cont'l Airlines*, 2006 U.S. Dist. LEXIS 71096 (S.D.N.Y. 2006) (Article 19 only applies to "economic

1

loss occasioned by delay in transportation."). Here, Plaintiffs allege numerous claims, including "inconvenience" claims, which are not associated with any economic or financial loss. Such claims, therefore, should be dismissed with prejudice.[1]

Regarding Frontier's assertion that a class action may not be asserted under the Montreal Convention, Plaintiffs have failed to respond to such argument, merely stating that Frontier should move to dismiss their class action claim under a different procedural mechanism. In short, Plaintiffs have essentially conceded the issue, and, therefore, the class action counts should be dismissed with prejudice. Similarly, Plaintiffs scarcely respond to Frontier's position that Counts Two and Three are duplicative of Count One, arguing that all counts are based on distinct legal theories. Such argument fails, however, because all counts undoubtedly involve the same parties and seek the same relief under Article 19 of the Montreal Convention.

A. **Plaintiffs Concede That Non-Economic Damages Are Not Recoverable**

In its Motion to Dismiss, Frontier seeks dismissal of Plaintiffs' claims of inconvenience damages, emotional distress damages and other non-economic damages, because such damages are not recoverable under Article 19 of the Montreal Convention. *See Ratnaswamy v. Air Afrique*, 1998 U.S. Dist. LEXIS 2683, *19 (N.D. Ill. 1998); *Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 532 (1991) (holding that purely emotional injuries not recoverable under the Convention). In their response, Plaintiffs concede that such damages are not recoverable under the Montreal Convention (*See* Plaintiffs' Response at pp. 9 (citing *Rubin v. Air China, Ltd.*), 10 (citing *Ikekpeazu v. Air France*)). As such, Frontier requests that the Court dismiss with

---

[1] A partial motion to dismiss with nearly identical pleadings as this case has recently been granted by The Honorable Robert W. Gettleman. There, Judge Gettleman held that the only damages Plaintiff can seek for herself or the class under Article 19 are for "lost wages and expenses incurred for food, beverages, lodging, medication, telecommunication services, and other out-of-pocket expenses." Thus, Plaintiff could not seek any "inconvenience" damages resulting from a delayed flight. *Serpytiene v. United Airlines, Inc.*, No. 1:15-cv-00832, Doc #93 (N.D. Ill. August 03, 2016) (For convenience purposes, attached hereto as Ex. "A").

prejudice Plaintiffs' non-economic claims, including, but not limited to, inconvenience, discomfort, exhaustion, "spoliation of their memorable vacations" and "loss of time." (*See* Plaintiffs' First Complaint (hereinafter "Complaint") at ¶¶ 15, 17, 18, 73, 120, 121, 125, 129)

Similarly, Plaintiffs' claims of physical discomfort, physical inconvenience and physical exhaustion should be dismissed, because there are no allegations of associated financial losses. *Id.; see Serpytiene* at 6; *Rambarran v. Dynamic Airways, LLC*, 2015 U.S. Dist. LEXIS 97651, *15 (S.D.N.Y. 2015); *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1170 (11th Cir. 2014)[2] (noting that Article 19 permits payment of economic damages caused by delay, but it does not contemplate compensation for emotional loss or physical injury); *Rubin,* 2011 U.S. Dist. LEXIS 65618 at *13 (stating that damages for pain and suffering are not cognizable under Article 19).

**B.      Mere Inconvenience Not Recoverable under Article 19 of Montreal**

Plaintiffs attempt to keep their inconvenience claims alive by suggesting that they are unique or in a category by themselves, and not simply another way of alleging purely emotional injuries – which they conceded are not recoverable. Such tactic, however, has previously been rejected. *See Serpytiene*; s*ee Lee v. Am. Airlines, Inc.*, 2002 U.S. Dist. LEXIS 12029, *15 (N.D. Tex. 2002) (stating that plaintiff has merely re-characterized his mental anguish damages as "inconvenience" damages).  In an attempt to differentiate their inconvenience damages, Plaintiffs cite to *Kupferman v. Pakistan International Airlines*, 108 Misc. 2d 485 (N.Y. Civ. Ct. 1981) and *Stone v. Continental Airlines*, 10 Misc. 3d 811 (N.Y. Civ. Ct. 2005). Both *Kupferman* and *Stone*, however, are New York state cases that did not apply the Montreal Convention.

Plaintiffs similarly rely on *Daniel v. Virgin Atl. Airways, Ltd.*, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998), wherein the court failed to properly apply Article 19, choosing to supplement it

---

[2] Importantly, *Campbell* is unpersuasive here as the *Campbell* court did not address whether inconvenience damages are recoverable under Article 19 because the "[plaintiff] [had] not pled that he suffered any harm due to inconvenience." *Id.* at 1171.

3

with a federal "bumping" regulation and New York state law. Because of its flawed application of Montreal, *Daniel* is not followed by the vast majority of courts. *See* Vumbaca, 859 F. Supp. 2d at 368 ("Few courts have followed *Daniel's* invitation to compensate for 'inconvenience' under Article 19. Mere inconvenience does not support a claim under Article 19"); *see also Lee*, 2012 U.S. Dist. LEXIS 12029 at *14 (stating that plaintiff merely recharacterized mental anguish claims as inconvenience claims arising from discomfort, annoyance, and irritation as a result of their delay. These are not easily quantifiable and do not result in real economic losses, and, therefore they are not recoverable under Article 19); *Lee v. Am. Airlines, Inc.*, 355 F.3d 386, 387 (5th Cir. 2004) (Plaintiff's claims of inconvenience resulting from delay are not compensable under Article 19). Because *Kupferman*, *Stone*, and *Daniel* do not apply here, they do not support Plaintiffs' position that "inconvenience" damages are recoverable under Article 19 of Montreal.

     As to the remaining cases relied upon by Plaintiffs, *Ikekpeazu* and *Rubin*, both of these cases actually support Frontier's position that "inconvenience" damages are not recoverable economic damages caused by a flight delay under Article 19. *Ikekpeazu v. Air France*, 2004 U.S. Dist. LEXIS 24580, *4 (D. Conn. 2004) (noting that only plaintiff's allegations of financial injury resulting from the delay are viable under Article 19); *Rubin*, 2011 U.S. Dist. LEXIS 65618 at *10 (stating that plaintiff must prove that financial injury resulted from the delay in his flight). Because Plaintiffs do not allege any economic damages arising from any inconvenience separate from the other claimed economic injuries, Plaintiffs' inconvenience claims warrant dismissal *See Rubin* at *13-14 (noting that inconvenience claims must, like other claims under Article 19, be economic in nature, and must be independent of other economic claims).

4

C.       **Plaintiffs Suffered No Financial Loss Related to Their "Inconvenience" Claims**

Plaintiffs assert that their "inconvenience" claims are viable because such claims have a nexus to an economic injury. In other words, Plaintiffs assert that the claims that Frontier seeks to dismiss are viable because such claims resulted in a separate and quantifiable economic loss. Specifically, Plaintiffs assert that their being "confined to departure area for excess of six hours without any meaningful support from United *sic*" equates to an economic loss, because they were deprived of their "contractual benefit of tendered purchasing price for said airfare." (See Plaintiff's Response p. 12-13; Plaintiff's Complaint ¶¶ 68, 111). This argument fails, however, because Plaintiffs were ultimately transported by Frontier to their destination, meaning that they did not sustain any economic losses related to the cost of purchasing their tickets. *See Id.*; *see Serpytiene* at 5-6; *Wolgel v. Mexicana Airlines*, 821 F.2d 442, 445 (7th Cir. 1987) (distinguishing between nonperformance of a contract and delayed air travel); *Fields v. BWIA Int'l Airways, Ltd.*, 2000 U.S. Dist. LEXIS 9397 at *15 ("[plaintiff] actually flew to Barbados the following day. [The carrier], therefore, performed its obligations under the contract (albeit one day late) and [plaintiff] cannot claim non-performance"); *see also Rubin*, 2011 U.S. Dist. LEXIS 65618 at *15 (stating that plaintiff is not entitled to reimbursement of cost of the ticket since he actually used the ticket to complete his travels)[3].

Because Plaintiffs have not alleged economic losses resulting from their "inconvenience" due to the delays, other than the non-viable fare reimbursement claim, they cannot recover for their "inconvenience" claims under Article 19 of Montreal. *Lee*, 355 F.3d at 387 (inconvenience

---

[3] Even if Frontier had failed to transport Plaintiffs, their only recourse would be to seek reimbursement of the cost of any unused return ticket under a non-performance or breach of contract theory. *See Ratnaswamy,* 1998 U.S. Dist. LEXIS 2683 at *12 (Article 19 does not extend to claims that arise from nonperformance of a contract). Thus, because a "non-performance" or a breach of contract claim falls outside of Article 19, a claim seeking reimbursement of airfare cannot serve as a basis for an Article 19 delay claim.

not compensable under Article 19); *Vumbaca*, 859 F. Supp. 2d at 367-68 ("Mere inconvenience does not support a claim under Article 19").

### D.  Plaintiffs' Duplicative Claims

Plaintiffs fail to substantively respond to Frontier's contention that the parties, facts and the relief sought in Counts One, Two and Three are substantially the same, making them duplicative of each other. Rather, Plaintiffs merely re-state the "description" of each count and argue that, because the causes of action are labeled differently, they are not duplicative. (*See* Plaintiffs' Response p. 15). As noted in our motion, however, all three counts are seeking damages under Article 19 of the Montreal Convention related to the delay of Frontier flight 81, and the only difference is the description of each count. Thus, the counts are duplicative and Counts Two and Three should be dismissed. *See Serpytiene* at 3.

### E.  Remaining Claims against Frontier

As set forth above, the individual claims in Count One are the only claims not subject to dismissal. Additionally, because non-economic injury claims are not recoverable under Article 19, the only damages alleged in Count One not subject to dismissal are lost wages and out-of-pocket expenses caused by the subject delay. (Complaint at ¶ 125) All other claims for damages should be dismissed with prejudice.

## II. CONCLUSION

Plaintiffs' putative class action claims, non-economic damages claims and cost of airfare claims should be dismissed for failure to state a claim upon which relief can be granted. Additionally, Counts Two and Three should be dismissed for being duplicative of Count One.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing with prejudice all putative class action claims, non-economic

injury claims, airfare claims, as well as Counts Two and Three in their entirety, and for such further relief as this Court deems just and reasonable.

Dated: August 11, 2016                    Respectfully submitted,

                                          /s/ Matthew S. Dowling

                                          Michael G. McQuillen
                                          Brian T. Maye
                                          Matthew S. Dowling
                                          Adler Murphy & McQuillen LLP
                                          20 S. Clark Street, Suite 2500
                                          Chicago, Illinois 60603
                                          Telephone: (312) 422-5713
                                          mdowling@amm-law.com

                                          Attorneys for Defendant Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on August 11, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Matthew S. Dowling