IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLHA BUDYLINA, MARINA SNOPOVA, and DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, | Case No.: 1:16-cv-03373 |
| Plaintiffs, | Honorable Manish S. Shah |
| v. | |
| FRONTIER AIRLINES | |
| Defendant. | |

**FRONTIER AIRLINES, INC.'S MOTION TO COMPEL RESPONSES TO FRONTIER'S WRITTEN DISCOVERY AND DEPOSITIONS OF PLAINTIFFS**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned counsel, and in accordance with Fed. R. Civ. P. 37 and Local Rule 37.2, hereby moves this Court to compel Plaintiffs to respond to Frontier's First Set of Interrogatories and Requests for Production of Documents. Frontier also moves this Court to compel Plaintiffs to be available to be deposed no later than January 31, 2017. In further support of said motion, the Frontier states as follows:

### I. INTRODUCTION

On March 16, 2016, Plaintiffs (two families) filed suit against Frontier, seeking damages pursuant to Article 19 of the Montreal Convention. Plaintiffs' claims arise out of a several-hour flight delay from Punta Cana, Dominican Republic to Chicago, Illinois on January 28, 2016. Plaintiffs claim that they incurred expenses as a result of the subject flight delay. Frontier seeks an order compelling Plaintiffs (1) to respond to written discovery and (2) to attend depositions prior to close of fact discovery on January 31, 2017.

1

## II. STATEMENT OF RELEVANT FACTS

On September 16, 2016 Frontier served upon Plaintiffs its First Set of Interrogatories and First Set of Requests of Production of Documents. (*See* Interrogatories and Document Requests attached hereto as Ex. A) Despite numerous in-person conversations, telephone conversations and correspondence regarding Plaintiffs' failure to respond to written discovery, Plaintiffs still have not provided written responses.

On November 16, 2016, Frontier served upon Plaintiffs' counsel notices of deposition directed to Plaintiffs. (*See* Correspondence and Notices of Deposition attached hereto as Exhibit B) The depositions were scheduled for December 13, 2016. Plaintiffs' counsel objected to presenting plaintiffs Volha Budylina and Dmitri Prigorenko, and the minor plaintiffs (Matthew Prigorenko, Angelika Prigorenko and Emilia Jokibaviciute). Plaintiffs' counsel claimed that Frontier had no right to depose the minor plaintiffs, and that Frontier would be limited to one adult plaintiff per family. (*See* 11/17/06 Correspondence attached as Exhibit C and D) In short, Plaintiffs' counsel represented that Frontier would be limited to deposing two of the seven named Plaintiffs. The depositions of Neringa Jokubaviciena and Marina Snopova were ultimately scheduled for December 15, 2016. Plaintiffs' counsel refused to schedule the depositions of the other plaintiffs. (*See* 11/17/06 Correspondence attached as Exhibit D)

On December 1, 2016, at a status hearing in this matter, Frontier brought to the Court's attention the issue of Plaintiffs' failure to respond to written discovery. Frontier also notified the Court that Plaintiffs' counsel had objected to producing five of the seven plaintiffs. After brief arguments by counsel, the Court ordered Plaintiffs' counsel to present all Plaintiffs for deposition. Upon the request of Plaintiffs' counsel, the Court also extended the fact discovery deadline from December 31, 2016 until January 31, 2017. The Court set the next status hearing

for January 31, 2017. The Court stated that it expected to set a date for Plaintiffs' motion for class certification or Defendant's dispositive motion at the January 31, 2017 status hearing.

On or about December 13, 2016, counsel for Frontier contacted Plaintiffs' counsel to confirm that the depositions scheduled for December 15, 2016 were going forward as planned. In response, Plaintiffs' counsel stated that his clients were no longer available and that he would talk to his clients about their future availability. Since that time, counsel for Frontier has repeatedly inquired about Plaintiffs' availability for deposition. To date, and despite a fact discovery deadline of January 31, 2017, Plaintiffs' counsel has not proposed any dates for Plaintiffs' depositions.

### III.  LEGAL STANDARD

District courts have broad discretion when ruling on discovery-related issues, including motions to compel brought under Rule 37(a). *See Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 629 (7th Cir. 2008); *see also* Fed. R. Civ. P. 37(a). Generally, a motion to compel, if granted, obligates the party whose conduct necessitated the motion to pay the movant's reasonable expenses, unless the Court finds that the party's "nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). *Stanfield v. Dart*, 2012 U.S. Dist. LEXIS 131764, at *4 (N.D. Ill., 2012).

It is well established that federal district courts have the authority "to dismiss a plaintiff's action with prejudice because of his failure to prosecute." *Foodworks USA, Inc. v. Foodworks of Arlington Heights, LLC*, 2012 U.S. Dist. LEXIS 114349, at *7-9 (N.D. Ill. 2012). While the power to sanction via dismissal is one which should be exercised with great care, it is essential to a court's ability to efficiently manage its caseload." *Lewis v. Sch. Dist. # 70*, 648 F.3d 484, 488 (7th Cir. 2011) (citation omitted). Generally, when a plaintiff fails to prosecute her case, the

defendant may move the court to dismiss the action. Fed. R. Civ. P. 41(b). Dismissal is specifically available when a plaintiff violates a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v).

## IV. ARGUMENT

Plaintiffs filed this lawsuit in March 2016. Since that time, Plaintiffs have not (1) provided Frontier with responses to written discovery, (2) have not presented Plaintiffs for their depositions and (3) have not provided one document or other piece of evidence to support their claims that they incurred expenses as a result of the subject flight delay. Despite Frontier's endless requests for cooperation in the discovery process, Plaintiffs have not made any effort whatsoever to move this case forward. Even more egregious, on December 1, 2016, this Court ordered Plaintiffs to respond to written discovery and to make themselves available for deposition prior to the end of discovery, which the Court extended until January 31, 2017. To date, Plaintiffs have not complied with this Court's order.

Accordingly, Frontier asks that this Court to again order Plaintiffs to make themselves available for deposition prior to January 31, 2017. Frontier also asks this Court to order Plaintiffs to respond to written discovery prior to Plaintiffs' depositions. Plaintiffs' responses to discovery must include signed authorizations for the release of Plaintiffs' employment records, which Frontier needs to investigate whether Plaintiffs can support their lost earnings claims. Plaintiffs also must provide signed authorizations for the release of bank, cell phone and credit card records, which Frontier needs to investigate whether Plaintiffs can support their claims that Plaintiffs incurred expenses associated with purchases of food, beverages, hotel accommodations, telecommunication services and transportation services.

## V.    LOCAL RULE 37.2 STATEMENT

After multiple consultations in person, by telephone and through correspondence over the previous several months, the last written correspondence taking place on January 17, 2017 and the last telephone conversation taking place on January 20, 2017, counsel for Frontier has been unsuccessful in his attempts to secure responses to written discovery and dates for depositions of Plaintiffs prior to the discovery deadline of January 31, 2017. (*See* Correspondence attached hereto as Exs. B, C, E and F).

## VI.    CONCLUSION

For these reasons, Frontier requests that the Court enter an order compelling Plaintiffs to be presented for deposition on or before January 31, 2017. Frontier also requests that Plaintiffs respond to written discovery prior to their respective depositions taking place. If Plaintiffs fail to comply, Frontier asks that Plaintiffs claims be dismissed with prejudice. In any event, Frontier requests that Plaintiffs be ordered to pay Frontier's attorneys' fees associated with bringing this motion to compel.

Dated: January 20, 2017            Respectfully submitted,

/s/ Brian T. Maye

Brian T. Maye
Matthew S. Dowling
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
bmaye@amm-law.com
mdowling@amm-law.com

Attorneys for Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on January 20, 2017, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye