## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VOLHA BUDYLINA, MARINA SNOPOVA, and DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, NERINGA JOKUBAVICIENA, VYTAUTAS JOKUBAVICIUS on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE | ) ) ) ) ) ) ) ) ) | Case No.: 1:16-cv-03373 |
| Plaintiffs, | ) ) | Honorable Manish S. Shah |
| v. | ) ) | |
| FRONTIER AIRLINES | ) ) | |
| Defendant. | ) ) | |

---

### FRONTIER AIRLINES, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 33, hereby propounds its First Set of Interrogatories to Plaintiffs VOLHA BUDYLINA, MARINA SNOPOVA, DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, and NERINGA JOKUBAVICIENA and VYTAUTAS JOKUBAVICIUS, on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE, who are directed to answer each Interrogatory separately, in writing, and under oath, and to serve a copy of their answers within thirty (30) days of service on the attorneys identified below.

EXHIBIT A

1

## DEFINITIONS

As used herein, the term(s):

1.      "Incident" means the events and/or circumstances that occurred on and/or around January 28, 2016, related to the subject flight and any cancelation or delay of the subject flight, which is the subject of the Complaint.

2.      "Subject flight" or "flight" means the Frontier flights scheduled to depart on or around January 28, 2016 from Punta Cana, Dominican Republic going to Chicago, Illinois, which is the subject of the Complaint.

3.      "Complaint" means the complaint and all amendments thereto filed by Plaintiffs.

4.      "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5.      "You," "your" or "yourself" means Plaintiffs VOLHA BUDYLINA, MARINA SNOPOVA, DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW    PRIGORENKO    and    ANGELIKA    PRIGORENKO,    and    NERINGA JOKUBAVICIENA and VYTAUTAS JOKUBAVICIUS, on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiffs' behalf or in their interest for any purpose.

6.      "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists,    pathologists,    radiologists,    gynecologists,    urologists,    obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7.      "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8.      "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars,

notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

9.     Plaintiffs means VOLHA BUDYLINA, MARINA SNOPOVA, DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, and NERINGA JOKUBAVICIENA and VYTAUTAS JOKUBAVICIUS, on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE.

## INSTRUCTIONS

In construing these Interrogatories, the following instructions shall apply:

1.     Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2.     All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

3.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

4.     Reference to any specific document, object, tangible thing, or group of persons (e.g., committee, counsel or task force) includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Interrogatory. Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5.     To the extent that you believe that any of the Interrogatories are objectionable, answer so much of each Interrogatory as is, in your view, not objectionable and separately state the portion of each Interrogatory to which you object and the grounds for your objection.

6.     If you are withholding any information from your response to the Interrogatories, please state in your response: (1) that you are withholding information or materials, (2) the Interrogatory to which the information relates, and (3) the privilege(s) asserted.

7.     Where the identity of a person is requested, state each person's full name, home address, home telephone number, employer, profession or trade, business address, and business telephone number.

8.     Where the identity of a corporation, business, partnership, hospital, medical center, medical provider, clinic, institution or other entity is requested, for each such entity state its full legal name, its popular or "d/b/a" name(s) (if different), its address and its telephone number.

9.     Where you are asked to identify documents, for each document state its type (e.g., letter, video tape, memorandum, etc.), its location, and the custodian or bearer of each such document.

10.     Unless otherwise indicated, the interrogatories propounded herein refer to the time, place and circumstances of the occurrences and events mentioned, referred to or complained of in the Complaint and any amendments thereto.

## INTERROGATORIES

1.     Provide the following information for each Plaintiff and any other person who assisted or contributed to Plaintiffs' answers to these interrogatories: full name, present address, current employer, date of birth, marital status, and place of birth.

**ANSWER:**

2.     State the full name, current residential address and phone number of each and every person who you believe has, or may have, knowledge of the facts related to your alleged injuries, losses or damages resulting from the Incident.

**ANSWER:**

3.     Identify with specificity each and every expense incurred for food, beverages, lodging, medication, telecommunication service and/or any other out-of-pocket expense caused by the Incident.

**ANSWER:**

4.     Identify with specificity each document you intend to rely on to support claims that you incurred any economic losses incurred for food, beverages, lodging, medication, telecommunication service and/or any other out-of-pocket expense caused by the Incident, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

5.      For each expense incurred for food, beverages, lodging, medication, telecommunication service and/or any other out-of-pocket expense sustained as a result of the Incident, explain how the Incident caused such expense and/or loss.

**ANSWER:**

6.      Are you seeking damages for lost wages or lost earnings?  If so, state, the name and address of your employer at the time of the Incident, your wage and/or salary, the date or inclusive dates on which you were unable to work, and the amount of wage and/or income loss claimed by you.

**ANSWER:**

7.      Identify with specificity each document you intend to rely on to support any lost earnings claim, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

8.      Identify any out-of-pocket expenses incurred at any medical provider as a result of the Incident, and explain how the Incident caused such out-of-pocket medical expense.

**ANSWER:**

9.      Identify with specificity each document you intend to rely on to support any economic loss associated with out-of-pocket medical expenses resulting from the Incident, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

10.      If you have incurred any out-of-pocket expenses at any medical provider as a result of the Incident, identify all medical providers seen, including the reason(s) for each visit.

**ANSWER:**

11.      Identify all banking, debit card, credit card and/or financial transactions that were made necessary as a result of the Incident.

**ANSWER:**

12. Did you receive any compensation, reimbursement, discount, credit, voucher, payment and/or any consideration or accommodation from Frontier and/or Apple Vacations related to the Incident? If your answer is in the affirmative, identify:

  a. The compensation, reimbursement, discount, credit, voucher, payment, consideration or accommodation you received from Frontier and/or Apple Vacations as a result of the Incident;
  b. The amount or value of what you received;
  c. The specific date(s) on which you received the compensation, discount, credit, voucher, payment, consideration or accommodation.

**ANSWER:**

13. Before, during or after the Incident, were you aware of any measures or actions taken by Frontier, its employees or agents, to assist you or other passengers to avoid the incurring of economic, monetary or financial damages related to the Incident? If so, explain what measures or actions taken by Frontier of which you became aware.

**ANSWER:**

14. Have you ever filed any other lawsuits related to a flight delay? If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.

**ANSWER:**

15. Have you ever filed any other lawsuits based on the Montreal Convention? If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.

**ANSWER:**

16. Have you ever been convicted of a felony or a misdemeanor involving dishonesty or false statement? If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred. For the purpose of this Interrogatory, a plea of guilty shall be considered as a conviction.

**ANSWER:**

17.     State the full name, current residential address and phone number of each and every witness who will support your claims that you incurred any economic expenses related to the Incident.

**ANSWER:**

18.     Identify all savings accounts, checking accounts, credit card accounts, line of credit accounts and other financial accounts you held at the time of the Incident.

**ANSWER:**

Dated: September 16, 2016                         Respectfully submitted,

Matthew S. Dowling
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
mdowling@amm-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on September 16, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582

Matthew S. Dowling

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VOLHA BUDYLINA, MARINA SNOPOVA, and DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, NERINGA JOKUBAVICIENA, VYTAUTAS JOKUBAVICIUS on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:16-cv-03373<br><br>Honorable Manish S. Shah |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| FRONTIER AIRLINES | )<br>) | |
| Defendant. | )<br>) | |

**FRONTIER AIRLINES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby propounds its First Set of Requests for Production of Documents to Plaintiffs VOLHA BUDYLINA, MARINA SNOPOVA, DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, and NERINGA JOKUBAVICIENA and VYTAUTAS JOKUBAVICIUS, on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE, who are directed to respond to each Request separately, in writing, and to serve a copy of their responses within thirty (30) days of service on the attorneys identified below.

1

## DEFINITIONS

As used herein, the term(s):

1.      "Incident" means the events and/or circumstances that occurred on and/or around January 28, 2016, related to the subject flight and any cancelation or delay of the subject flight, which is the subject of the Complaint.

2.      "Subject flight" or "flight" means the Frontier flights scheduled to depart on and/or around January 28, 2016 from Punta Cana, Dominican Republic going to Chicago, Illinois, which is the subject of the Complaint.

3.      "Complaint" means complaint and all amendments thereto filed by Plaintiffs.

4.      "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5.      "You," "your" or "yourself" means Plaintiffs VOLHA BUDYLINA, MARINA SNOPOVA, DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW    PRIGORENKO    and    ANGELIKA    PRIGORENKO,    and    NERINGA JOKUBAVICIENA and VYTAUTAS JOKUBAVICIUS, on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiffs' behalf or in their interest for any purpose.

6.      "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists,    pathologists,    radiologists,    gynecologists,    urologists,    obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7.      "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8.      "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars,

notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

9.  Plaintiffs means VOLHA BUDYLINA, MARINA SNOPOVA, DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, and NERINGA JOKUBAVICIENA and VYTAUTAS JOKUBAVICIUS, on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE.

## INSTRUCTIONS

In construing the Requests for Production, the following instructions shall apply:

1.  Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2.  All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these requests any information and documents which might otherwise be construed to be outside their scope.

3.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information which might otherwise be construed to be outside their scope.

4.  Reference to any specific document, object, tangible thing, or group of persons (e.g., committee, counsel or task force) includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Request.  Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5.  To the extent that you believe that any of the Requests for Production are objectionable, answer so much of each Request as is, in your view, not objectionable and separately state the portion of each Request for Production to which you object and the grounds for your objection.

6.  If you are withholding any information, documents, or tangible things from your response to the Requests for Production, please state in your response: (1) that you are withholding information or materials, (2) the Request to which the information or material relates, and (3) the privilege(s) asserted.

## REQUESTS FOR PRODUCTION TO PLAINTIFFS

     1.     All documents identified in your answers to Frontier's First Set of Interrogatories to Plaintiffs.

**RESPONSE:**

     2.     All documents related to any contact or communication between Plaintiffs and Frontier regarding the Incident.

**RESPONSE:**

     3.     All documents related to any contact or communication between Plaintiffs and Apple Vacations regarding the Incident.

**RESPONSE:**

     4.     All emails and text messages sent or received by you relating to the Incident or related to economic losses, damages, or expenses sustained/incurred by you as a result of the Incident.

**RESPONSE:**

     5.     Any and all documents you intend to rely on to support claims that the Incident caused you to sustain economic losses, damages, or expenses.

**RESPONSE:**

     6.     Any and all documents you intend to rely on to support claims that you incurred expenses or sustained economic, monetary or financial losses as a result of the Incident.

**RESPONSE:**

     7.     Any and all documents you intend to rely on to support claims that you suffered lost wages or earnings as a result of the Incident.

**RESPONSE:**

     8.     Any and all documents you intend to rely on to support claims that you incurred expenses and/or sustained an economic, monetary or financial loss for food, beverages, lodging, medication telecommunication service and/or any other out-of-pocket expense as a result of the Incident.

**RESPONSE:**

9.     Any and all documents you intend to rely on to support claims that you incurred expenses and/or economic, monetary or financial losses associated with treatment obtained from a medical provider resulting from the Incident.

**RESPONSE:**

10.     All documents and records pertaining to any treatment you received from medical providers related to the Incident.

**RESPONSE:**

11.     Any and all documents regarding medical or hospital expenses incurred as a result of the Incident, including, but not limited to, bills, invoices, receipts, insurance claim forms, etc.

**RESPONSE:**

12.     Any and all documents regarding medication prescribed to you by a medical provider relating to the Incident.

**RESPONSE:**

13.     All documents regarding costs, out-of-pocket expenses and/or monetary expenses, incurred as a result of the Incident alleged in the Complaint, including, but not limited to, bills, invoices, expense statements, estimates, receipts, notices, correspondence, bank statements, insurance claim forms, verifications of lost wages and earnings.

**RESPONSE:**

14.     If you are making a claim for lost wages, earnings or income, all payroll, personnel, and employment records maintained by any person, corporation, partnership or other organization who or which employed you at the time of the Incident.

**RESPONSE:**

15.     If you are making a claim for lost wages, earnings or income, produce signed copies of your income tax returns, including, but not limited to, all schedules, W-2s, K-1s, 1098s, 1099s, and all amendments/revisions to the same, and all other supporting documentation, for the years 2010 to present.

**RESPONSE:**

16.     All profiles, postings, status updates, comments, and messages made by you on any social networking site, including, but not limited to, Facebook, MySpace, Google+, LinkedIn, and/or Twitter, from January 28, 2016 to present, which in any way relate to the Incident, and any alleged economic losses resulting therefrom.

**RESPONSE:**

17.　　All postings, entries, diaries, descriptions, captions, notes, and/or comments made by you on any blog or web-based journal site, including, but not limited to, LiveJournal, Blogster, My Opera, Open Diary, Tumblr and/or WordPress, from January 28, 2016 to present, which in any way relate to the Incident, and any alleged economic losses resulting therefrom.

**RESPONSE:**

18.　　All photographs and/or videos of Plaintiffs posted by you or in which you were "tagged" or otherwise identified on any social networking site, including, but not limited to, Facebook, MySpace, Google+, LinkedIn, Twitter, Flickr, and/or YouTube, from January 28, 2016 to present, which in any way relate to the Incident, and any alleged economic losses resulting therefrom.

**RESPONSE:**

19.　　All documents related to compensation, discounts, credits, vouchers, payment and/or any consideration or accommodation provided to you by Frontier or Apple Vacations related to the Incident

**RESPONSE:**

20.　　Cell phone billing statements, invoices, receipts and records for all Plaintiffs pertaining to use of cell phone services from January 28, 2016 and any dates after relating to the Incident.

**RESPONSE:**

21.　　Billing statements, invoices, receipts and records for all Plaintiffs pertaining to use of telecommunication services from January 28, 2016 and any dates after relating to the Incident.

**RESPONSE:**

22.　　All billing statements, invoices, receipts and records supporting claims that you incurred expenses related to services or products purchased by you as a result of the Incident.

**RESPONSE:**

23.　　All bank statements, credit card statements and/or other financial statements showing cash withdrawals, purchases and/or financial transactions that were made necessary as a result of the Incident.

**RESPONSE:**

24.     Any and all documents provided to you by Frontier and/or Apple Vacations related to the Incident.

**RESPONSE:**

25.     Each and every exhibit, model, diagram, picture, motion picture, videotape, slide, graph, chart, sketch, drawing, or other graphic or tangible reproduction or representation of any person, object, condition, scene or injury which is, or may be, related to your claims against Frontier.

**RESPONSE:**

26.     All statements of every person who witnessed or claims to have witnessed any economic losses, damages, or expenses you suffered as a result of the Incident.

**RESPONSE:**

27.     All documents supporting class action claims alleged in the Complaint.

**RESPONSE:**

28.     All documents that support any class certification motion.

**RESPONSE:**

29.     All documents in your possession related to any other lawsuit filed by you.

**RESPONSE:**

30.     All documents you intend to utilize at trial.

**RESPONSE:**

31.     All monthly statements covering the period January 28, 2016 through February 28, 2016 for all savings and checking accounts you hold at banking institutions.

**RESPONSE:**

32.     All monthly statements covering the period January 28, 2016 through February 28, 2016 for all credit cards accounts you hold.

**RESPONSE:**

33.     All monthly statements covering the period January 28, 2016 through February 28, 2016 for all financial accounts you hold from which you withdraw proceeds or are extended credit.

7

**RESPONSE:**

Dated: September 16, 2016                    Respectfully submitted,

Matthew S. Dowling
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
mdowling@amm-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on September 16, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582

Matthew S. Dowling