IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLHA BUDYLINA, MARINA SNOPOVA, and DMITRI PRIGORENKO, on their own behalf and on behalf of their minor children MATHEW PRIGORENKO and ANGELIKA PRIGORENKO, NERINGA JOKUBAVICIENA, VYTAUTAS JOKUBAVICIUS on their own behalf and on behalf of their minor child EMILIA JOKIBAVICIUTE<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES<br><br>Defendant. | Case No.: 1:16-cv-03373<br><br>Honorable Manish S. Shah |

**FRONTIER AIRLINES, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUBSTITUTE PLAINTIFFS**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned counsel, responds to Plaintiffs' Motion for Leave to Substitute Plaintiffs, and states as follows:

### I. INTRODUCTION

Plaintiffs' claims arise out of the delay of a Frontier flight from Punta Cana, Dominican Republic to Chicago, Illinois on January 28, 2016. (*See* Complaint at ¶¶ 61, 84, 107-125, attached hereto as Ex. A) Plaintiffs (five adults and three children) seek damages against Frontier pursuant to Article 19 of the Montreal Convention. On March 24, 2017, Plaintiffs filed a motion seeking to amend the complaint in order to add new plaintiffs. (*See* Docket No. 42) Plaintiffs' motion should be denied because they seek to join additional plaintiffs in violation of Rule 20. Fed. R. Civ. P. 20(a)(1)(A).

1

## II. STATEMENT OF RELEVANT FACTS

Plaintiffs Volha Budylina, Marina Snopova, Dmitri Prigorenko, Matthew Prigorenko and Angelika Prigorenko filed the original complaint on March 16, 2016. (*See* Docket No. 1) On June 16, 2016, Plaintiffs Neringa Jokubaviciena, Vytautas Jokubavicius and Emilia Jokibaviciute were added as plaintiffs. Plaintiffs' claims arise out of a flight delay from Punta Cana, Dominican Republic to Chicago, Illinois on January 28, 2016. *See id*. Plaintiffs allege that they incurred out-of-pocket expenses as a result of the subject flight delay. *Id.* On February 3, 2017, the Court ruled that discovery had closed except for the depositions of the adult plaintiffs. (*See* Docket No. 41) On March 24, 2017, Plaintiffs filed a motion seeking to amend their Complaint to add "new plaintiffs." (*See* Docket No. 42) The alleged claims of the "new plaintiffs," however, are unrelated to Plaintiffs' flight delay from Punta Cana, Dominican Republic to Chicago, Illinois on January 28, 2016. (*See* "Pre-Suit Notice of Claim," attached hereto as Ex. B)

## III. LEGAL STANDARD

Under Rule 20(a), multiple plaintiffs may be joined in one action if: (1) the plaintiffs assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). To determine whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case-by-case approach is generally pursued because no hard and fast rules have been established. *Martinez v. Haleas*, 2010 U.S. Dist. LEXIS 31498, *8 (N.D. Ill. 2010). The purpose of joinder under Rule 20 is to promote judicial economies. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Where parties fail to satisfy either of the requirements for permissive joinder under Rule 20(a), misjoinder

occurs. *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000); *see Serpytiene, et al. v. United Airlines Inc.*, No. 15 C 832 (N.D. Ill. filed Jan. 28, 2015), ECF No. 79 (Plaintiffs joinder of additional plaintiffs was improper because the claims involved completely separate flights.). (*See* Judge Gettleman Order, attached hereto as Ex. C)

## IV. ARGUMENT

When the factual and legal questions between the plaintiffs and the defendant are based upon wholly separate acts of the defendant with respect to each plaintiff, Rule 20(a) is not met. *Bailey*, 196 F.R.D. at 517. Similarly, if the plaintiffs' claims involve discrete and individualized circumstances and do not constitute one logical transaction or occurrence or series of transactions or occurrences, like we have in this case, Rule 20(a) is not met. *Id.* Here, the "new plaintiffs'" alleged claims arise from a distinct, unrelated and individualized occurrence, not part of some unified series of transactions or occurrences, and not amenable to joinder under Rule 20(a). Plaintiffs' delayed flight occurred on January 28, 2016. (*See* Complaint at ¶¶ 61, 84, 107-125) Almost eleven (11) months later, on December 19, 2016, the "new plaintiffs" allegedly experienced a flight delay. (*See* "Pre-Suit Notice of Claim") Because Plaintiffs' claims and the "new plaintiffs'" claims pertain to different flights, on different dates, with different circumstances, there is nothing about the two factual situations that could constitute a single transaction or occurrence. *See Martinez*, 2010 U.S. Dist. LEXIS 31498 at *8.

Simply put, Plaintiffs' claims and the claims of the "new plaintiffs" could not have arisen out of a single transaction or occurrence or series of transactions or occurrences. *See Maclin v. Northern Telecom, Inc*., 1996 U.S. Dist. LEXIS 12565, *21 (N.D. Ill. 1996) (claims were misjoined because the claims involved different conduct during different periods of time.).

Accordingly, Plaintiffs have not met the requirements of Rule 20(a), and, therefore, their motion should be denied.

### V. CONCLUSION

For these reasons, Frontier Airlines, Inc. requests that the Court deny Plaintiffs' motion to join additional plaintiffs.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order denying Plaintiffs' motion to add "new plaintiffs," and for such further relief as this Court deems just and reasonable.

Dated: April 18, 2017 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Brian T. Maye

　　　　　　　　　　　　　　　　　　　　Brian T. Maye
　　　　　　　　　　　　　　　　　　　　Matthew S. Dowling
　　　　　　　　　　　　　　　　　　　　Adler Murphy & McQuillen LLP
　　　　　　　　　　　　　　　　　　　　20 S. Clark Street, Suite 2500
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　Telephone: (312) 345-0700
　　　　　　　　　　　　　　　　　　　　bmaye@amm-law.com
　　　　　　　　　　　　　　　　　　　　mdowling@amm-law.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Frontier Airlines, Inc.

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on April 18, 2017, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye