IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARINA SNOPOVA, *et al.*, | ) | Case No.: 1:16-cv-03373 |
| | ) | |
| Plaintiffs, | ) | Honorable Manish S. Shah |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES | ) | |
| | ) | |
| Defendant. | ) | |

**FRONTIER AIRLINES, INC.'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned counsel, respectfully requests that Plaintiffs' claims against Frontier be dismissed with prejudice for failure to prosecute. In support of its motion, Frontier states as follows:

### I.  INTRODUCTION

Plaintiffs' claims arise out of a flight delay from Punta Cana, Dominican Republic to Chicago, Illinois on January 28, 2016. Plaintiffs have received numerous discovery extensions in this case, the most recent of which extended the deadline to present Plaintiffs for deposition until March 31, 2017. Plaintiffs now refuse to attend their depositions despite the Court ordering them to do so by March 31, 2017. Frontier seeks (1) a dismissal with prejudice of all claims against Frontier for failure to prosecute, and (2) an award of attorney's fees relating to the cost of bringing this motion and the previous motion to compel.

## II. STATEMENT OF RELEVANT FACTS

- On March 16, 2016, Plaintiffs filed their original complaint consisting of fifty eight (58) pages. (*See* Docket No. 4)

- On May 13, 2016, Frontier filed a partial motion to dismiss for failure to state a claim, and it filed an answer to the claims not subject to the partial motion to dismiss. (*See* Docket No. 9)

- On May 20, 2016, the Court set a fact discovery deadline of December 30, 2016. (*See* Docket No. 16)

- On June 16, 2016, Plaintiffs filed an amended complaint, joining additional plaintiffs. (*See* Docket No. 19)

- On July 8, 2017, Frontier filed another partial motion to dismiss for failure to state a claim. Specifically, Frontier sought, in part, to dismiss claims that had been previously dismissed in other unrelated cases handled by Plaintiffs' counsel. Frontier also filed an answer and affirmative defenses to the claims not subject to the partial motion to dismiss. (*See* Docket Nos. 20, 21)

- On July 27, 2016, Plaintiffs filed a motion to strike Frontier's affirmative defenses. (*See* Docket No. 24)

- On September 7, 2016, the Court granted in part and denied in part Frontier's motion to dismiss. (*See* Docket No. 30) The Court denied Plaintiffs' motion to strike. (*See* Transcript, attached as Ex. A)

- On September 16, 2016, Frontier served written discovery on Plaintiffs. (*See* Docket No. 33)

- On November 16, 2016, Frontier served upon Plaintiffs' counsel notices of deposition directed to Plaintiffs. The depositions were initially scheduled for December 13, 2016. Plaintiffs' counsel objected to presenting all Plaintiffs for deposition, claiming that Frontier would be limited to the depositions of two plaintiffs. Ultimately, the depositions of Neringa Jokubaviciena and Marina Snopova were scheduled for December 15, 2016, and Plaintiffs' counsel refused to schedule the depositions of the other adult plaintiffs. (*See* Docket No. 33)

- On December 1, 2016, at a status hearing in this matter, Frontier brought to the Court's attention the issue of Plaintiffs' failure to respond to written discovery. Frontier also brought to the Court's attention Plaintiffs' counsel's unfounded objections to presenting for deposition three of five adult plaintiffs. After brief arguments by counsel, the Court ordered Plaintiffs' counsel to present all adult plaintiffs for deposition by January 31,

2017. Over Frontier's objection, the Court also granted Plaintiffs' counsel's request to extend the fact discovery deadline until January 31, 2017. (*See* Docket No. 32)

- Despite the discovery extension, Plaintiffs still refused to comply by the January 31, 2017 deadline, prompting Frontier to file a motion to compel on January 20, 2017. (*See* Docket No. 33)

- On February 3, 2017, the Court granted Frontier's motion to compel, ordering Plaintiffs to be presented for deposition by March 31, 2017. (*See* Court's February 3, 2017 Order, attached as Ex. B) The Court denied Frontier's request for an award of attorney's fees, explaining that if Frontier were to file another motion to compel, and it was well taken, the Court would award attorney's fees.

- Despite the Court's clear order entered on February 3rd, Plaintiffs continue to refuse to make themselves available for deposition. (*See* Plaintiffs' Motion to Amend)

- Plaintiffs also have not properly responded to written discovery in this case. In this regard, Plaintiffs have not produced one document supporting the expenses they claim they incurred as a result of the subject delay. Plaintiffs have not provided any information regarding the businesses from which they incurred expenses, nor have they provided any information to support their lost earnings claim. Frontier has asked Plaintiffs to provide bank, credit card and employment information so Frontier can subpoena records to verify the alleged expenses and lost earnings. Plaintiffs have represented that all expenses were paid for in cash, and, therefore, bank and credit card information would not be relevant. There has been no explanation for the failure to provide employment records.

- On March 24, 2017, Plaintiffs' counsel filed a motion for leave, seeking to substitute the current plaintiffs with a completely new set of plaintiffs. Plaintiffs' counsel represents that Plaintiffs are "reluctant to attend their depositions." (*See* Plaintiffs' Motion for Leave, attached as Ex. C) Plaintiffs' counsel also represents in the motion that the claims of the "new plaintiffs" relate to the same flight and delay that are the subject of the existing Plaintiffs' claims. According to a pre-suit notice of claim authored by Plaintiffs' counsel, however, the new plaintiffs' claims pertain to an entirely different flight. (*See* Docket No. 42; *see* "Pre-suit Notice of Claim, attached as Ex. D)

### III. <u>LEGAL STANDARD</u>

It is well established that federal district courts have the authority "to dismiss a plaintiff's action with prejudice because of his failure to prosecute." *Foodworks USA, Inc. v. Foodworks of Arlington Heights, LLC*, 2012 U.S. Dist. LEXIS 114349, at *7-9 (N.D. Ill. 2012). This is particularly true when a plaintiff wastes the court's time, clogs the court's calendar, and makes

numerous excuses for why it cannot meet the court's deadlines and schedules. *Id.* (*citing Sandee Mfg. Co. v. Rohm & Haas Co.*, 298 F.2d 41, 43 (7th Cir. 1962); *Lewis v. Sch. Dist. #70*, 648 F.3d 484, 488 (7th Cir. 2011)). Generally, when a plaintiff fails to prosecute her case, the defendant may move the court to dismiss the action, with prejudice. Fed. R. Civ. P. 41(b). Dismissal is specifically available when a plaintiff is not produced for examination. Fed. R. Civ. P. 37(b)(2)(B). "The court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). If a motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

## IV. ARGUMENT

### A. Plaintiffs' Claims must be Dismissed for Lack of Prosecution

Plaintiffs filed this lawsuit in March 2016. Since that time, Plaintiffs have done nothing to advance the case forward. Instead, Plaintiffs have obstructed Frontier's ability to obtain discovery, requiring Frontier to file motions and respond to motions, significantly inflating the cost of litigation for what should be a very basic case. Now, after litigating this case for more than one year, all five adult plaintiffs represent that they are not interested in being deposed in this matter, ignoring the Court's February 3rd Order that they be presented for deposition by March 31, 2017. (*See* Court's Order dated 2/3/17) This latest action of Plaintiffs shows an utter lack of respect for this Court, the rules, and the legal system. Further, it further wastes the

Court's time, and unnecessarily increases the cost of litigation for Frontier. This is despite the Court's numerous warnings and generous extensions of time given in an attempt to alleviate Plaintiffs' supposed scheduling conflicts. Nonetheless, Plaintiffs have not complied with, and have stated that they will not be complying with, this Court's February 3, 2017 Order compelling them to avail themselves of depositions by March 31, 2017.

Accordingly, because of Plaintiffs' direct violation of this Court's Order and Plaintiffs' continue refusal to prosecute their claims, dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

**B.      Attorney's Fees**

In addition to dismissal as a sanction, Rule 37(b) allows the court to impose monetary sanctions for failure to comply with a court order. *Halas v. Consumer Servs.*, 16 F.3d 161, 164 (7th Cir. 1994) ("The weight of authority holds that the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all."). Here, Plaintiffs have failed to produce any documents, sign their answers to interrogatories, identify specific expenses they incurred, identify businesses at which they incurred expenses, refused to sign authorizations of release of bank, credit card or employment records, and refused to comply with discovery deadlines. Most recently, Plaintiffs refused to comply with the Court's Order entered on February 3, 2017, which directed them to be presented for deposition by March 31, 2017. Because of they cannot substantially justify their refusal to comply with the Court's most recent order, pursuant to Rules 37(a)(5) and 37(b)(2)(C), Plaintiffs should be ordered to pay the reasonable expenses of Frontier for bringing this motion as well as its previous Motion to Compel Plaintiffs' Depositions filed on January 20, 2017. *See Farani v. Express Recovery Servs.*, No. 2:10-cv-331-DB-PMW, 2011 U.S. Dist. LEXIS 150714,

5

at *15 (D. Utah 2011) (concluding that, in addition to dismissal as a sanction, an award of monetary sanctions is appropriate when plaintiff and her counsel have continually failed to provide discovery, and plaintiff has failed to participate meaningfully in this case.).

### V. CONCLUSION

For the foregoing reasons, Frontier Airlines, Inc. requests that the Court enter an Order: (1) dismissing with prejudice Plaintiffs' claims for failure to prosecute, and (2) ordering Plaintiffs and/or their counsel to pay Frontier's attorneys' fees associated with bringing this Motion to Dismiss, as well as Frontiers previous Motion to Compel filed on January 20, 2017, and for such other and further relief as this Court deems necessary.

Dated: April 18, 2017

Respectfully submitted,

/s/ Brian T. Maye

Brian T. Maye
Matthew S. Dowling
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
bmaye@amm-law.com
mdowling@amm-law.com

Attorneys for Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on April 18, 2017, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye