1

```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

MARINA SNOPOVA, et al.,        )
                               )
            Plaintiffs,        )
                               )
     vs.                       )   No. 16 C 3373
                               )
FRONTIER AIRLINES, INC.,       )
a foreign corporation,         )   Chicago, Illinois
                               )   September 7, 2016
            Defendant.         )   9:30 o'clock a.m.


                   TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE MANISH S. SHAH


APPEARANCES:

For the Plaintiffs:     L/O OF VLADIMIR M. GOROKHOVSKY
   (via phone)          BY:  MR. VLADIMIR M. GOROKHOVSKY
                        10919 North Hedgewood Lane
                        Mequon, Wisconsin  53092
                        (414) 581-1582

For the Defendant:      ADLER, MURPHY & McQUILLEN, L.L.P.
                        BY:  MR. MATTHEW S. DOWLING
                        20 South Clark Street, Suite 2500
                        Chicago, Illinois  60603
                        (312) 345-0700
```

```
            COLLEEN M. CONWAY, CSR, RMR, CRR
                   Official Court Reporter
          219 South Dearborn Street, Room 1714
                   Chicago, Illinois  60604
                       (312) 435-5594
            colleen_conway@ilnd.uscourts.gov
```

EXHIBIT A

Colleen M. Conway, Official Court Reporter

Case: 1:16-cv-03373 Document #: 49-1 Filed: 04/18/17 Page 2 of 8 PageID #:573
Case: 1:16-cv-03373 Document #: 31 Filed: 09/13/16 Page 2 of 8 PageID #:424

2

1    (Mr. Gorokhovsky by phone.  Proceedings in open court:)
2            THE CLERK:  16 C 3373, Snopova versus Frontier
3    Airlines.
4            MR. GOROKHOVSKY:  Good morning, Your Honor.  Attorney
5    Vladimir Gorokhovsky appearing by phone for the plaintiff.
6            Your Honor, please excuse my inability to appear
7    before you in person this morning, but I am sick with flu.
8            THE COURT:  That's quite all right.
9            MR. DOWLING:  Good morning, Your Honor.  Matthew
10   Dowling --
11           MR. GOROKHOVSKY:  Thank you.
12           MR. DOWLING:  -- on behalf of Defendant Frontier
13   Airlines.
14           THE COURT:  Good morning.  So I have the plaintiffs'
15   motion to strike affirmative defenses and the fully briefed
16   motion to dismiss.
17           MR. DOWLING:  That's right.
18           THE COURT:  I actually don't need a response on the
19   motion to strike --
20           MR. DOWLING:  Okay.
21           THE COURT:  -- affirmative defenses because I have an
22   approach to these types of motions, and my approach is slightly
23   different than Judge Shadur's, and that is that my view is that
24   motions to strike under 12(f) are disfavored.  So unless the
25   movant makes some showing of how the affirmative defenses

Case: 1:16-cv-03373 Document #: 49-1 Filed: 04/18/17 Page 3 of 8 PageID #:574
Case: 1:16-cv-03373 Document #: 31 Filed: 09/13/16 Page 3 of 8 PageID #:425

3

prejudice the plaintiff or threaten to unreasonably complicate or prolong discovery, the presence of bare bones affirmative defenses in an answer is harmless and need not be stricken.

These kinds of motions to strike don't actually expedite the litigation. They tend to delay it. And in this particular case, nothing in the affirmative defenses themselves or in plaintiffs' motion suggests that the presence of the defenses in the answer will prolong the case or prejudice the plaintiffs.

So the motion to strike is denied. If as the litigation proceeds there is a substantive argument about the purported defenses, we can address it then. In the current posture, plaintiffs are on notice that defendant has some theories that either minimize or eliminate its exposure on plaintiffs' claims, and that's adequate notice. So plaintiffs' motion to strike affirmative defenses is denied.

On the motion to dismiss, which is fully briefed, I agree with Judge Gettleman's decision in *Serpytiene v. United*, No. 15 C 832, and I do conclude, as Judge Gettleman did, that plaintiffs' complaint, which is substantially the same as the complaint in *Serpytiene*, does not state a claim under the Montreal Convention to the extent it seeks any non-economic damages. The Montreal Convention does not permit recovery for non-economic damages, and I conclude that the allegations that plaintiffs were inconvenienced by defendant's conduct are

Case: 1:16-cv-03373 Document #: 49-1 Filed: 04/18/17 Page 4 of 8 PageID #:575
Case: 1:16-cv-03373 Document #: 31 Filed: 09/13/16 Page 4 of 8 PageID #:426

4

1  allegations of non-economic damages and they do not provide a
2  basis for relief.
3      The allegation of confinement to the departure area
4  is not a claim for economic loss because there's no allegation
5  of a financial component to that confinement.  I don't agree
6  with the plaintiffs that the confinement in the departure area
7  supports an inference of economic damages.
8      I also don't agree that the delay amounts to a
9  financial loss of the contracted-for benefit of the airfare.
10 The airfare paid for the travel, and defendant transported
11 plaintiffs to their destination.
12     To the extent there are some cases out there that
13 suggest inconvenience without some connection to economic loss
14 is compensable, I don't agree with those cases and, instead, I
15 adopt Judge Gettleman's reasoning.
16     The other counts in the complaint are duplicative.
17 Plaintiffs concede that the entirety of the complaint is under
18 the Montreal Convention.  To the extent the defendant
19 incorporated duties under the Montreal Convention into the
20 parties' relationship and contract, the relief is the same.
21     And plaintiffs are not required to plead legal
22 theories.  They are required to plead the facts that plausibly
23 allege claims for relief, and this complaint plausibly alleges
24 a Montreal Convention claim.  If the plaintiffs have different
25 avenues to explore how the Montreal Convention governs the

Case: 1:16-cv-03373 Document #: 49-1 Filed: 04/18/17 Page 5 of 8 PageID #:576
Case: 1:16-cv-03373 Document #: 31 Filed: 09/13/16 Page 5 of 8 PageID #:427

5

relationship between the parties, that's fair game, but the complaint is mostly surplusage.

But I do agree with the plaintiffs that it is premature to strike or dismiss the class allegations. Plaintiffs will have the burden to prove that a class is appropriate, and plaintiffs will have to file a motion to certify the class at an appropriate time.

Given the relatively small size of the alleged class and the individualized damages, there may be some difficulty establishing that common questions predominate in that a class is superior, but that's a question for another day and it is not appropriate, in my view, to strike the class allegations.

So defendant's motion to dismiss is granted in part, denied in part for the reasons I just explained.

The parties have a discovery schedule in place. Fact discovery is supposed to be completed by the end of the year, December 30th. How are things coming along? And let me start with counsel for the defendant.

MR. DOWLING: Yes, Your Honor. Thank you.

Well, I just spoke to Mr. Gorokhovsky yesterday. We're going to have our 26(f) conference this afternoon and then we plan on getting our discovery out this week.

THE COURT: Mr. Gorokhovsky, any update on your end as far as discovery?

MR. GOROKHOVSKY: Judge, I am preparing plaintiffs'

Case: 1:16-cv-03373 Document #: 49-1 Filed: 04/18/17 Page 6 of 8 PageID #:537
Case: 1:16-cv-03373 Document #: 31 Filed: 09/13/16 Page 6 of 8 PageID #:428

6

1  interrogatories and to be meant for production of documents
2  which will be served on the opposing counsel within the next
3  few days. So we are making progress.
4          THE COURT: Okay. It sounds like the parties are
5  aware of their discovery schedule and they're going to get
6  things started and initiated. Why don't I check in with
7  everybody for a status in late November or early December.
8          MR. GOROKHOVSKY: Sure.
9          MR. DOWLING: That works for us.
10         THE CLERK: Let's see. Everyone, how does Thursday,
11 December 1st at 9:30 work for you?
12         MR. DOWLING: Sure.
13         MR. GOROKHOVSKY: Hold on. Hold on a second. Hold
14 on.
15         THE CLERK: Certainly.
16         MR. GOROKHOVSKY: It is perfect for me.
17         THE COURT: Did that date --
18         MR. GOROKHOVSKY: I can do that, yes.
19         THE COURT: That date does not work for you?
20         MR. GOROKHOVSKY: No, no. It's perfect for me.
21         THE COURT: Okay.
22         MR. GOROKHOVSKY: I can do that, yes.
23         THE COURT: Okay. I will check in with you then. Is
24 there anything else we need to cover?
25         MR. DOWLING: One thing, Your Honor. With regard to

Case: 1:16-cv-03373 Document #: 49-1 Filed: 04/18/17 Page 7 of 8 PageID #:578
Case: 1:16-cv-03373 Document #: 31 Filed: 09/13/16 Page 7 of 8 PageID #:429

7

1  your order on the motion to dismiss, what claims are remaining?
2  Just Count I, the individual claim, and Count I, the class
3  action claim?
4         THE COURT:  Correct.  And that the entirety of the
5  complaint is understood as a class action Montreal Convention
6  claim for economic damages.
7         MR. DOWLING:  Thank you, Your Honor.  That's all.
8         THE COURT:  Thank you.
9         MR. GOROKHOVSKY:  Thank you, Judge.
10    (Proceedings concluded.)

|    |                                                                                  |
|----|----------------------------------------------------------------------------------|
| 1  | C E R T I F I C A T E                                                            |
| 5  | I, Colleen M. Conway, do hereby certify that the                                 |
| 6  | foregoing is a complete, true, and accurate transcript of the                    |
| 7  | proceedings had in the above-entitled case before the                            |
| 8  | HONORABLE MANISH S. SHAH, one of the Judges of said Court, at                    |
| 9  | Chicago, Illinois, on September 7, 2016.                                         |
| 12 | /s/ Colleen M. Conway, CSR,RMR,CRR          09/13/16                             |
| 13 | Official Court Reporter                     Date                                 |
| 14 | United States District Court<br>Northern District of Illinois                    |
| 15 | Eastern Division                                                                 |

Colleen M. Conway, Official Court Reporter