

# Gorokhovsky Law Office, LLC  *Attorneys at Law*

10919 North Hedgewood Ln.
Mequon, Wisconsin 53092
Telephone: (414)-581-1582
Facsimile: (414)-351-1155

Vladimir M. Gorokhovsky, LL.M.      gorlawoffice@yahoo.com
Attorney and Counselor at Law        Writer's Direct Line: (414)-218-1870

February 24, 2017

### Pre-Suit Notice of Claim and for Settlement Pursuant to Article 22(6) of the Montreal Convention, 49 U.S.C. § 40105, *et. seq.*

Office of the President & CEO
FRONTIER AIRLINES INC
7001 Tower Road,
Denver, Colorado 80249

Brian T. Maye, Esq.
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Main: (312) 345-0700
Direct: (312) 422-5713
Mobile: (312) 286-5117
Facsimile: (312) 345-9860          *Copy: Via U.S. Mail With Certificate of Mailing*

RE:  - service of Notice of Legal Representation of ANNA CHIMANSKI and ILANA CHIMANSKI;
- service of Notice of Claim pursuant to the Article 17 of the Warsaw Convention and Articles 19 and 22(1) of Montreal Convention, 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*) against FRONTIER AIRLINES for damages caused by delay in international carriage of passengers on December 19, 2016, flight No. 81 from Punta Cana, Dominican Republic to Chicago, Illinois, USA;
- pre-suit settlement demand for compensatory damages in the sum of $13,154.82 for two (2) passengers.

Dear Sir or Madam,

Please be advised that the undersigned counsel is retained by ANNA CHIMANSKI and ILANA CHIMANSKI to pursue their claims for delay and or cancellation of timely departure of international air flight No. 81 on 12-19-16 from Punta Cana, Dominican Republic to Chicago, Illinois, USA against FRONTIER AIRLINES INC pursuant to Article 19 of Montreal Convention for the Unification of Certain Rules

EXHIBIT D

**Notice of Claim and Demand for Settlement Pursuant to Article 22(6) of Montreal Convention**
**Frontier Airlines**
**February 24, 2017**
**Page 2 of 4**

for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45. Accordingly, we are respectfully demanding that all notices and other papers in this matter be served on the undersigned attorney at his law office at: **10919 N. Hedgewood Ln., Mequon, WI 53092**. Please further notice that the document titled "Authorization of Attorney Appearance" is appended herewith marked as Exhibit A, incorporated by reference and made a part of this entire Notice of Claim.

Pursuant to Article 22(6) of the Montreal Convention, and in accordance with specific remedy set forth in the Article 19 the Montreal Convention, you are hereby duly served with formal Notice of Claim against FRONTIER AIRLINES, jointly and severally, for damages caused by actionable breach of transportation agreement and delay on December 19, 2016 of international airfare transportation flight No. 81 from Punta Cana, Dominican Republic to Chicago, Illinois, USA. Concomitantly, you are hereby served with this pre-suit Settlement Demand for actual, general, incidental and consequential damages in the sum of $13,154.82. This claim is based on the following factual and legal basis:

First, please notice that all operative facts are plead and alleged in the Complaint at Law, the tentative draft of which is appended herewith marked as Exhibit B. Secondly, as a foreseeable, direct and proximate result of the above identified delay of international airfare and subsequent breach of international transportation agreement resulted from 24 hours of delayed departure of international air flight No. 81 from PuntaCana, Dominican Republic to Chicago, Illinois on December 19, 2016, our Clients were subjected to actual, general, special, incidental and consequential pecuniary damages, including but not limited to loss of wages, loss of vacation time, travel cancellation expenses, loss of benefit of their contractual bargain, indifferent treatment, inconvenience, physical pain, suffering, discomfort, exhaustion, loss of time, delay, anxiety, frustration, uncertainty, loss of use of their pecuniary benefits, and other compensable legal damages, losses and injuries. Cf, Exhibits A –B *with* Lopez v. Eastern Airlines, Inc., 677 F.Supp.181 (holding that inconvenience, delay and uncertainty are compensable injuries even in absence of out-of pocket costs) *also see* Ben Daniel v. Virgin Atlantic Airways, 59 F.Supp.2d 986 (N.D. Cal. 1998)(holding that passengers' inconvenience is legally cognizable harm under Articles 17 and 19 of Warsaw Convention) *also see* Warsaw Convention, Art. 17, 19; 49 U.S.C.A. § 40105 *and* 14 C.F.R. §§ 250.4-250.6 *also see* Charas v. Trans World Airlines, Inc. 160 F.3d 1259, C.A.9 (Cal.),1998 (holding that Airline Deregulation Act (ADA) does not preempt passengers' breach of contract claims) *see also* American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).

**Notice of Claim and Demand for Settlement Pursuant to Article 22(6) of Montreal Convention**
**Frontier Airlines**
**February 24, 2017**
**Page 3 of 4**

Legally, you are aware or presumed to be aware that under the Article 19 of Montreal Convention, a common carrier is strictly liable subject to a few applicable defenses for all legally cognizable damages caused by delay in international carriage of passengers. See, Multilateral Convention for International Carriage by Air, Montreal May 28, 1999., S. Treaty Doc. No. 106-45. Applying the above-identified legal framework to particular facts of this case, it is obvious that our Clients are entitled to pecuniary compensation for delay in their international airfare transportation in excess of 24 hours and for money damages for violation of Article 19 perpetrated by FRONTIER AIRLINES INC on or about December 19, 2016. See, Exhibit B: Tentative Draft of Complaint at Law, pp. 1-16. It is also evident that, being denied of all benefits under the Agreement for International Carriage, our Clients were subjected to breach of international airfare transportation agreement, loss of vacation time, suffered physical inconvenience, exhaustion, inconvenience, loss of benefit of their bargain, spoliation of client's memorable vacation, and were otherwise subjected to actual, general, special, incidental and consequential damages, which were directly and proximately caused by delay of departure of international airfare flight No. 81 and subsequent cancellation of said flight as operated by FRONTIER AIRLINES on 12-19-2016 from PuntaCana, Dominican Republic to Chicago, Illinois, USA. Cf. Exhibit B: Tentative Draft of Complaint at Law, pp. 1-16 with Kupferman v. Pakistan International Airlines, 108 Misc. 2d 485, 438 N.Y.S.2d 189 (holding that the law has evolved a liberal rule of damages where a customer has been subjected to humiliating indifference and has been accorded treatment inferior to the class of treatment that he had bargained for).

Because FRONTIER AIRLINES INC is liable to our Clients for delay and cancellation of international airfare pursuant to Art 19 of the Montreal Convention, and based on all the above-stated facts and controlling legal postulates promulgated in Articles 19 and 22 of the Montreal Convention, 49 USCA § 40105 *et. seq.*, our Clients are hereby asserting legal claim against FRONTIER AIRLINES for any and all actual, general, special, compensatory, incidental and consequential damages, directly and proximately caused by delay and or cancellation of the above-referenced international airfare flight No. 81 on December 19, 2016 from PuntaCana, Dominican Republic to Chicago, Illinois, USA. *Cf.* Exhibit B: Tentative Draft of Complaint at Law, pp. 1-16 *with* Ehrlich v. American Airlines, Inc., 360 F.3d 366, C.A.2 (N.Y.), 2004 (holding that the Montreal Convention is not an amendment to the Warsaw Convention, rather, the Montreal Convention is an entirely new treaty that unifies and replaces the system of liability that derives from the Warsaw Convention)(also holding that upon entry into force, the Montreal Convention will take precedence over the Warsaw Convention and any of its amendments and related instruments, and as a practical matter will supersede the private inter-carrier agreements, when the State or States relevant in a particular accident are party to the new Convention).

Therefore, pursuant to Article 22(1) and 22(6) our Clients are hereby respectfully demanding pecuniary pre-suit compensation in the above-identified amount.

**Notice of Claim and Demand for Settlement Pursuant to Article 22(6) of Montreal Convention**
**Frontier Airlines**
**February 24, 2017**
**Page 4 of 4**

Cf. Exhibit B: Tentative Draft of Complaint at Law, pp. 1-16 *with* Kupferman v. Pakistan International Airlines, 108 Misc. 2d at 485. Furthermore, pursuant to Article 22(6) of Montreal Convention, we are strongly urging you to contact the undersigned attorney at the above-identified telephone number to discuss full and comprehensive settlement of this claim within a statutory period of time set forth in the Article 22(6) of the Montréal Convention. This period of time shall begin on the day of the service of this notice upon your office. Importantly, please be unequivocally assured that if the undersigned attorney will not be contacted within the above-specified time, we will not hesitate to invoke and to pursue all available statutory remedies on behalf of our Clients against FRONTIER AIRLINES in a court of competent jurisdiction. Finally, please note that this Notice of Claim and Pre-Suit Settlement demand shall trigger a specific operation of law as set forth in Article 22(6) of Montreal Convention.

                                          Respectfully submitted by
                                          GOROKHOVSKY LAW OFFICE, LLC
                                          Attorney for Claimants

BY: _____
                                          /s/Vladimir M. Gorokhovsky, LL.M.

VMG/ps
Enclosures: Exhibits A - B
cc: Clients

I CERTIFY THAT ON ____3/1/____ 2017
I SERVED THIS DOCUMENT VIA FACSIMILE
480-693-2300 AND VIA THE U.S. MAIL PURSUANT
TO THE ARTICLES 19, 22(1) AND 22(6) OF THE
MONTREAL CONVENTION, 49 U.S.C.A.App. § 1502
and 49 USCA § 40105, *et. seq.*

TO:  Office of the President & CEO
       FRONTIER AIRLINES INC
       7001 Tower Road,
       Denver, Colorado 80249

       Brian T. Maye, Esq.
       ADLER MURPHY & McQUILLEN LLP
       20 S. Clark Street, Suite 2500
       Chicago, Illinois 60603

BY: _____
       /s/ Vladimir M. Gorokhvsky, LL.M.
       Attorney and Counselor at Law